1  Neal R. Marder (SBN: 126879)
   nmarder@winston.com
2  Kyle R. Gehrmann (SBN: 212032)
   kgehrmann@winston.com
3  WINSTON & STRAWN LLP
   333 South Grand Avenue
4  Los Angeles, CA 90071-1543
   Telephone:    213-615-1700
5  Facsimile:    213-615-1750

6  Attorneys for Defendants
   MEDQUIST INC. and
7  MEDQUIST TRANSCRIPTIONS, LTD.

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10              **SAN FRANCISCO DIVISION**

11

12

13  KAISER FOUNDATION HEALTH PLAN,        )  **Case No. C 08-03245 JCS**
    INC., KAISER FOUNDATION HOSPITALS,    )
    THE PERMANENTE MEDICAL GROUP,         )  **CERTIFICATE OF SERVICE OF**
14  INC., SOUTHERN CALIFORNIA             )  **REMOVAL DOCUMENTS FILED WITH**
    PERMANENTE MEDICAL GROUP, KAISER      )  **SUPERIOR COURT AND RELATED**
15  FOUNDATION HEALTH PLAN OF THE         )  **DOCUMENTS**
    MID-ATLANTIC STATES, INC., and        )
16  KAISER FOUNDATION HEALTH PLAN OF      )
    COLORADO                              )
17                                        )
                                          )
18              Plaintiffs,               )
                                          )
19         v.                             )
                                          )
20  MEDQUIST INC. and MEDQUIST            )
    TRANSCRIPTIONS, LTD.                  )
21                                        )
              Defendants.                 )
22  _____)

23  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

24              PLEASE TAKE NOTICE that on July 7, 2008, Defendants MedQuist Inc. and

25  MedQuist Transcriptions, Ltd. ("MedQuist"), filed with the Superior Court of the State of California

26  for the County of Alameda and served on the Plaintiffs in this action the Notice to the Clerk of the

27  Superior Court of Removal of Civil Action to Federal Court by Defendants. A true and correct copy

28  of the aforementioned notice is attached hereto as Exhibit 1, and its Proof of Service is attached

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

hereto as Exhibit 3.

Also on July 7, 2008, MedQuist filed with the Superior Court of the State of California for the County of Alameda and served on Plaintiffs in this action the Notice to Adverse Party of Removal to Federal Court. A true and correct copy of the aforementioned notice is attached hereto as Exhibit 2, and its Proof of Service is attached hereto as Exhibit 3.

In addition, MedQuist also served on Plaintiffs on July 8, 2008 the following documents that were returned by the Clerk upon filing the Notice of Removal:

(1) Order Setting Initial Case Management Conference and ADR Deadlines;

(2) Civil Standing Orders for Magistrate Judge Joseph C. Spero;

(3) Standing Order Re: Case Management Conference;

(4) Standing Order For All Judges of The Northern District of California

(5) Notice of Rule Discontinuing Service By Mail

(6) Welcome to the U.S. District Court, San Francisco;

(7) U.S. District Court Northern District ECF Registration Information Handout;

(8) Notice of Assignment of Case to a U.S. Magistrate Judge for Trial.

True and correct copies of the aforementioned documents are attached hereto as Exhibit 4.

Dated: July 14, 2008                          WINSTON & STRAWN LLP


                                              /s/ Kyle R. Gehrmann
                                              Neal R. Marder
                                              Kyle R. Gehrmann
                                              Attorneys for Defendants
                                              MEDQUIST INC. and
                                              MEDQUIST TRANSCRIPTIONS, LTD.

LA:217930.1

**EXHIBIT 1**

1 | Neal R. Marder (SBN: 126879)
nmarder@winston.com
2 | Stephen R. Smerek (SBN: 208343)
ssmerek@winston.com
3 | WINSTON & STRAWN LLP
333 South Grand Avenue
4 | Los Angeles, CA 90071-1543
Telephone:    213-615-1700
5 | Facsimile:    213-615-1750

6 | Attorneys for Defendants
MEDQUIST INC. AND
7 | MEDQUIST TRANSCRIPTIONS, LTD.

ENDORSED
FILED
ALAMEDA COUNTY

JUL 0 7 2008

CLERK OF THE SUPERIOR COURT

By ——— M. Hayes
Deputy

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF ALAMEDA**

10 |

11 |

12 | KAISER FOUNDATION HEALTH PLAN,
INC., KAISER FOUNDATION HOSPITALS,
13 | THE PERMANENTE MEDICAL GROUP,
INC., SOUTHERN CALIFORNIA
14 | PERMANENTE MEDICAL GROUP, KAISER
FOUNDATION HEALTH PLAN OF THE
15 | MID-ATLANTIC STATES, INC., and
KAISER FOUNDATION HEALTH PLAN OF
16 | COLORADO

17 |         Plaintiffs,

18 |     v.

19 | MEDQUIST INC. and MEDQUIST
TRANSCRIPTIONS, LTD.

20 |         Defendants.

Case No. 08391487

ASSIGNED FOR ALL PURPOSES TO:
JUDGE LAWRENCE JOHN APPEL
DEPARTMENT 16

**NOTICE TO CLERK OF THE SUPERIOR
COURT OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT BY
DEFENDANTS**

Complaint Filed: June 6, 2008

21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

*Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543*

**VIA FAX**

1

NOTICE TO CLERK OF REMOVAL

1  TO THE CLERK OF THE ALAMEDA COUNTY SUPERIOR COURT:

2         PLEASE TAKE NOTICE that on July 3, 2008, defendants MedQuist Inc., and

3  MedQuist Transcriptions, Ltd. removed this action from the Superior Court for the County of

4  Alameda to the United States District Court for the Northern District of California, Oakland

5  Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446. A true and correct copy of the Notice of

6  Removal filed with the District Court is attached hereto as Exhibit "A." Pursuant to 28 U.S.C.

7  § 1446(d), this Court "shall proceed no further unless case is remanded."

8

9  Dated: July 3, 2008                          WINSTON & STRAWN LLP

10

11

12

13  Neal Marder /KRG

14  Neal R. Marder
    Stephen R. Smerek

15  Attorneys for Defendants
    MEDQUIST INC and

16  MEDQUIST TRANSCRIPTIONS, LTD.

17  s

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543





COPY

VIA FAX

Neal R. Marder (SBN: 126879)
nmarder@winston.com
Kyle R. Gehrmann (SBN: 212032)
kgehrmann@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone:   213-615-1700
Facsimile:   213-615-1750

*E-filing*

ORIGINAL
F I L E D

JUL - 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Attorneys for Defendants
MEDQUIST INC. and
MEDQUIST TRANSCRIPTIONS, LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

KAISER FOUNDATION HEALTH PLAN, )
INC., KAISER FOUNDATION HOSPITALS, )
THE PERMANENTE MEDICAL GROUP, )
INC., SOUTHERN CALIFORNIA )
PERMANENTE MEDICAL GROUP, KAISER )
FOUNDATION HEALTH PLAN OF THE )
MID-ATLANTIC STATES, INC., and )
KAISER FOUNDATION HEALTH PLAN OF )
COLORADO )

CO8-03245  JCS

(Case No. )

**DEFENDANTS' NOTICE OF REMOVAL
OF ACTION UNDER 28 U.S.C. § 1441(b)
(DIVERSITY)**

AD

        Plaintiffs, )

        v. )

MEDQUIST INC. and MEDQUIST )
TRANSCRIPTIONS, LTD. )

        Defendants. )

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT AND

COUNSEL OF RECORD FOR ALL PARTIES:

        PLEASE TAKE NOTICE that defendants MedQuist Inc. and MedQuist

Transcriptions, Ltd (collectively, "Defendants") hereby remove this action from the California

Superior Court for the County of Alameda to the United States District Court for the Northern

District of California, Oakland Division, pursuant to 28 U.S.C. §§1441(b) and 1446. The

1    Defendants' removal of this matter is based on the grounds set forth below, and this Notice of

2    Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### I.

### PROCEDURAL HISTORY AND BACKGROUND

**A.    The State Court Action**

6        1.    On or about June 6, 2008, an action was commenced in the Superior Court of

7    the State of California in and for the County of Alameda by plaintiffs Kaiser Foundation Health

8    Plan, Inc., Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., Southern California

9    Permanente Medical Group, Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., and

10   Kaiser Foundation Health Plan of Colorado (collectively, "Plaintiffs"), entitled <u>Kaiser Foundation

11   Health Plan, Inc., Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., Southern

12   California Permanente Medical Group, Kaiser Foundation Health Plan of the Mid-Atlantic States,

13   Inc., and Kaiser Foundation Health Plan of Colorado, Plaintiffs vs. MedQuist, Inc. and MedQuist

14   Transcriptions, Ltd., Defendants</u>, as Case Number. 08391487 (the "Kaiser Litigation). A true and

15   correct copy of the Complaint is attached as Exhibit A.

16       2.    Plaintiffs' Complaint purports to raise claims for common law fraud, violation

17   of California Business & Professions Code, Section 17200 et seq., breach of contract, demand for

18   accounting, and unjust enrichment. <u>See</u> Complaint ¶¶ 26-48. Its allegations primarily relate to

19   Defendants' billing practices for medical transcription services provided to Plaintiffs. <u>See</u> Complaint

20   ¶¶ 11-12. Plaintiffs are seeking, *inter alia*, damages for their alleged losses as a result of purportedly

21   fraudulent billing practices.

**B.    The Parties**

23       3.    Plaintiff Kaiser Foundation Health Plan, Inc. is a California corporation

24   created under the laws of California and thus a California citizen both now and at the time the

25   Complaint was filed. <u>See</u> Complaint ¶ 1. This corporation is and was also a citizen of California

26   because its primary place of business is located in California. <u>Id.</u>

27       4.    Plaintiff Kaiser Foundation Hospitals is a California corporation created under

28   the laws of California and thus a California citizen both now and at the time the complaint was filed.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

See Complaint ¶ 2. This corporation is and was also a citizen of California because its primary place of business is located in California. Id.

5.    Plaintiff The Permanente Medical Group, Inc. is a California corporation created under the laws of California and thus a California citizen both now and at the time the complaint was filed. See Complaint ¶ 3. This corporation is and was also a citizen of California because its primary place of business is located in California. Id.

6.    Plaintiff Southern California Permanente Medical Group is a California partnership created under the laws of California and thus a California citizen both now and at the time the complaint was filed. See Complaint ¶ 4. This partnership is and was also a citizen of California because its primary place of business is located in California. Id.

7.    Plaintiff Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. is a Maryland corporation created under the laws of Maryland and thus a Maryland citizen both now and at the time the Complaint was filed. See Complaint ¶ 5. This corporation is and was also a citizen of Maryland because its primary place of business is located in Maryland. Id.

8.    Plaintiff Kaiser Foundation Health Plan of Colorado is a Colorado corporation created under the laws of Colorado and thus a Colorado citizen both now and at the time the Complaint was filed. See Complaint ¶ 6. This corporation is and was also a citizen of California because its primary place of business is located in California. Id.

9.    Defendants MedQuist, Inc. and MedQuist Transcriptions, Ltd., both presently and at the time of the filing of the Complaint, have been and are citizens of New Jersey. Defendants are both corporations created under the laws of New Jersey. See Complaint ¶¶ 8-9. Defendants are also citizens of New Jersey because their primary places of business are located in New Jersey. Defendants are not citizens of California.

10.    Thus, Plaintiffs, at all times relevant herein, have been citizens of California, Maryland, and Colorado. Defendants, at all times relevant herein, have been citizens of New Jersey. Hence, complete diversity of citizenship exists in accordance with 28 U.S.C. § 1332(a).

**C.    Amount in Controversy**

11.    Plaintiffs' Complaint alleges in its third cause of action that it has suffered an

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

3

1   amount it believes to exceed seven million dollars ($7,000,000). See Complaint ¶ 40. Accordingly,

2   Plaintiffs' Complaint alleges an amount in controversy, exclusive of interest and costs, in excess of

3   $75,000 and, therefore, exceeds the jurisdictional amount of $75,000 required under 28 U.S.C. §

4   1332(a).

## II.

## BASIS FOR JURISDICTION

12.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332. The action is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of seven million dollars ($7,000,000), exclusive of interest and costs.

13.   Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because the Litigation currently is pending in the county embracing this division, although Defendants reserve the right to contest venue and/or jurisdiction at a later time.

14.   Removal to this judicial division is proper under 28 U.S.C. § 1441(a) because the Kaiser Litigation currently is pending in the county embracing this division, although Defendants reserve the right to contest venue and/or jurisdiction at a later time.

15.   Defendants acknowledged acceptance of service a copy of the Complaint and a summons from the said state court on July 1, 2008. A true and correct copy of the executed notice of acknowledgment and receipt is attached hereto as Exhibit B. This Notice is therefore timely filed with this Court within 30 days after such service, in accordance with 28 U.S.C. § 1446.

16.   Each of the defendants consent to and join in this removal.

17.   As required by 26 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiffs' attorneys of record, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of Alameda.

## III.

## STATE COURT PROCESS, PLEADINGS, AND ORDERS

18.   Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as Exhibit C true

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

4

DEFENDANTS' NOTICE OF REMOVAL

1  and correct copies of the Summons, the state court Civil Case Cover Sheet, Notice of Related Case,

2  Notice of Judicial Assignment for All Purposes, Alternate Dispute Resolution Information Package,

3  Notice of Case Management Conference and Order, and Notice of Acknowledgment of Receipt.

4  Attached as Exhibit D are true and correct copies of papers relating to plaintiffs' counsels' *pro hac*

5  *vice* applications. These are the only pleadings, process, or orders in the State Court's file that have

6  been served on Defendants up to the date of filing this Notice of Removal.

7

8                                        Respectfully submitted,

9  Dated: July 3, 2008                   WINSTON & STRAWN LLP

10

11

12        _Neal Marder / KRG_
          Neal R. Marder

13        Kyle R. Gehrmann
          Attorneys for Defendants

14        MEDQUIST INC. and
          MEDQUIST TRANSCRIPTIONS, LTD.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

5

PROOF OF SERVICE

STATE OF CALIFORNIA   )
                              )   ss
COUNTY OF LOS        )
ANGELES

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn, 333 South Grand Avenue, 38th Floor, Los Angeles, CA 90071-1543. On **July 3, 2008**, I caused to be served the within document(s):

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

☐    I sent such document(s) by electronic mail on **July 3, 2008**, to the addresses set forth below.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐    On **July 3, 2008**, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

☐    by causing the document(s) listed above to be delivered via overnight delivery (United Parcel Service (UPS) to the person(s) at the address(es) set forth below or via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

☐    by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

SEE ATTACHED SERVICE LIST

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

     I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

     Executed on **July 3, 2008**, at Los Angeles, California.

                                       Deborah A. Jones

2

LA:217169.1A

1

<u>SERVICE LIST</u>

2
Mark L. Hogge, Esq. (to be admitted Pro Hac Vice)
Eve Triffo, Esq.
3
Ronald W. Kleinman (to be admitted Pro Hac Vice)
C. Allen Foster (to be admitted Pro Hac Vice)
4
**GREENBERG TRAURIG, LLP**
2101 L Street, N.W., Suite 1000
5
Washington, DC  20036
Phone:  (202) 331-3100
6
Fax:  (202) 331-3101

7

8
David Perez, Esq.
**GREENBERG TRAURIG, LLP**
1900 University Avenue, 5th Floor
9
East Palo Alto, CA  94303
Phone:  (650) 328-8500
10
Fax:  (650) 328-8508

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA:217169.1A

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn, 333 South Grand Avenue, 38th Floor, Los Angeles, CA 90071-1543. On **July 7, 2008**, I caused to be served the within document(s):

**NOTICE TO CLERK OF THE SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANTS**

☐ I sent such document(s) by electronic mail on **July 7, 2008**, to the addresses set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐ On **July 7, 2008**, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

☐ by causing the document(s) listed above to be delivered via overnight delivery (United Parcel Service (UPS) to the person(s) at the address(es) set forth below or via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

☐ by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

Executed on **July 7, 2008**, at Los Angeles, California.

_Deborah A. Jones_
Deborah A. Jones

1

LA:217152.1

1

## SERVICE LIST

2 Mark L. Hogge, Esq. (to be admitted Pro Hac Vice)
Eve Triffo, Esq.
3 Ronald W. Kleinman (to be admitted Pro Hac Vice)
C. Allen Foster (to be admitted Pro Hac Vice)
4 **GREENBERG TRAURIG, LLP**
2101 L Street, N.W., Suite 1000
5 Washington, DC  20036
Phone:  (202) 331-3100
6 Fax:  (202) 331-3101

7

David Perez, Esq.
8 **GREENBERG TRAURIG, LLP**
1900 University Avenue, 5th Floor
9 East Palo Alto, CA  94303
Phone:  (650) 328-8500
10 Fax:  (650) 328-8508

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

**EXHIBIT 2**

1  Neal R. Marder (SBN: 126879)
   nmarder@winston.com
2  Stephen R. Smerek (SBN: 208343)
   ssmerek@winston.com
3  WINSTON & STRAWN LLP
   333 South Grand Avenue
4  Los Angeles, CA 90071-1543
   Telephone:    213-615-1700
5  Facsimile:    213-615-1750

6  Attorneys for Defendants
   MEDQUIST INC. and
7  MEDQUIST TRANSCRIPTIONS, LTD.

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

JUL 0 7 2008

CLERK OF THE SUPERIOR COURT

By ———M. Hayes———
                        **Deputy**

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **FOR THE COUNTY OF ALAMEDA**

11

12  KAISER FOUNDATION HEALTH PLAN,   )   Case No. 08391487
    INC., KAISER FOUNDATION HOSPITALS, )
13  THE PERMANENTE MEDICAL GROUP,    )   ASSIGNED FOR ALL PURPOSES TO:
    INC., SOUTHERN CALIFORNIA        )   JUDGE LAWRENCE JOHN APPEL
14  PERMANENTE MEDICAL GROUP, KAISER )   DEPARTMENT 16
    FOUNDATION HEALTH PLAN OF THE    )
15  MID-ATLANTIC STATES, INC., and   )   **NOTICE TO ADVERSE PARTY OF**
    KAISER FOUNDATION HEALTH PLAN OF )   **REMOVAL TO FEDERAL COURT**
16  COLORADO                         )
                                     )
17          Plaintiffs,              )
                                     )
18      v.                           )   Complaint Filed: June 6, 2008
                                     )
19  MEDQUIST INC. and MEDQUIST       )
    TRANSCRIPTIONS, LTD.             )
20                                   )
            Defendants.              )
21                                   )

22

23

24

25

26

27

28

                              1

*Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543*

COPY

VIA FAX

1   TO COUNSEL FOR ALL PARTIES OF RECORD:

2       PLEASE TAKE NOTICE that on July 3, 2008, defendants MedQuist Inc., and

3   MedQuist Transcriptions, Ltd. removed this action from the Superior Court for the County of

4   Alameda to the United States District Court for the Northern District of California, Oakland

5   Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446. A true and correct copy of the Notice of

6   Removal filed with the District Court is attached hereto as Exhibit "A."

7

8   Dated: July 3, 2008            WINSTON & STRAWN LLP

9

10

11

12           *Neal Marder /YRS*
          Neal R. Marder

13           Stephen R. Smerek
          Attorneys for Defendants

14           MEDQUIST INC and
          MEDQUIST TRANSCRIPTIONS, LTD.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

2

# EXHIBIT A



Neal R. Marder (SBN: 126879)
nmarder@winston.com
Kyle R. Gehrmann (SBN: 212032)
kgehrmann@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone:    213-615-1700
Facsimile:    213-615-1750

Attorneys for Defendants
MEDQUIST INC. and
MEDQUIST TRANSCRIPTIONS, LTD.

E-filing

ORIGINAL
FILED

JUL - 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

COPY

VIA FAX

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles CA 90071-1543

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, THE PERMANENTE MEDICAL GROUP, INC., SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC., and KAISER FOUNDATION HEALTH PLAN OF COLORADO

Plaintiffs,

v.

MEDQUIST INC. and MEDQUIST TRANSCRIPTIONS, LTD.

Defendants.

C08-03245    JCS

AD

Case No.

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT AND COUNSEL OF RECORD FOR ALL PARTIES:

PLEASE TAKE NOTICE that defendants MedQuist Inc. and MedQuist Transcriptions, Ltd (collectively, "Defendants") hereby remove this action from the California Superior Court for the County of Alameda to the United States District Court for the Northern District of California, Oakland Division, pursuant to 28 U.S.C. §§1441(b) and 1446. The

1  Defendants' removal of this matter is based on the grounds set forth below, and this Notice of

2  Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**I.**

## PROCEDURAL HISTORY AND BACKGROUND

**A.    The State Court Action**

6    1.    On or about June 6, 2008, an action was commenced in the Superior Court of

the State of California in and for the County of Alameda by plaintiffs Kaiser Foundation Health

Plan, Inc., Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., Southern California

Permanente Medical Group, Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., and

Kaiser Foundation Health Plan of Colorado (collectively, "Plaintiffs"), entitled <u>Kaiser Foundation</u>

<u>Health Plan, Inc., Kaiser Foundation Hospitals, The Permanente Medical Group, Inc., Southern</u>

<u>California Permanente Medical Group, Kaiser Foundation Health Plan of the Mid-Atlantic States,</u>

<u>Inc., and Kaiser Foundation Health Plan of Colorado, Plaintiffs vs. MedQuist, Inc. and MedQuist</u>

<u>Transcriptions, Ltd., Defendants</u>, as Case Number. 08391487 (the "Kaiser Litigation). A true and

correct copy of the Complaint is attached as Exhibit A.

16    2.    Plaintiffs' Complaint purports to raise claims for common law fraud, violation

of California Business & Professions Code, Section 17200 et seq., breach of contract, demand for

accounting, and unjust enrichment. <u>See</u> Complaint ¶¶ 26-48. Its allegations primarily relate to

Defendants' billing practices for medical transcription services provided to Plaintiffs. <u>See</u> Complaint

¶¶ 11-12. Plaintiffs are seeking, *inter alia*, damages for their alleged losses as a result of purportedly

fraudulent billing practices.

**B.    The Parties**

23    3.    Plaintiff Kaiser Foundation Health Plan, Inc. is a California corporation

created under the laws of California and thus a California citizen both now and at the time the

Complaint was filed. <u>See</u> Complaint ¶ 1. This corporation is and was also a citizen of California

because its primary place of business is located in California. <u>Id.</u>

27    4.    Plaintiff Kaiser Foundation Hospitals is a California corporation created under

the laws of California and thus a California citizen both now and at the time the complaint was filed.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1   See Complaint ¶ 2. This corporation is and was also a citizen of California because its primary place

2   of business is located in California. Id.

3        5.    Plaintiff The Permanente Medical Group, Inc. is a California corporation

4   created under the laws of California and thus a California citizen both now and at the time the

5   complaint was filed. See Complaint ¶ 3. This corporation is and was also a citizen of California

6   because its primary place of business is located in California. Id.

7        6.    Plaintiff Southern California Permanente Medical Group is a California

8   partnership created under the laws of California and thus a California citizen both now and at the

9   time the complaint was filed. See Complaint ¶ 4. This partnership is and was also a citizen of

10   California because its primary place of business is located in California. Id.

11        7.    Plaintiff Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. is a

12   Maryland corporation created under the laws of Maryland and thus a Maryland citizen both now and

13   at the time the Complaint was filed. See Complaint ¶ 5. This corporation is and was also a citizen of

14   Maryland because its primary place of business is located in Maryland. Id.

15        8.    Plaintiff Kaiser Foundation Health Plan of Colorado is a Colorado corporation

16   created under the laws of Colorado and thus a Colorado citizen both now and at the time the

17   Complaint was filed. See Complaint ¶ 6. This corporation is and was also a citizen of California

18   because its primary place of business is located in California. Id.

19        9.    Defendants MedQuist, Inc. and MedQuist Transcriptions, Ltd., both presently

20   and at the time of the filing of the Complaint, have been and are citizens of New Jersey. Defendants

21   are both corporations created under the laws of New Jersey. See Complaint ¶¶ 8-9. Defendants are

22   also citizens of New Jersey because their primary places of business are located in New Jersey.

23   Defendants are not citizens of California.

24        10.    Thus, Plaintiffs, at all times relevant herein, have been citizens of California,

25   Maryland, and Colorado. Defendants, at all times relevant herein, have been citizens of New Jersey.

26   Hence, complete diversity of citizenship exists in accordance with 28 U.S.C. § 1332(a).

27   **C.**    **Amount in Controversy**

28        11.    Plaintiffs' Complaint alleges in its third cause of action that it has suffered an

1   amount it believes to exceed seven million dollars ($7,000,000). See Complaint ¶ 40. Accordingly,

2   Plaintiffs' Complaint alleges an amount in controversy, exclusive of interest and costs, in excess of

3   $75,000 and, therefore, exceeds the jurisdictional amount of $75,000 required under 28 U.S.C. §

4   1332(a).

## II.

## BASIS FOR JURISDICTION

7        12.    This action is a civil action of which this Court has original jurisdiction under

8   28 U.S.C. § 1332. The action is one which may be removed to this Court pursuant to the provisions

9   of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states, and the amount

10  in controversy exceeds the sum of seven million dollars ($7,000,000), exclusive of interest and costs.

11       13.    Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because

12  the Litigation currently is pending in the county embracing this division, although Defendants

13  reserve the right to contest venue and/or jurisdiction at a later time.

14       14.    Removal to this judicial division is proper under 28 U.S.C. § 1441(a) because

15  the Kaiser Litigation currently is pending in the county embracing this division, although Defendants

16  reserve the right to contest venue and/or jurisdiction at a later time.

17       15.    Defendants acknowledged acceptance of service a copy of the Complaint and

18  a summons from the said state court on July 1, 2008. A true and correct copy of the executed notice

19  of acknowledgment and receipt is attached hereto as Exhibit B. This Notice is therefore timely filed

20  with this Court within 30 days after such service, in accordance with 28 U.S.C. § 1446.

21       16.    Each of the defendants consent to and join in this removal.

22       17.    As required by 26 U.S.C. § 1446(d), Defendants will provide written notice of

23  the filing of this Notice of Removal to Plaintiffs' attorneys of record, and will promptly file a copy

24  of this Notice of Removal with the Clerk of the Superior Court of the State of California in and for

25  the County of Alameda.

## III.

## STATE COURT PROCESS, PLEADINGS, AND ORDERS

28       18.    Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as Exhibit C true

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    and correct copies of the Summons, the state court Civil Case Cover Sheet, Notice of Related Case,

2    Notice of Judicial Assignment for All Purposes, Alternate Dispute Resolution Information Package,

3    Notice of Case Management Conference and Order, and Notice of Acknowledgment of Receipt.

4    Attached as Exhibit D are true and correct copies of papers relating to plaintiffs' counsels' *pro hac*

5    *vice* applications. These are the only pleadings, process, or orders in the State Court's file that have

6    been served on Defendants up to the date of filing this Notice of Removal.

7

8                                 Respectfully submitted,

9    Dated: July 3, 2008                 WINSTON & STRAWN LLP

10

11

12                             *Neal Marder /KRG*

13                             Neal R. Marder
                              Kyle R. Gehrmann

14                             Attorneys for Defendants
                              MEDQUIST INC. and

15                             MEDQUIST TRANSCRIPTIONS, LTD.

16

17

18

19

20

21

22

23

24

25

26

27

28

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

DEFENDANTS' NOTICE OF REMOVAL

1

PROOF OF SERVICE

2   STATE OF CALIFORNIA    )
                           )    ss
3   COUNTY OF LOS          )
    ANGELES

4

5       I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn, 333 South Grand Avenue, 38th Floor, Los Angeles, CA 90071-1543. On **July 3, 2008**, I caused to be served the within document(s):

6

7   **DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

8

9   ☐    I sent such document(s) by electronic mail on **July 3, 2008**, to the addresses set forth below.

10  ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

11  ☐    On **July 3, 2008**, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

12

13  ☐    by causing the document(s) listed above to be delivered via overnight delivery (United Parcel Service (UPS) to the person(s) at the address(es) set forth below or via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

14

15  ☐    by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

16

17                    SEE ATTACHED SERVICE LIST

18      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

19

20

21

22      I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

23      Executed on **July 3, 2008**, at Los Angeles, California.

24

25

26                              Deborah A. Jones

27

28

2

1

<u>SERVICE LIST</u>

2   Mark L. Hogge, Esq. (to be admitted Pro Hac Vice)
Eve Triffo, Esq.

3   Ronald W. Kleinman (to be admitted Pro Hac Vice)
C. Allen Foster (to be admitted Pro Hac Vice)

4   **GREENBERG TRAURIG, LLP**
2101 L Street, N.W., Suite 1000

5   Washington, DC 20036
Phone: (202) 331-3100

6   Fax: (202) 331-3101

7

David Perez, Esq.

8   **GREENBERG TRAURIG, LLP**
1900 University Avenue, 5th Floor

9   East Palo Alto, CA 94303
Phone: (650) 328-8500

10   Fax: (650) 328-8508

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                        ) ss
COUNTY OF LOS ANGELES   )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn, 333 South Grand Avenue, 38th Floor, Los Angeles, CA 90071-1543. On **July 7, 2008**, I caused to be served the within document(s):

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

☐   I sent such document(s) by electronic mail on **July 7, 2008**, to the addresses set forth below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐   On **July 7, 2008**, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

☐   by causing the document(s) listed above to be delivered via overnight delivery (United Parcel Service (UPS) to the person(s) at the address(es) set forth below or via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

☐   by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

     Executed on **July 7, 2008**, at Los Angeles, California.

                                   Deborah A. Jones

2

1

## SERVICE LIST

2  Mark L. Hogge, Esq. (to be admitted Pro Hac Vice)
   Eve Triffo, Esq.
3  Ronald W. Kleinman (to be admitted Pro Hac Vice)
   C. Allen Foster (to be admitted Pro Hac Vice)
4  **GREENBERG TRAURIG, LLP**
   2101 L Street, N.W., Suite 1000
5  Washington, DC  20036
   Phone:  (202) 331-3100
6  Fax:  (202) 331-3101

7

8  David Perez, Esq.
   **GREENBERG TRAURIG, LLP**
   1900 University Avenue, 5th Floor
9  East Palo Alto, CA  94303
   Phone:  (650) 328-8500
10 Fax:  (650) 328-8508

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

LA:217152.1

1    Neal R. Marder (SBN: 126879)
     nmarder@winston.com
2    Stephen R. Smerek (SBN: 208343)
     ssmerek@winston.com
3    WINSTON & STRAWN LLP
     333 South Grand Avenue
4    Los Angeles, CA 90071-1543
     Telephone:    213-615-1700
5    Facsimile:     213-615-1750

6    Attorneys for Defendants
     MEDQUIST INC. and
7    MEDQUIST TRANSCRIPTIONS, LTD.

8

                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

                      **FOR THE COUNTY OF ALAMEDA**

10

11

12   KAISER FOUNDATION HEALTH PLAN,          )    **Case No. 08391487**
     INC., KAISER FOUNDATION HOSPITALS,      )
13   THE PERMANENTE MEDICAL GROUP,           )    ASSIGNED FOR ALL PURPOSES TO:
     INC., SOUTHERN CALIFORNIA               )    JUDGE LAWRENCE JOHN APPEL
14   PERMANENTE MEDICAL GROUP, KAISER )           DEPARTMENT 16
     FOUNDATION HEALTH PLAN OF THE           )
15   MID-ATLANTIC STATES, INC., and          )    **AMENDED PROOF OF SERVICE**
     KAISER FOUNDATION HEALTH PLAN OF )            **AMENDED TO CORRECT SERVICE**
16   COLORADO                                )    **DATE TO JULY 7, 2008 OF:**
                                             )
17            Plaintiffs,                    )    **(1) NOTICE TO CLERK OF THE**
                                             )    **SUPERIOR COURT OF REMOVAL OF**
18       v.                                  )    **CIVIL ACTION TO FEDERAL COURT BY**
                                             )    **DEFENDANTS; AND**
19   MEDQUIST INC. and MEDQUIST              )
     TRANSCRIPTIONS, LTD.                    )    **(2) NOTICE TO ADVERSE PARTY OF**
20                                           )    **REMOVAL TO FEDERAL COURT**
              Defendants.                    )
21   _____)    Complaint Filed: June 6, 2008

22

23

24

25

26

27

28

                                  1
                    AMENDED PROOF OF SERVICE

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

1

**PROOF OF SERVICE**

2    STATE OF CALIFORNIA            )
                                    )   ss
3    COUNTY OF LOS ANGELES          )

4        I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action. My business address is Winston & Strawn LLP, 333 South Grand
5    Avenue, Los Angeles, CA 90071-1543. On **July 8, 2008**, I served the within documents:

6        **AMENDED PROOF OF SERVICE AMENDED TO CORRECT SERVICE DATE**
         **TO JULY 7, 2008 OF: (1) NOTICE TO CLERK OF THE SUPERIOR COURT**
7        **OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANTS;**
         **AND (2) NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL**
8        **COURT**

9    [X]  by placing the document(s) listed above in a sealed envelope with postage thereon
          fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

10

11   [ ]  On **July 8, 2008**, I sent such document(s) from facsimile machine 213-615-1750. I
          certify that said transmission was completed and that all pages were received and that
12        a report was generated by facsimile machine 213-615-1750 which confirms said
          transmission and receipt.

13   [ ]  by causing to be personally delivered the document(s) listed above to the person(s) at
          the address(es) set forth below.

14

15   [ ]  by causing the document(s) listed above to be delivered via overnight delivery
          (Federal Express) to the person(s) at the address(es) set forth below.

16

17   [ ]  by causing the document(s) listed above to be delivered via overnight delivery (United
          Parcel Service (UPS) to the person(s) at the address(es) set forth below.

18                        **SEE ATTACHED SERVICE LIST**

19       I declare that I am employed in the office of a member of the bar of this court whose
20   direction the service was made.

21       Executed on **July 8, 2008**, at Los Angeles, California.

22

23                                                   _____
                                                            Kyle Gehrmann

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1

## SERVICE LIST

2  Mark L. Hogge, Esq. (to be admitted Pro Hac Vice)
   Eve Triffo, Esq.
3  Ronald W. Kleinman (to be admitted Pro Hac Vice)
   C. Allen Foster (to be admitted Pro Hac Vice)
4  **GREENBERG TRAURIG, LLP**
   2101 L Street, N.W., Suite 1000
5  Washington, DC  20036
   Phone:  (202) 331-3100
6  Fax:  (202) 331-3101

7

8  David Perez, Esq.
   **GREENBERG TRAURIG, LLP**
9  1900 University Avenue, 5th Floor
   East Palo Alto, CA  94303
10 Phone:  (650) 328-8500
   Fax:  (650) 328-8508

11

12

   LA:217620.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED PROOF OF SERVICE

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORIGINAL
FILED

JUL - 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

KAISER FOUNDATION HEALTH PLAN,
INC.,

                    Plaintiff(s),

            v.

MEDQUIST INC.,
                    Defendant(s).

E-filing

No. **C 08-03245 JCS**

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order , the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/3/2008 | Notice of removal filed | |
| 9/19/2008 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP_26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil_L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| 10/3/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a)(1) Civil L.R. 16-9 |
| 10/10/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CIVIL STANDING ORDERS FOR MAGISTRATE JUDGE JOSEPH C. SPERO**
(Revised 3/21/8)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

**A.    STANDING ORDER RE CALENDAR AND CONFERENCES**

1.    Civil Law and Motion is heard on Fridays at 9:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2.    Criminal Law and Motion is heard on Fridays at 10:30 a.m.

3.    Case Management Conferences and Pretrial Conference are heard on Fridays at 1:30 p.m. Case Management Conferences are no longer recorded unless requested by counsel or in cases where at least one party appears pro se. Requests to appear telephonically at case management conferences must be filed and served one (1) week before the conference in accordance with Civil L.R. 16-10(a).

4.    In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed before a U.S. Magistrate Judge and a Request for Reassignment to a United States District Judge forms will be mailed to all parties. The parties are requested, within two (2) weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

5.    Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez at (415) 522-3691.

6.    All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

7.    In all "E-Filing" cases, when filing papers that require the Court to take any action (i.e. motions, meet and confer letters, administrative requests), the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers on three-hold punch paper (including

all exhibits) by the close of the next court day following the day the papers are filed electronically. **These printed copies shall be marked "JCS Chambers Copy" and shall be submitted to the Clerk's Office in an envelope clearly marked with the case number, "Magistrate Judge Joseph C. Spero", and "E-filing Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's office that has already been filed electronically.**

8.    Any proposed stipulation or proposed order in a case subject to electronic filing shall be sent by mail to **jcspo@cand.uscourts.gov.** This address is to be used only for proposed orders unless otherwise directed by the Court.

**B.    STANDING ORDER ON DISCOVERY DISPUTES**

9.    In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters.   After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice.   The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc.  Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court. This Joint Letter shall include a description of every issue in dispute and, with respect to each such issue, a detailed summary of each party's final substantive position and their final proposed compromise on each issue.  Upon receipt of the Joint Letter the Court will determine what future proceedings are necessary.

10.    As soon as a party has notice of this order, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voice mails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by this action.

11.    In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at

United States District Court

For the Northern District of California

1  which such materials might plausibly exist. It shall not be sufficient to object and/or to state that

2  "responsive" materials will be or have been produced.

3       12.    In searching for responsive materials in connection with Fed. R. Civ. P. 34 requests or

4  for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized

5  files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and

6  sources if materials of the type to be produced might plausibly be expected to be found there.

7       13.    To the maximum extent feasible, all party files and record should be retained and

8  produced in their original form and sequence, including file folders, and the originals should remain

9  available for inspection by any counsel on reasonable notice.

10       14.    Except for good cause, no item will be received in evidence if the proponent failed to

11  produce it in the face of a reasonable and proper discovery request covering the item, regardless of

12  whether a motion to overrule any objection thereto was made.

13       15.    Privilege logs shall be promptly provided and must be sufficiently detailed and

14  informative to justify the privilege. *See* Fed. R. Civl P. 26(b)(5). No generalized claims of privilege

15  or work product protection shall be permitted. With respect to each communication for which a claim

16  of privilege or work product is made, the asserting party must at the time of its assertion identify: (a)

17  all persons making and receiving the privileged or protected communication. (b) the steps taken to

18  ensure the confidentiality of the communication, including affirmation that no unauthorized persons

19  have received the communication, (c) the date of the communication, and (d) the subject matter of the

20  communication. Failure to furnish this information at the time of the assertion will be deemed a waiver

21  of the privilege or protection.

## DEPOSITIONS

23       16.    Absent extraordinary circumstances, counsel shall consult in advance with opposing

24  counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times

25  and places. Where an agreement cannot be reached as to any party deponent or a deponent represented

26  by counsel of record, the following procedure may be invoked by the party seeking any such deposition.

27  The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date

28  and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt

of the notice, the deponent or counsel form the deponent must reply and counter-propose in writing an

3

1  alternative date and place falling within thirty (30) days of the date noticed by the party seeking the

2  deposition.

3       17.    Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections

4  must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed,

5  the witness should nevertheless answer questions relevant to the existence, extent or waiver of the

6  privilege, such as the date of a communication, who made the statement, to whom and in whose

7  presence the statement was made, other persons to whom the contents of the statement have been

8  disclosed, and the general subject matter of the statement, unless such information is itself privileged.

9  Private conferences between deponents and attorneys in the course of interrogation, including a line of

10  related questions, are improper and prohibited except for the sole purpose of determining whether a

11  privilege should be asserted.

12      **C.    STANDING ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

13       18.    Motions for summary judgment shall be accompanied by a joint statement of the material

14  facts not in dispute by citations to admissible evidence. The parties shall file a joint statement of

15  undisputed facts. If the parties are unable to reach complete agreement after meeting and conferring,

16  they shall file a joint statement of the undisputed facts about which they do agree. Separate statements

17  of undisputed facts shall not be filed and will not be considered by the Court.

18      **D.    SANCTIONS**

19       19.    Failure to comply with this Order of the Local Rules of this Court may result in

20  sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

21

22  Dated: April 21, 2008

23

24                 JOSEPH C. SPERO

24                 United States Magistrate Judge

25

26

27

28

**United States District Court**
For the Northern District of California

4

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No.   C     JCS

Plaintiff(s),

v.

Defendant(s).

/

**STANDING ORDER RE: CASE
MANAGEMENT CONFERENCE**

**Lead trial counsel** who will try this case are directed to confer in advance of the Case
Management Conference with respect to all matters contained in the **March 1, 2007 Standing
Order for all Judges of the Northern District of California** regarding Contents of the Joint Case
Management Conference, including a **discovery plan and discovery limits** and all other matters
described in Fed. R. Civ. P. 16(c), and 26(f) and Civil L.R. 16-10.  Not less than seven (7) days
before the conference, counsel shall file a Joint Case Management Conference Statement in
compliance with Local Rule 16-9.   If one or more of the parties is not represented by counsel (*a
party appearing pro se)*, the parties may file separate case management conference statements.
Pursuant to Civil L.R. 16-10(a) each party shall be represented at the Case Management Conference
by lead trial counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this
Order, and with authority to enter stipulations and make admissions pursuant to this Order.

Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all
parties to this action, and on any parties subsequently joined, in accordance with the provisions of
Fed. R. Civ. P. 4 and 5. Following service, plaintiff(s) shall file a certificate of service with the Clerk
of this Court.

1       Failure to comply with this Order, the provisions of the Federal Rules of Civil Procedure 16

2  and 26(f) or the provisions of Civil L.R. 16-10 may be grounds for sanctions. (*See* Fed. R. Civ. P.

3  16(f), Civil L.R. 1-4.

4

5  Dated:  April 21, 2008

6                            JOSEPH C. SPERO

7                            United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**NOTICE OF RULE DISCONTINUING SERVICE BY MAIL**

This is an E-filing case.  Pursuant to Local Rule, the Court will no longer serve any counsel by mail.  If counsel wish to be served with documents generated by the Court, they must register for E-filing pursuant to Local Rule 5-4 and General Order 45.

IT IS SO ORDERED.

Dated: May 30, 2003

_____
JOSEPH C. SPERO
United States Magistrate Judge

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
# OFFICE HOURS:   9:00 A.M. TO 4:00 P.M.
## 415.522.2000
### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.    Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.    This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.    The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.    In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.    The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.    The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration (**ARB**), Early Neutral Evaluation (**ENE**) or Mediation (**MED**)--if assigned to one of those programs.

7.    The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.    Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.    Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10.    Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.    There are no filing fees once a case has been opened.

12.    New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the underlined complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.    Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.    Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.    A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.    The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.    Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.    We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also</u>:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**

PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case.  For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court.  You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system.  All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**

Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

C08-0324- JCS

NOTICE OF ASSIGNMENT OF CASE

TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge **JOSEPH C. SPERO**.

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MagAssnNtc-2-03.wpd

*E-filing*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C **C08-03245** ᴶᶜˢ

, 

        Plaintiff(s),

    v.

, 

        Defendant(s).
_____/

**CONSENT TO PROCEED BEFORE A
UNITED STATES MAGISTRATE JUDGE**

### CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

    In accordance with the provisions of Title 28, U.S.C. Section 636(c), the undersigned party hereby voluntarily consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Appeal from the judgment shall be taken directly to the United States Court of Appeals for the Ninth Circuit.

Dated: _____

                            _____
                            Signature

                            Counsel for _____
                            (Plaintiff, Defendant or indicate "pro se")

United States District Court

For the Northern District of California

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C08-03245 JCS

_____ ,

              Plaintiff(s),

    v.

_____ ,

              Defendant(s).

_____/

**DECLINATION TO PROCEED BEFORE
A MAGISTRATE JUDGE
AND
REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE**

REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE

The undersigned party hereby declines to consent to the assignment of this case to a United

States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to

a United States District Judge.

Dated: _____         Signature_____

                                     Counsel for _____
                                     (Plaintiff, Defendant, or indicate "pro se")

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )  ss
COUNTY OF LOS ANGELES      )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543. On July 8, 2008, I served the within documents:

**U.S.D.C. NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION DOCUMENTS RETURNED FROM COURT WITH REMOVAL FROM STATE COURT DOCUMENTS: (1) ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES; (2) WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO; (3) U.S. DISTRICT COURT NORTHERN DISTRICT-ECF REGISTRATION INFORMATION HANDOUT; & (4) NOTICE OF ASSIGNMENT OF CASE TO A U.S. MAGISTRATE JUDGE FOR TRIAL**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐ On July 8, 2008, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

☐ by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing the document(s) listed above to be delivered via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

☐ by causing the document(s) listed above to be delivered via overnight delivery (United Parcel Service (UPS)) to the person(s) at the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on July 8, 2008, at Los Angeles, California.

_Deborah A. Jones_
Deborah A. Jones

-2-

LA:216652.1

1

## SERVICE LIST

2

3   Mark L. Hogge, Esq. (to be admitted Pro Hac Vice)
    Eve Triffo, Esq.

4   Ronald W. Kleinman (to be admitted Pro Hac Vice)
    C. Allen Foster (to be admitted Pro Hac Vice)

5   **GREENBERG TRAURIG, LLP**

6   2101 L Street, N.W., Suite 1000
    Washington, DC  20036

7   Phone:  (202) 331-3100

8   Fax: (202) 331-3101

9

10  David Perez, Esq.
    **GREENBERG TRAURIG, LLP**

11  1900 University Avenue, 5th Floor

12  East Palo Alto, CA  94303
    Phone:  (650) 328-8500

13  Fax: (650) 328-8508

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28