1   Neal R. Marder (SBN: 126879)
      nmarder@winston.com
2   WINSTON & STRAWN LLP
    333 South Grand Avenue, 38th Floor
3   Los Angeles, CA  90071-1543
    Telephone:     213-615-1700
4   Facsimile:     213-615-1750

5   Attorneys for Defendants
    MEDQUIST INC. and
6   MEDQUIST TRANSCRIPTIONS, LTD.

7

8                   **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN FRANCISCO DIVISION**

11  KAISER FOUNDATION HEALTH PLAN,        )   **Case No. 3:08-cv-03245 (PJH)**
    INC., KAISER FOUNDATION HOSPITALS,    )
12  THE PERMANENTE MEDICAL GROUP,         )
    INC., SOUTHERN CALIFORNIA             )   **DEFENDANT MEDQUIST INC.'S AND**
13  PERMANENTE MEDICAL GROUP, KAISER      )   **MEDQUIST TRANSCRIPTIONS, LTD.'S**
    FOUNDATION HEALTH PLAN OF THE         )   **NOTICE OF MOTION AND MOTION TO**
14  MID-ATLANTIC STATES, INC., and KAISER )   **DISMISS); MEMORANDUM OF POINTS**
    FOUNDATION HEALTH PLAN OF             )   **AND AUTHORITIES IN SUPPORT**
15  COLORADO                              )   **THEREOF**
                                          )
16              Plaintiffs,               )   **[ORAL ARGUMENT REQUESTED]**
                                          )
17          v.                            )   Date: August 27, 2008
                                          )   Time: 9:00 AM
18  MEDQUIST INC. and MEDQUIST            )   Locations: Courtroom 3, 17th Floor
    TRANSCRIPTIONS, LTD.                  )
19                                        )
                Defendants.               )   The Honorable Phyllis J. Hamilton
20                                        )
                                          )
21                                        )

22

23

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

TO THE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on August 27, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Judge Phyllis J. Hamilton, of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants MedQuist Inc. and MedQuist Transcriptions, Ltd. (collectively "MedQuist") will and hereby do move this court for an Order dismissing Plaintiffs' Complaint, and each cause of action therein, with prejudice, for failure to state a claim upon which relief may be granted.

This Motion is brought under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure on the following separate and independent grounds:

(A)   Kaiser waived all of the claims alleged by failing to dispute any invoice within the period agreed to by the parties in the contracts attached to the Complaint;

(B)   Kaiser's failure to plead the allegations of fraud underlying each of the claims made against MedQuist requires the Complaint to be dismissed in its entirety under Rule 9(b);

(C)   Kaiser's claim for common law fraud is time-barred by the three year statute of limitations for such claims;

(D)   Kaiser's breach of contract claim fails as a matter of law because Kaiser failed to plead performance;

(E)   Kaiser's unjust enrichment claim fails as a matter of law because Kaiser has pleaded the existence of an enforceable contract governing the parties' relationship;

(F)   Kaiser's claim for an accounting fails as a matter of law because Kaiser's own allegations make clear that there is an adequate remedy at law; and

(G)   Kaiser's claim for violation of Section 17200 fails as a matter of law because Kaiser has not alleged an "unfair, unlawful or fraudulent" business practice to support their claim.

This Motion is based on (i) this Notice; (ii) the attached Memorandum of Points and Authorities in support of the Motion; (iii) the arguments of counsel at the time of the hearing on the Motion; and (iv) all other pleadings and matters of record in this litigation or that the Court deems just and proper for consideration.

PLEASE TAKE FURTHER NOTICE that oral argument is hereby requested.

Dated: July 21, 2008                              WINSTON & STRAWN LLP


                                        By:    /s/ Neal R. Marder
                                               Neal R. Marder
                                               Stephen R. Smerek
                                               Attorneys for Defendants
                                               MEDQUIST INC. and MEDQUIST
                                               TRANSCRIPTIONS, LTD.

DEFENDANTS MEDQUIST INC.'S AND MEDQUIST TRANSCRIPTIONS, LTD.'S MOTION TO DISMISS

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# <u>TABLE OF CONTENTS</u>

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

I.      INTRODUCTION ....................................................................................................1

II.     SUMMARY OF ALLEGATIONS ...........................................................................3

III.    STANDARD OF REVIEW ......................................................................................4

IV.     LEGAL ARGUMENT .............................................................................................4

      A.      The Contracts Attached As Exhibits To Kaiser's Complaint Demonstrate That Kaiser Waived All Of Its Claims Now Alleged Against MedQuist By Failing To Timely Dispute The Invoiced Amounts At Issue ....................................................4

      B.      Because Kaiser's Entire Complaint Is Grounded In MedQuist's Allegedly Fraudulent Business Practices, The Particularity Requirement Of Rule 9(b) Applies To Each Cause Of Action. ...............................................................................5

      C.      Kaiser's Claim For Common Law Fraud Is Barred By The Three Year Statute of Limitations. ...............................................................................................................8

      D.      Because Kaiser Has Not Alleged That It Performed Under the Contracts At Issue, Kaiser's Breach of Contract Claim Fails. ...........................................................9

      E.      Given The Admitted Contractual Relationship Between Kaiser And MedQuist, Kaiser's Claim For Unjust Enrichment Fails As A Matter Of Law. ............9

      F.      Kaiser Is Not Entitled To An Accounting ....................................................................10

      G.      Kaiser Section 17200 Claim Fails To State A Valid Claim. ........................................11

            1.      Because Kaiser Has Not Sufficiently Pled A Derivative Claim, It's Section 17200 "Unlawful" Claim Fails. ..............................................................11

            2.      Kaiser Has Not Pled An "Unfair" Business Practice. ......................................12

            3.      Kaiser Has Not Alleged A Claim Under The "Fraudulent" Prong Of Section 17200. ....................................................................................................12

V.      CONCLUSION ........................................................................................................13

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF AUTHORITIES

PAGE

**CASES**

Balistreri v. Pacifica Police Dep't,
   901 F.2d 696 (9th Cir. 1990) ................................................................4

Borsellino v. Goldman Sachs Group, Inc.,
   477 F.3d 502 (7th Cir. 2007) ...............................................................6

Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,
   20 Cal. 4th 163 (Cal. 1999).........................................................11, 12

Civic Western Corp. v. Zila Indus., Inc.,
   66 Cal. App. 3d 1 (Ct. App. 1977).......................................................10

Clemens v. DaimlerChrysler Corp.,
   No. 06-56410 at 7106 (9th Cir. June 19, 2008) ...................................8

County of Santa Clara v. Astra USA, Inc.,
   401 F. Supp. 2d 1022 (N.D. Cal. 2005) ..............................................10

Cruz v. United States,
   219 F. Supp. 2d 1027 (N.D. Cal. 2002) .........................................10, 11

Dairy Queen Inc. v. Wood,
   369 U.S. 469, 82 S. Ct. 894 (1962).................................................10, 11

Hsu v. Oz Optics Ltd.,
   211 F.R.D. 615 (N.D. Cal. 2002).........................................................9

Icasiano v. Allstate Ins. Co.,
   103 F. Supp. 2d 1187 (N.D. Cal. 2000) ...............................................4

In re Stac Elecs. Sec. Litig.,
   89 F.3d 1399 (9th Cir. 1996) ...............................................................4

Klein v. Earth Elements, Inc.,
   59 Cal. App. 4th 965 (Cal. Ct. App. 1997) .........................................12

Lozano v. AT&T Wireless Servs., Inc.,
   504 F.3d 718 (9th Cir. 2007) ..............................................................12

Maganallez v. Hilltop Lending Corp.,
   505 F. Supp. 2d 594 (N.D. Cal. 2007) .................................................4

McKesson HBOC, Inc., v. New York State Common Ret. Fund, Inc.,
   339 F.3d 1087 (9th Cir. 2003) .........................................................9, 10

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS MEDQUIST INC.'S AND MEDQUIST TRANSCRIPTIONS, LTD.'S MOTION TO DISMISS

<u>Moore v. Kayport Package Express, Inc.</u>,
   885 F.2d 531 (9th Cir. 1989) ...................................................................6

<u>Nat'l Rural Telecomm. Coop. v. DirectTV, Inc.</u>,
   319 F. Supp. 2d 1059 (C.D. Cal. 2003) .................................................12

<u>Rubke v. Capitol Bancorp</u>,
   2006 U.S. Dist. LEXIS 43745 (N.D. Cal. 2006) ...................................5, 7

<u>Scripps Clinic v. Superior Court</u>,
   108 Cal. App. 4th 917 (Cal. Ct. App. 2003) .........................................11

<u>Sybersounds Records, Inc. v. UAV Corp.</u>,
   517 F.3d 1137 (9th Cir. 2008) ...............................................................13

<u>Tebbets v. Fid. Cas. Co.</u>,
   155 Cal. 137 (1909) ............................................................................4, 5

<u>Vess v. Ciba-Geigy Corp. U.S.A.</u>,
   317 F.3d 1097 (9th Cir. 2003) .................................................................6

<u>Vicom, Inc. v. Harbridge Merchant Servs., Inc.</u>,
   20 F.3d 771 (7th Cir. 1994) .....................................................................5


STATUTES

Cal. Bus. & Prof. Code §17200 ...............................................3, 11, 12, 13

Cal. Code. Civ. P. § 338(d).........................................................................8


OTHER AUTHORITIES

Federal Rule of Civil Procedure 9(b)................................................ passim

Federal Rule of Civil Procedure 12(b)(6) ...................................................4

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS MEDQUIST INC.'S AND MEDQUIST TRANSCRIPTIONS, LTD.'S MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The core question in this case is whether MedQuist reasonably interpreted and applied the so-called AAMT line unit of measure – a commonly used contract term long recognized as inherently ambiguous within the medical transcription industry – in billing Kaiser for medical transcription services rendered under the parties' contracts.  Ignoring the reasonable interpretation of this contract term as established through the parties' course of performance for many years, and without regard to the limitations imposed by the very contracts Kaiser attaches to its Complaint, Kaiser attempts to turn this question of contract interpretation of an ambiguous term into an allegedly systematic scheme to defraud Kaiser.  However, Kaiser has not pleaded, and cannot plead, sufficient facts to meet the heightened pleading requirements demanded for all allegations of fraud under Rule 9(b) of the Federal Rules of Civil Procedure.  Moreover, by failing to timely raise any disputes regarding MedQuist's invoices as provided under the shortened period provided in its contracts, Kaiser has waived any right to challenge those invoices now.  As further demonstrated herein, for these reasons, as well as the numerous additional deficiencies underlying each of the individual claims asserted, the Complaint should be dismissed with prejudice in its entirety for failure to state a claim upon which relief may be granted.

As alleged in the Complaint, Plaintiffs – a collection of healthcare providers, hospitals and/or medical facilities (collectively, "Kaiser") – and Defendants MedQuist Inc. and/or MedQuist Transcriptions, Ltd. (collectively, "MedQuist") entered into contracts whereby MedQuist agreed to transcribe medical reports dictated by Kaiser.  Some of these contracts provided that invoices for work performed would be based on the number of so-called "AAMT lines" contained in the medical reports transcribed by MedQuist for Kaiser.[1]  Importantly, several billing units of measure were available to Kaiser (e.g., billing by the black visible character or page of medical transcription), yet Kaiser requested billing by the AAMT line, a unit of measure known throughout the industry to be subject to varying interpretations.

---

[1] AAMT refers to the American Association for Medical Transcription, now know as the Association for Healthcare Documentation Integrity.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

As alleged in the Complaint, for years, MedQuist provided transcription services to Kaiser under these contracts. And for years, Kaiser paid all invoices for these services, without complaint, knowing full well that the invoices were based on MedQuist's interpretation of the AAMT line pricing term. During this lengthy time period, Kaiser did not question the invoices, nor did Kaiser request any information concerning how MedQuist was determining its charges. Now, however, Kaiser claims that MedQuist's interpretation of the AAMT line – an inherently ambiguous unit of measure requested by Kaiser – was wrong, and seeks millions of dollars in damages.

Although Kaiser's dispute is over MedQuist's contract interpretation, in an effort to raise the stakes, Kaiser alleges that MedQuist's billing practices amounted to a systematic fraudulent billing scheme that continued for several years. In doing so, however, Kaiser elevates the pleading standard to which its claims are scrutinized. Because Kaiser's entire Complaint, and every claim therein, is premised on the alleged fraud, Kaiser must satisfy the requirement of Federal Rule of Civil Procedure Rule 9(b) that the circumstances of such alleged fraud be stated with particularity. Kaiser has fallen far short of pleading the minimum facts required by Rule 9(b).

In its Complaint, Kaiser alleges that by using formulas to calculate AAMT lines in medical reports transcribed for Kaiser, as opposed to performing an actual count of AAMT lines, MedQuist fraudulently performed its contracts and submitted invoices that were supposedly inflated to Kaiser. But Kaiser does not identify a single invoice or describe how such invoice was fraudulent by, for example, stating the number of lines charged on an invoice, the number of lines that were allegedly over stated, the dollar amount charged, or the dollar amount allegedly over stated. Nor does Kaiser allege when any purportedly fraudulent invoice was received or paid by Kaiser. By failing to include any of the particular circumstances of the alleged fraudulent billing, Kaiser's averments of fraud run afoul of Rule 9(b)'s requirements.

With the failure of their fraud claims, the house of cards on which Kaiser's other claims are built falls. Taken individually, Kaiser's claims suffer from additional pleading infirmities. For instance, Kaiser's fraud claim is time-barred, as the three year statute of limitations has run. Moreover, equitable remedies (accounting and unjust enrichment) are not available when, as here, Kaiser has an adequate legal remedy which has been pled in Kaiser's breach of contract cause of

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

action. And while purporting to state a breach of contract claim, Kaiser does not allege that it performed its obligations under the contracts, or that performance of those obligations was excused. Kaiser's California Business & Profession Code §17200 ("Section 17200") claim also fails because Kaiser has not alleged sufficient unlawful, unfair or fraudulent business acts or practices by MedQuist. Accordingly, for all these reasons, the Complaint should be dismissed in its entirety with prejudice.

## II.    SUMMARY OF ALLEGATIONS

Kaiser is a collection of healthcare providers, hospitals and/or medical facilities located predominantly in California, Maryland and Colorado. (Cmpl., ¶¶ 1-7.) MedQuist is the nation's largest provider of medical transcription services in the United States. (Cmpl., ¶ 11.) MedQuist has provided medical transcription services to Kaiser since approximately 1998. (Cmpl., ¶ 12.)

MedQuist and Kaiser entered into numerous contracts that provided Kaiser would be billed by the number of AAMT lines in each transcribed report. (Cmpl., ¶¶ 15-17, 20.) When determining Kaiser's charges, rather than performing an actual count of AAMT lines contained in Kaiser's medical reports, MedQuist allegedly used ratios and formulas to calculate the number of AAMT lines. (Cmpl., ¶¶ 17, 20.) By doing so, MedQuist allegedly overcharged Kaiser for the services provided by repeatedly and systematically using "bogus" line counts. (Cmpl., ¶¶ 20, 24.) Pursuant to this alleged fraud, MedQuist submitted invoices to Kaiser for payment with artificially inflated line counts. (Cmpl., ¶¶ 23, 27-30.) Though Kaiser generally alleges that it received medical transcription reports and invoices from MedQuist, Kaiser does not identify a single invoice at issue, or even a range of invoices, for any of the six named plaintiffs. Nor does Kaiser identify any medical transcription reports for which it alleges it was over charged. Kaiser also does not allege how many lines were billed on any single invoice, how many lines Kaiser contends should have been billed, or explain by what amount any invoice was purportedly over stated. Moreover, Kaiser does not even allege when any such invoice was paid, or the amount purportedly over paid to MedQuist. The Complaint goes no farther than to generally allege that MedQuist representatives purportedly made false representations and omissions when negotiating contracts with Kaiser. (Cmpl., ¶ 23.) Kaiser does not identify any of the individuals involved for MedQuist or Kaiser,

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

3

1    Kaiser does not describe when and where the negotiations took place, and Kaiser does not allege

2    what was said (or left unsaid) by MedQuist.

3         In addition to a claim for common law fraud, Kaiser purports to state statutory, contractual

4    and equitable claims, each of which are premised upon and grounded in the same conclusory

5    allegations of fraud described herein above.

6    **III.    STANDARD OF REVIEW**

7         "Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if

8    it fails to state a claim upon which relief can be granted." Maganallez v. Hilltop Lending Corp., 505

9    F. Supp. 2d 594, 600 (N.D. Cal. 2007); see Fed. R. Civ. P. 12(b)(6).  "Dismissal can be based on the

10   lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

11   theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Icasiano v. Allstate

12   Ins. Co., 103 F. Supp. 2d 1187, 1189 (N.D. Cal. 2000).  Although a complaint must be construed in

13   the light most favorable to the plaintiff, it is well settled that "[c]onclusory allegations of law and

14   unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." In

15   re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting In re Verifone Sec. Litig., 11

16   F.3d 865, 868 (9th Cir. 1993)).

17   **IV.    LEGAL ARGUMENT**

18         **A.    The Contracts Attached As Exhibits To Kaiser's Complaint Demonstrate That
               Kaiser Waived All Of Its Claims Now Alleged Against MedQuist By Failing To**
19             **Timely Dispute The Invoiced Amounts At Issue**

20         Kaiser's claims fail as a matter of law, and its Complaint must be dismissed with prejudice,

21   because Kaiser has affirmatively waived all claims by failing to timely dispute the accuracy of any

22   invoiced amounts within the shortened period negotiated by the parties.  See Tebbets v. Fid. Cas.

23   Co., 155 Cal. 137, 139 (1909) ("It is a well-settled proposition of law that the parties to a contract

24   may stipulate therein for a period of limitation, shorter than that fixed by statute of limitations. . . .").

25   As alleged in the Complaint, the provision of medical transcription services to Kaiser by MedQuist

26   is governed by a series of contracts negotiated between the parties.  Those contracts, copies of which

27   are attached to the Complaint, include provisions governing the resolution of any disputes between

28   the parties regarding any amount invoiced to Kaiser by MedQuist.  The governing contracts

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

4

undisputedly require  Kaiser to deliver written notice of any such disputed amount to MedQuist within thirty (30) days of receipt by Kaiser of the invoice in question.  The contracts further provide that in the absence of giving timely, written notice, Kaiser affirmatively waives any right to dispute the invoice:

> Paragraph 3.5   <u>Dispute Resolution:</u>  In the event that any invoiced amount is disputed by Client, Client shall deliver written notice of such disputed amount to Vendor within thirty (30) days of receipt by Client of the invoice.  In the absence of Client timely giving said written notice, Client waives any right to dispute said invoice in the future. . . .  (Cmpl., Exh. A. at 5.[2])

The Complaint does not allege that Kaiser ever provided MedQuist written notice of any disputed amount on any invoice within the thirty (30) day period prescribed in the contracts, nor did Kaiser in fact ever provide such written notice to MedQuist.  Accordingly, by its own conduct, Kaiser has expressly and affirmatively waived any right to challenge the invoiced amounts identified in the Complaint.  <u>Tebbets</u>, 155 Cal. at 139.  This failure to do so is fatal to all of Kaiser's claims.

**B.     <u>Because Kaiser's Entire Complaint Is Grounded In MedQuist's Allegedly Fraudulent Business Practices, The Particularity Requirement Of Rule 9(b) Applies To Each Cause Of Action.</u>**

In actions alleging fraud, the analysis of claims of fraudulent business practices starts with an examination of whether the pleader has satisfied the pleading requirements of Rule 9(b).  Under Rule 9(b), all averments of fraud must state with particularity the circumstances constituting the fraud.  Fed. R. Civ. P. 9(b).  To satisfy this requirement, "the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud."  <u>Rubke v. Capitol Bancorp</u>, 2006 U.S. Dist. LEXIS 43745, *9-10 (N.D. Cal. 2006) (citing <u>In re GlenFed Sec. Litig.</u>, 42 F.3d 1541, 1547-49 (9th Cir. 1994)); <u>see also</u> <u>Vicom, Inc. v. Harbridge Merchant Servs., Inc.</u>, 20 F.3d 771, 777 (7th Cir. 1994) (plaintiff must state "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated

---

[2] <u>Accord</u> Cmpl., Exh. B at 5; Exh. E at 4; Exh. F at 4; Exh. H at 4; Exh. I at 5; Exh. J. at 4; Exh. K at 4-5; Exh. S at 3; Exh. U at 4; Exh. V at 4; and Exh. X at 5.  <u>See also</u> Cmpl., Exh. W at 4 (Kaiser shall give notice in 360 days or waive right to dispute invoiced amount).

5

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    to the plaintiff").  Broad or conclusory allegations do not satisfy the particularity required by Rule

2    9(b).  <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989).

3        Rule 9(b)'s requirements are not limited to where fraud is an essential element of a claim, but

4    also apply where the claim is "grounded in fraud" or "sound[s] in fraud."  <u>Vess v. Ciba-Geigy Corp.</u>

5    <u>U.S.A.</u>, 317 F.3d 1097, 1103-04 (9th Cir. 2003); <u>see also</u> <u>Borsellino v. Goldman Sachs Group, Inc.</u>,

6    477 F.3d 502, 507 (7th Cir. 2007) (particularity requirement of Rule 9(b) applies to all averments in

7    fraud, not only claims of fraud).  A claim is grounded in fraud when the complaint alleges a unified

8    course of fraudulent conduct and then relies on that conduct as the basis for a claim in which fraud is

9    not a necessary element.  <u>Vess</u>, 317 F.3d at 1103-04.  Under such circumstances, "the pleading of

10   that claim as a whole must satisfy the particularity requirement of [Rule] 9(b)."  <u>Id.</u>  If particular

11   averments of fraud are insufficiently pled under Rule 9(b), as here, those averments must be

12   disregarded and the remaining allegations examined to determine if they state a claim.  <u>Id.</u>

13       Every claim in Kaiser's Complaint is premised on conclusory allegations that MedQuist

14   engaged in a course of unspecified fraudulent conduct that pervaded the parties' business

15   relationship.  Kaiser alleges that MedQuist "repeatedly and systematically used bogus line counts"

16   (Cmpl., ¶ 20), to concoct an "inflated billing scheme" (Cmpl., ¶ 21), that resulted in "fraudulent

17   invoices" (Cmpl., ¶ 23).  Kaiser further alleges that "pursuant to the fraud, MedQuist was improperly

18   and unjustly enriched" (Cmpl., ¶ 45) and that "MedQuist knew . . . of the existence of corporate

19   records that indicate the amounts unlawfully obtained, pursuant to the fraud, from Kaiser" (Cmpl.,

20   ¶ 42).  In other words, Kaiser has alleged a "unified course of fraudulent conduct" and relies upon

21   that conduct to support each of its claims.  <u>Vess</u>, 317 F.3d at 1103-04.  As a result, Rule 9(b)'s

22   particularity requirement applies to all of Kaiser's averments and claims.  <u>See Id.</u>, <u>Borsellino</u>, 477

23   F.3d at 507.

24       In its Complaint, Kaiser does not allege any of the specific facts required by Rule 9(b).  For

25   example, Kaiser does not provide the date of a single invoice in question or the period of service to

26   which it applied for any of the plaintiff hospital facilities.  Nor does Kaiser allege the number of

27   lines charged on an invoice, the number of lines that were allegedly over stated, the dollar amount

28   charged, or the dollar amount allegedly over stated.  Although it has the information within its

DEFENDANTS MEDQUIST INC.'S AND MEDQUIST TRANSCRIPTIONS, LTD.'S MOTION TO DISMISS

possession and control, Kaiser does not allege when any purportedly fraudulent invoice was received or when it was paid.  In other words, notwithstanding that there are six distinct named plaintiffs who allegedly received fraudulent invoices from MedQuist, twice monthly, for a ten year period dating back to 1998 (Cmpl., ¶¶ 1-6, 12, 22), Kaiser has not identified a single invoice at issue or stated any facts describing how such invoice was false for any of the six named plaintiffs.

As a further example, Kaiser alleges in conclusory fashion that "when contracting with Kaiser, representatives of MedQuist made material omissions concerning MedQuist's obligation to count and bill for the lines transcribed . . ." (Cmpl., ¶ 23), and that "Kaiser reasonably and justifiably relied upon MedQuist's false representations in negotiating the contracts."  (Id.)  However, Kaiser does not identify a single MedQuist or Kaiser contracting officer who was involved in such negotiations, nor does Kaiser describe who made or heard or relied on such representations, when or where any negotiation meetings or representations occurred, provide the details of any conversations, or explain how any purported statement or omission was false or material.

Kaiser also alleges that MedQuist has admitted that "the ratios and formulas for certain clients were changed by MedQuist, generally without disclosure to clients, in order to increase the amount actually billed to a client in order to increase profit margins."  (Cmpl., ¶ 19.)  However, Kaiser does not allege any facts regarding this purported admission of fraud – not who allegedly made the statement, not when it was made, not to whom it was made, and nothing about the context of the purported statement.  Moreover, Kaiser ***does not allege*** that MedQuist admitted changing the formulas and ratios for ***Kaiser's accounts***, but rather, only for "certain [unspecified] clients" who remain unnamed.  In other words, Kaiser does not allege that it was impacted by the conduct purportedly admitted to as wrongful by MedQuist.  In sum, Kaiser has not even come close to meeting Rule 9(b)'s particularity requirements with respect to its claims.  See Rubke, 2006 U.S. Dist. LEXIS at *9-10.  Therefore, every cause of action must be dismissed.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

7

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**C.    Kaiser's Claim For Common Law Fraud Is Barred By The Three Year Statute of Limitations.**

The statute of limitations for any action for relief on the ground of fraud is three years.  Cal. Code. Civ. P. § 338(d).  Nearly four years ago, on July 30, 2004, MedQuist issued a press release announcing the findings of an independent review of MedQuist's billing practices.  In its Complaint, Kaiser quotes directly from the press release word-for-word in two instances.  (See Cmpl., ¶ 18 ["MedQuist has admitted that with respect to its contracts that called for billing based on the 'AAMT' line, the company used ratios and formulas to determine the number of 'AAMT' transcription lines for which clients were billed rather than counting the number of relevant characters to determine a billable line as provided for in the contracts."], ¶ 19 ["MedQuist has further admitted that the ratios and formulas for certain client accounts were changed by MedQuist, generally without disclosure to clients, in order to increase the amount actually billed to a client in order to increase profit margins."].)  These allegations in the Complaint demonstrate that Kaiser was put on notice of the facts underlying its claims nearly four years ago.  Accordingly, the statute of limitations within which Kaiser may have brought any cause of action for fraud against MedQuist started to run no later than August 2004 and expired in August 2007, nearly a full year before Kaiser filed the present lawsuit.[3]  To the extent Kaiser may try to claim that the statute of limitations was tolled during the pendency of the South Broward class action, the Ninth Circuit has just recently rejected this very argument.  See Clemens v. DaimlerChrysler Corp., No. 06-56410 at 7106 (9th Cir. June 19, 2008) (affirming dismissal of claim for fraud based on expiration of the statute of limitations and rejecting argument that the statute was tolled during pendency of class action litigation in another State; "the California Supreme Court has not adopted such cross-jurisdictional tolling . . . and few states do").  Therefore, Kaiser's fraud claim is time-barred.

---

[3]  In this context, it should be noted that Kaiser requested and MedQuist previously agreed to toll the statute of limitations for the period from August 1, 2007 to August 31, 2007.  Thus, Kaiser clearly understood that the statute of limitations was not only running but set to expire.  That tolling agreement lapsed by its own terms on August 31, 2007, and the statute of limitations for Kaiser to pursue any fraud claim has now long since expired.

**D.    Because Kaiser Has Not Alleged That It Performed Under the Contracts At Issue, Kaiser's Breach of Contract Claim Fails.**

"The elements of a breach of contract claim 'are the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages.'" Hsu v. Oz Optics Ltd., 211 F.R.D. 615, 619 (N.D. Cal. 2002) (citing First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001)).

Over twenty contracts are attached to the Complaint. (See Cmpl., Exs. A-X.) While some of these contract purport to be between MedQuist and Kaiser, a number of them are between a Kaiser facility and some entity other than MedQuist. (See, e.g., Cmpl., Ex. C (contract with the MRC Group), Id., Ex. D (contract with Your Office Genie).) Kaiser does not explain how contracts with entities other than MedQuist are relevant to the instant action. More importantly, however, Kaiser nowhere alleges that it has performed under any of the contracts at issue or that its performance was excused. In other words, even assuming that Kaiser has sufficiently alleged that each contract attached to the Complaint is at issue here, Kaiser has failed to state an essential element of a claim *for every such contract.* See Hsu, 211 F.R.D. at 619. Therefore, Kaiser's breach of contract claim fails.[4]

**E.    Given The Admitted Contractual Relationship Between Kaiser And MedQuist, Kaiser's Claim For Unjust Enrichment Fails As A Matter Of Law.**

Unjust enrichment is an equitable claim rather than a legal claim. Accordingly, under Ninth Circuit law, "no action for unjust enrichment lies where a contract governs the parties' relationship to each other." McKesson HBOC, Inc., v. New York State Common Ret. Fund, Inc., 339 F.3d 1087, 1091 (9th Cir. 2003).

_____

[4] Notably, Kaiser alleges that MedQuist breached its contracts by "not preserving back-up data justifying its line counts for invoice disputes as contractually required." (Cmpl., ¶ 39.) However, Kaiser's Complaint demonstrates that MedQuist's contractual obligation, if any, was to provide Kaiser with "backup or other information which supports the correctness of [a] disputed amount [owed by Kaiser]" only if Kaiser provided written notice of the dispute to MedQuist within thirty days of receipt of the invoice. (Cmpl., Exh. A. at 5, Exh. B at 5; Exh. E at 4; Exh. F at 4; Exh. H at 4; Exh. I at 5; Exh. J. at 4; Exh. K at 4-5; Exh. S at 3; Exh. U at 4; Exh. V at 4; and Exh. X at 5.) Kaiser nowhere alleges that it gave MedQuist written notice of a disputed invoice or requested the back up data underlying the charges. Accordingly, Kaiser's claim for breach of contract fails in this regard as well.

9

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

In the instance action, the Complaint alleges that each individual plaintiff entered into contracts with MedQuist.  (See Cmpl., ¶¶ 1-6 (attaching contracts specific to each named plaintiff).) And the Complaint repeatedly refers to these contracts as governing the relationship between the parties.  (See, e.g., Cmpl. at ¶ 15 ("the contracts entered into between Kaiser facilities and MedQuist contained specific terms . . .", Id. at ¶ 20 ("under the terms of the contracts entered into between MedQuist and Kaiser"), Id. at ¶ 39 ("MedQuist has breached its contracts with Kaiser . . . .").) Moreover, Kaiser's unjust enrichment claim is premised on the argument that MedQuist was unjustly enriched by fraudulently invoicing Kaiser for more than what was permitted under MedQuist's contracts with Kaiser. See (Cmpl., ¶ 45.)  Therefore, because the Complaint alleges that the parties' relationship was governed by written contracts, and because Kaiser's unjust enrichment claim itself is premised on MedQuist's alleged obligations under the parties' contracts, the unjust enrichment claim fails as a matter of law.  McKesson HBOC, 339 F.3d at 1091.

### F.    Kaiser Is Not Entitled To An Accounting.

Kaiser's allegations also demonstrate the fatal defect in their claim for accounting.  "An accounting cause of action is an equitable claim.  It sounds only where the underlying action and accounts are so complicated that a normal action for a fixed sum is not practical." Cruz v. United States, 219 F. Supp. 2d 1027, 1040 (N.D. Cal. 2002).  "An essential element of a claim for accounting is that there is a balance due from the defendant that can **only** be ascertained by an accounting." County of Santa Clara v. Astra USA, Inc., 401 F. Supp. 2d 1022, 1026 (N.D. Cal. 2005) (emphasis added) (citation omitted).  Indeed, "the classic accounting action entails circumstances under which defendant owes plaintiff money, but plaintiff does not know how much, and it would be unreasonable for plaintiff to plead a specific dollar amount." Cruz, 219 F. Supp. at 1041.  There is no action for an accounting "where it appears from the complaint that none is necessary or where there is an adequate remedy at law." Civic Western Corp. v. Zila Indus., Inc., 66 Cal. App. 3d 1, 14 (Ct. App. 1977); see also Dairy Queen Inc. v. Wood, 369 U.S. 469, 478, 82 S. Ct. 894 (1962) ("The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is . . . the absence of an adequate remedy at law.")

In the present case, Kaiser has not alleged, and cannot allege, that its legal remedy is inadequate.  Nor has Kaiser alleged that its accounts with MedQuist are so complicated that a normal action for a fixed sum is not practical.  To the contrary, based on information in its possession, Kaiser has affirmatively estimated the amount it is allegedly owed by MedQuist.  (See Cmpl., at ¶ 40 (estimating damages of approximately $7 million).)  It cannot be "unreasonable for [Kaiser] to plead a specific dollar amount" given that it has already done so here.  Cruz, 219 F. Supp. 2d at 1041.  Accordingly, Kaiser's demand for an accounting also separately fails as a matter of law.[5]

### G.    Kaiser Section 17200 Claim Fails To State A Valid Claim.

Section 17200 proscribes "three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent."  Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (Cal. 1999).  In its Complaint, Kaiser does not make clear which of the three prongs it is pursuing, but it fails all three.

### 1.    Because Kaiser Has Not Sufficiently Pled A Derivative Claim, It's Section 17200 "Unlawful" Claim Fails.

To state a claim under the unlawful prong, there must be a violation of another, separate law.  Cel-Tech, 20 Cal. 4th at 180.  As the Supreme Court of California has explained, "section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  Id. (citations and quotation marks omitted).  If the underlying claim is dismissed, then there is no unlawful act upon which to base the derivative Section 17200 claim.  See, e.g., Scripps Clinic v. Superior Court, 108 Cal. App. 4th 917, 938-939 (Cal. Ct. App. 2003).

Kaiser has not alleged that it is borrowing the alleged violation of any particular statute, regulation or law.  This alone is sufficient to warrant dismissal of Kaiser's Section 17200 unlawful claim.  Cel-Tech, 20 Cal. 4th at 180.  Moreover, as discussed herein, Kaiser has not sufficiently pled any claim against MedQuist.  Accordingly, Kaiser cannot proceed under the unlawful prong of Section 17200.  Scripps Clinic, 108 Cal. App. 4th at 938-939.

---

[5] Kaiser also requests relief unavailable in an equitable accounting claim. (Cmpl., ¶ 42 (seeking an order for the production of MedQuist's "complete corporate records")).  An accounting involves having a court "unravel" the accounts between the parties because of their "complicated nature."  Dairy Queen, 369 U.S. at 478. Apart from standard discovery, an accounting does not involve the production of documents to the requesting party.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

### 2.    Kaiser Has Not Pled An "Unfair" Business Practice.

Unfair business practice claims are less clearly defined.  California law on this topic, as the Ninth Circuit has recognized, is "in flux."  Lozano v. AT&T Wireless Servs., Inc., 504 F.3d 718, 735 (9th Cir. 2007).  Historically, courts analyzing claims for unfair business practices in the consumer context engaged in a balancing test that weighed the impact of the practice or act on its victim against the "reasons, justifications and motives" of the alleged wrongdoer.  See Klein v. Earth Elements, Inc., 59 Cal. App. 4th 965, 969 (Cal. Ct. App. 1997).  Since the Cel-Tech decision, however, many courts have concluded that a claim of unfair business practices under Section 17200 requires that unfairness "be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition."  See Lozano, 504 F.3d at 735 (citations omitted).  The Ninth Circuit has observed that "Cel-Tech effectively rejects the balancing approach," but also noted that both the balancing and "tethering" tests are not mutually exclusive.  Id at 736 ("adopting one standard does not necessitate rejection of the other").

Kaiser has failed to plead a claim under the "unfair" prong of Section 17200 under either test.  Kaiser does not claim that the impact on Kaiser of MedQuist's allegedly unfair billing practices are outweighed by MedQuist's "reasons, justifications and motives" for engaging in such practices.  Klein, 59 Cal. App. 4th at 969.  Nor does Kaiser explain how MedQuist's purportedly unfair practices are "tethered to some legislatively declared policy or proof of some actual or threatened impact on competition."  Lozano, 504 F.3d at 735 (citations omitted).  Indeed, Kaiser simply states that MedQuist's practices are "unfair" and goes no further.  (See Cmpl., ¶¶ 35-36.)  This conclusory allegation does not state a claim under the "unfair" prong.

### 3.    Kaiser Has Not Alleged A Claim Under The "Fraudulent" Prong Of Section 17200.

To demonstrate that a business practice is "fraudulent" under Section 17200 requires a showing that the public is likely to be deceived by the practice.  Klein, 69 Cal. Rptr. 2d 623, 626 (Cal. Ct. App. 1997); see also Nat'l Rural Telecomm. Coop. v. DirecTV, Inc., 319 F. Supp. 2d 1059, 1077 (C.D. Cal. 2003) ("A business practice is 'fraudulent' if 'members of the public are likely to be deceived.'").  There are no allegations that the public is likely to be deceived by the manner in which

12

1   MedQuist allegedly billed Kaiser.  Therefore, like the "unlawful" and "unfair" prongs, Kaiser has not

2   stated a claim under the "fraudulent" prong of Section 17200.

3        In sum, Kaiser has not stated a Section 17200 claim under any of the three prongs.  Kaiser

4   might contend that its breach of contract claim supports its claim under Section 17200.  However, a

5   breach of contract may form the predicate act for a Section 17200 claim only if it "also constitutes

6   conduct that is unlawful, or unfair, or fraudulent."  <u>Sybersounds Records, Inc. v. UAV Corp.</u>, 517

7   F.3d 1137, 1152 (9th Cir. 2008).  As discussed herein, Kaiser has not adequately alleged unlawful,

8   unfair or fraudulent conduct independent of the alleged breach of contract.  Accordingly, Kaiser's

9   Section 17200 claim must be dismissed.

10  **V.    <u>CONCLUSION</u>**

11       For all of the foregoing reasons, MedQuist Inc. and MedQuist Transcriptions, Ltd.

12  respectfully request the Court to dismiss all of Kaiser's claims with prejudice.

13

14                                        Respectfully Submitted,

15                                        WINSTON & STRAWN LLP

16  Dated:  July 21, 2008              By:    /s/ Neal R. Marder
                                              Neal R. Marder
17                                            Attorneys for Defendants
                                              MEDQUIST INC. and MEDQUIST
18                                            TRANSCRIPTIONS, LTD.

19

20

21

22

23

24

25

26

27

28

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

DEFENDANTS MEDQUIST INC.'S AND MEDQUIST TRANSCRIPTIONS, LTD.'S MOTION TO DISMISS

Neal R. Marder (SBN: 126879)
 nmarder@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA  90071-1543
Telephone:     213-615-1700
Facsimile:      213-615-1750

Attorneys for Defendants
MEDQUIST, INC. AND
MEDQUIST TRANSCRIPTIONS, LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, THE PERMANENTE MEDICAL GROUP, INC., SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC., and KAISER FOUNDATION HEALTH PLAN OF COLORADO<br><br>            Plaintiffs,<br><br>        v.<br><br>MEDQUIST, INC. AND MEDQUIST TRANSCRIPTIONS, LTD.<br><br>            Defendants. | **Case No. 3:08-cv-03245 (PJH)**<br><br>**[PROPOSED] ORDER GRANTING MOTION OF MEDQUIST INC. AND MEDQUIST TRANSCRIPTIONS, LTD. TO DISMISS COMPLAINT**<br><br>Date: August 27, 2008<br>Time: 9:00 AM<br>Locations: Courtroom 3, 17th Floor<br><br>The Honorable Phyllis J. Hamilton |

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

Defendant MedQuist Inc.'s and MedQuist Transcriptions, Ltd's (collectively, "MedQuist") Motion to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) came on regularly for hearing on August 27, 2008, the Honorable Phyllis J. Hamilton, presiding. Counsel for all parties appeared.

The court having considered the papers submitted with the motion, the arguments of counsel, and its files and records in this matter, and good cause appearing therefore, enters its orders as follows:

IT IS HEREBY ORDERED that MedQuist's Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that the Complaint filed by Plaintiffs be, and the same hereby is, DISMISSED WITH PREJUDICE.

Dated: _____

_____
Honorable Phyllis J. Hamilton
United States District Court Judge

**Winston & Strawn LLP**
**333 South Grand Avenue**
**Los Angeles, CA 90071-1543**

1