Neal R. Marder (SBN: 126879)
nmarder@winston.com
Kyle R. Gehrmann (SBN: 212032)
kgehrmann@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:   213-615-1700
Facsimile:   213-615-1750

Attorneys for Defendants
MEDQUIST INC. AND MEDQUIST
TRANSCRIPTIONS, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| KAISER FOUNDATION HEALTH PLAN, INC., et al. | **Case No. 3:08-cv-03245 (PJH)** |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY, (CAMDEN DIVISION); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| MEDQUIST, INC, et al. | |
| Defendants. | [ORAL ARGUMENT REQUESTED] |
| | Date: August 27, 2008<br>Time: 9:00 AM<br>Location: Courtroom 3, 17th Floor<br><br>The Honorable Phyllis J. Hamilton |

PLEASE TAKE NOTICE, that on, August 27, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Judge Phyllis J. Hamilton, of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants MedQuist Inc. and MedQuist Transcriptions, Ltd. (collectively "MedQuist") will and hereby do move this court for an order transferring this action to the United States District Court of New Jersey (Camden Division).

This Motion is made pursuant to 28 U.S.C. § 1404 on the grounds that there is a related case that was litigated for nearly four years in the District of New Jersey that Plaintiffs to this action have admitted "involves the same parties and is based on the same or similar claims" and "arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact." In addition, Plaintiffs are spread throughout the United States, and documents and witnesses, if concentrated anywhere, are concentrated in New Jersey. New Jersey is, therefore, a more convenient and appropriate venue for the parties, witnesses and sources of proof in which to adjudicate Plaintiffs' claims.

This Motion is based on (a) this Notice; (b) the attached Memorandum of Points and Authorities in support of the Motion; (c) the Declarations of Michael Clark and Kyle R. Gehrmann; (d) the arguments of counsel at the time of the hearing on the Motion; and (e) all other pleadings and matters of record in this litigation or that the Court deems just and proper for consideration.

Dated: July 22, 2008

Respectfully submitted,

WINSTON & STRAWN LLP

By: ___/s/ Neal R. Marder_____
    Neal R. Marder
Attorneys for Defendants
MEDQUIST INC. AND MEDQUIST
TRANSCRIPTIONS, LTD.

2
MOTION TO TRANSFER

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS .....................................................................................................2

III. ARGUMENT ..........................................................................................................................4

    A. **The Court Has Broad Discretion To Transfer This Action To The District of New Jersey Under 28 U.S.C. § 1404(a), Where a Related Case Was Recently Litigated For Nearly The Past Four Years** .................................................4

    B. **The Other Relevant Factors Also Favor Transfer To The District Of New Jersey** ...........................................................................................................................6

        1. **Plaintiffs' Effort To Avoid The District Of New Jersey And Proceed In California Should Be Afforded Little, If Any, Weight** .............7

        2. **The Location of Witnesses, Sources of Proof, and the Cost of Litigation Favor Transfer to New Jersey** .........................................................8

        3. **The District of New Jersey Is Relatively Less Congested Than The Northern District of California** ........................................................................9

IV. CONCLUSION ....................................................................................................................10

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Decker Coal v. Commonwealth Edison Co.,
  805 F.2d 834 (9th Cir. 1986) ...................................................................................................6

Jarvis v. Marietta Corp.,
  No. C 98-4951 MJJ, 1999 WL 638231 (N.D. Cal. 1999) ....................................................8, 9

Joe Boxer Corp. v. R. Siskind Co.,
  No. C 98-4899 SI, 1999 WL 429549 (N.D. Cal. June 8, 1999) ...........................................8, 9

Jones v. GNC Franchising, Inc.,
  211 F.3d 495 (9th Cir. 2000) ................................................................................................4, 6

Law Bulletin Pub. Co. v. LRP Publ'ns, Inc.,
  992 F.Supp. 1014 (N.D. Ill. 1998) ...........................................................................................6

Lou v. Belzberg,
  834 F.2d 730 (9th Cir. 1987) ...................................................................................................9

Madani v. Shell Oil Co.,
  No. C07-04296 MJJ, 2008 WL 268986 (N.D. Cal. Jan. 30 2008) ..........................................5

South Broward Hospital District, et al. v. MedQuist, Inc. et al.,
  United States District Court for the District of New Jersey Case Number 05-CV-2206
  (JBS/AND)....................................................................................................................... passim

Van Dusen v. Barrack,
  376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) .............................................................4

Williams v. Bowman
  157 F. Supp. 2d 1103 (N.D. Cal. 2001) ...................................................................................8

**STATUTES**

28 U.S.C. § 1391(a) ........................................................................................................................6

28 U.S.C. §1391(a)(2).....................................................................................................................6

28 U.S.C. § 1404 ....................................................................................................................2, 4, 8

28 U.S.C. § 1404(a) ........................................................................................................................4

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This case is closely related to an action that was pending in the District of New Jersey for nearly the past four years. That related case, South Broward Hospital District, et al. v. MedQuist, Inc. et al., United States District Court for the District of New Jersey, Case No. 05-CV-2206 (JBS/AMD) (the "South Broward action"), involved virtually identical claims, was litigated by the same counsel for both plaintiffs and defendants, and was still pending at the time Plaintiffs filed this action. (See Declaration of Kyle Gehrmann ("Gehrmann Decl."), at ¶ 2 & Ex. A.)[1] Moreover, Plaintiffs themselves were putative class members in the nationwide class alleged in the South Broward action and actively participated, through the same counsel representing them here, in settlement discussions in that related action. Plaintiffs affirmatively represented that the instant case is related to the South Broward action, filing a Notice of Related Case with their Complaint, which confirms that the present case "involves the same parties and is based on the same or similar claims" and "arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact." (Gehrmann Decl. ¶ 3 & Ex. B.) Accordingly, the interests of justice and judicial economy clearly dictate that this action should be transferred to the District of New Jersey, where it could be adjudicated in the same Court and before the same Judge that has presided over these same issues for nearly the past four years.

The other relevant factors also favor transferring the present action to the District of New Jersey. First, Plaintiffs' attempt to avoid the District of New Jersey and proceed in Northern California should be given little deference. Plaintiffs are located in multiple states throughout the country, with some headquartered as far from Northern California as Maryland and Colorado. (Compl. ¶¶ 5-6.) Further, many of the contracts at issue, which were negotiated between parties of equal sophistication, expressly contemplate resolution of disputes in or around MedQuist's New Jersey headquarters. (See Compl. Exs. F at p.4, H at p. 4, J at p. 4, S at p. 3, T at p. 2, U at p. 4, V at p. 4, W at p. 5, X at p. 6.) Plaintiffs have nevertheless ignored the agreed upon choice of forum

---

[1] The South Broward action was settled, and the case was subsequently dismissed with prejudice on June 16, 2008, after Plaintiffs' commenced this separate, related action.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1 provisions in their contracts and engaged in what can only be construed as forum shopping in an
2 effort to avoid litigating this dispute in New Jersey.  Tellingly, the South Broward action was itself
3 first filed by Plaintiffs' counsel in California, in the Central District, before being transferred to the
4 District of New Jersey. (Gehrmann Decl. ¶ 7 & Ex. F.)  Second, the witnesses and documents
5 relevant to this case, including former employees and third parties, are concentrated in or around the
6 District of New Jersey and/or located along the East Coast.  To the extent Plaintiffs purport to state
7 claims based on allegedly fraudulent corporate policies requiring collection and review of
8 MedQuist's corporate records, this factor clearly favors the District of New Jersey.  And, finally, the
9 District of New Jersey is substantially less congested than, and the Courts are not as overburdened
10 as, those in the Northern District of California, with an average reported caseload nearly 50% less
11 than confronting the Courts in this District.

12     For all these reasons, as more fully set forth herein, the interests of justice and judicial
13 economy clearly dictate, and MedQuist respectfully requests, that this Court exercise its discretion to
14 transfer this action to the United States District Court for the District of New Jersey (Camden
15 Division).

16 **II.     STATEMENT OF FACTS**

17     MedQuist Inc., through its wholly owned subsidiary, MedQuist Transcriptions, operates the
18 largest medical transcription business in the United States.  In the present case, Plaintiffs allege that
19 MedQuist engaged in allegedly fraudulent billing practices emanating from its corporate
20 headquarters in Mount Laurel, New Jersey.  (See Compl., at ¶ 8; Declaration of Michael Clark
21 ("Clark Decl.") ¶ 3.)  MedQuist's senior management is located in the New Jersey office.  (Id. at
22 ¶ 4.)  MedQuist's workforce in California consists mainly of non-managerial medical
23 transcriptionists. (Id. at ¶ 5.)  No upper management level functions relating to Plaintiffs' claims in
24 this action take place in California. (Id., at ¶¶ 4-7.)  Most important corporate functions are
25 performed at the corporate level in New Jersey. (Id., at ¶¶ 4-7.)  Invoice creation is executed
26 through the company's corporate offices in New Jersey. (Id., at ¶¶ 7.)  Accounting is also
27 centralized in the corporate offices in New Jersey through an accounting department that performs
28 traditional accounting functions, for example, collections, accounts payable, payroll, etc.  (Id., at

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

2
MOTION TO TRANSFER

¶ 6.) Additionally, payment of invoices from clients is made to a lock box in Newark, New Jersey. (Id., at ¶ 7.)

Plaintiffs are non-governmental hospitals and medical centers located nationwide. Plaintiff Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("Mid-Atlantic") is a Maryland nonprofit corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 2101 East Jefferson Street, Rockville, Maryland 20852. (Compl. at ¶ 5.) Mid-Atlantic is not alleged to have any business operations in California. Plaintiff Kaiser Foundation Health Plan of Colorado is a Colorado nonprofit corporation organized and existing under the laws of the State of Colorado. (Id., at ¶ 6.) The other Plaintiffs are each organized in and have their principle places of business in California. (Id., at ¶¶ 1-4.)

Many of the contracts at issue expressly contemplate resolution of disputes near MedQuist's headquarters in Mount Laurel, New Jersey. (See Compl. Exs. F, H, J, S, T, U, V, W, X.) Of the twenty-four contracts submitted with Plaintiffs' Complaint, nine of them call for alternative dispute resolution near MedQuist's Mount Laurel, New Jersey headquarters, or say that such alternative dispute resolution should take place in the location of the non-moving party.[2] (See Compl. Exs. F at p.4, H at p. 4, J at p. 4, S at p. 3, T at p. 2, U at p. 4, V at p. 4, W at p. 5, X at p. 6.) One contract calls for alternative dispute resolution in Los Angeles, California (Compl. Ex. A at p. 5.) The other contracts either do not contain a venue for dispute resolution or are silent on where it should take place. Notably, none of them specifically call for resolution in San Francisco or Oakland, California.

A substantial number of the relevant documents in this case are located in and around MedQuist's corporate headquarters in Mount Laurel, New Jersey. (Clark Decl. at ¶ 8.) Documents regarding contracting, including responses to requests for proposals, accounting, and invoicing, as well as corporate policies, operational procedures and documents discussing different transcription platforms used by MedQuist are maintained in or around MedQuist's New Jersey headquarters. (Id.)

---

[2] Kaiser has waived its right to arbitrate any of the claims in the contracts with arbitration clauses by filing this lawsuit.

3

MOTION TO TRANSFER

Additionally, witnesses who may have knowledge and information regarding the subject matter of this litigation work or reside in or in close proximity to New Jersey. (Id. at ¶ 9.)

### III. ARGUMENT

#### A. The Court Has Broad Discretion To Transfer This Action To The District of New Jersey Under 28 U.S.C. § 1404(a), Where a Related Case Was Recently Litigated For Nearly The Past Four Years

Section 1404 provides that, for the convenience of the parties and witnesses, a district court may transfer an action to another court "where it may have been brought." 28 U.S.C. § 1404(a). "The purpose of section 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 809, 11 L. Ed. 2d 945 (1964). Under section 1404(a), a district court has wide discretion to decide section 1404(a) motions "according to an individualized, case-by-case consideration of convenience and fairness." See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Based on the Section 1404(a) factors, the Court should transfer this action to the District Court of New Jersey because it is a more convenient forum and it is "in the interests of justice." 28 U.S.C. § 1404(a) ("Section 1404(a)").

Transferring this case to the United States District of New Jersey would clearly promote efficiency and prevent waste of time and money, a factor that weighs heavily in favor of transfer. Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S. Ct. 805, 809 (1964). This case arises directly out of the allegations and claims raised in the South Broward action that have been litigated for nearly the past four years in the District of New Jersey, where Plaintiffs in this action were putative class members. (Gehrmann Decl. ¶ 2 & Ex. A.) The South Broward action was virtually identical factually to this case and stemmed from the same events. (Gehrmann Decl. ¶ 13 & Ex. L.) The presiding Judge in the District of New Jersey, the Honorable Jerome B. Simandle, is therefore very familiar with the material facts at issue, and because those same core operative facts and underlying issues exist in the instant case, a significant amount of time and money will be saved by allowing Judge Simandle to preside over this case as well. Judge Simandle conducted a number of hearings and decided a number of motions during the pendency of the South Broward action, including a motions to dismiss, a motion to stay, a motion for sanctions, and a motion to compel arbitration,

4

MOTION TO TRANSFER

which culminated in an order and opinion on those motions totaling over 70 pages. (See, e.g., Gehrmann Decl. ¶¶ 5-6 & Exs. D, E.) Transferring the case to New Jersey, which is in closer proximity to Plaintiffs' lead counsel, will prevent the parties from duplicating previous expenditures related to briefing of issues with which Judge Simandle is already familiar.

In addition to the South Broward action, the New Jersey District Court has also presided over a series of other separate class actions arising from the same underlying facts put at issue in this litigation. These other cases, all of which were filed as related cases in the District of New Jersey, included Steiner v. MedQuist, Inc. Case No. 04-CV-5487 (JBS/AMD) (shareholder securities class action); Kanter v. Barella, Case No. 04-CV-5542 (JBS/JBR) (shareholder derivative class action); and Myers v. MedQuist, Inc., Case No. 05-CV-4608 (JBS/AMD) (medical transcriptionist class action). (Gehrmann Decl. ¶¶ 10-12 & Exs. I-K.) The Myers action itself was a consolidation of three separate class actions against MedQuist, including two originally filed in the Northern District of Georgia and transferred to New Jersey. (Gehrman Decl. ¶ 10 & Ex. I at pp. 5, 7.) Judge Simandle also heard and decided several motions in these other matters, and the court's orders and opinions issued in those cases totaled well over 100 pages. (Gehrmann Decl. ¶ 14.) The fact that the same court presided over several other litigation matters arising from the same allegations further underscores the efficiencies that could be realized by a transfer of the case to New Jersey.

The circumstances surrounding this motion to transfer are indistinguishable from a case decided in this District earlier this year. Madani v. Shell Oil Co., No. C07-04296 MJJ, 2008 WL 268986 (N.D. Cal. Jan. 30 2008). In Madani, Judge Jenkins transferred an action to the Central District of California because "concerns of judicial efficiency counsel strongly in favor of transfer." Id. at *2. In that case, plaintiffs' counsel filed an action in the Northern District of California that was nearly identical to a previously adjudicated action they had filed earlier in the Central District of California, and over which Judge King of that district had presided for over three years. Id. at **1, 2. The court found that because related case procedures would almost certainly mean that the case would be assigned to Judge King upon transfer, judicial resources are conserved when an action is adjudicated by a court that has already committed judicial resources to the contested issues and is familiar with the facts of the case. Id. Similarly, Judge Simandle in the District of New Jersey

5

MOTION TO TRANSFER

presided over the South Broward action for nearly four years, became familiar with the facts of the case, and dealt with the contested issues by way of ruling on multiple motions to dismiss, among other things. (Gehrmann Decl. ¶¶ 5-6 & Exs. D, E [Opinion and Order].)

The fact that Plaintiffs seek injunctive relief in the Second Cause of Action also militates in favor of transfer. (See Compl., at ¶ 37.) Where injunctive relief is sought, it is important to consider whether one court or another will be "closer to the action" and better able to monitor compliance with any injunction that may be granted. Law Bulletin Pub. Co. v. LRP Publ'ns, Inc., 992 F.Supp. 1014, 1020-21 (N.D. Ill. 1998). Because MedQuist primarily conducts business in New Jersey, the New Jersey District Court is "closer to the action" and better able to monitor compliance with any injunction that may be granted.

### B. The Other Relevant Factors Also Favor Transfer To The District Of New Jersey

In addition to the significant judicial efficiencies and economies that transferring this case would achieve, other convenience factors commonly looked to by courts also favor transfer to New Jersey. Among the other factors that courts weigh when considering transfer are (a) plaintiffs' contact with the chosen forum; (b) convenience of the parties and the witnesses; (c) relative ease of access to evidence; (d) the difference in the costs of litigation; (e) the local interest in the controversy; and (f) relative court congestion. See Decker Coal v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Jones, 211 F.3d at 498. Although a number of Plaintiffs are headquartered in the Northern District of California, others are headquartered elsewhere. And, in any event, Plaintiffs' contact with the forum and the local interest in the controversy are no greater than MedQuist's contacts with, and the local interest in the controversy in, the District of New Jersey. Nor should Plaintiffs' choice of forum be afforded any weight in the present case. When considered in connection with the prior related litigation adjudicated before Judge Simandle, the other factors, however, weigh heavily in favor of transferring the case to the District of New Jersey.

1. **Plaintiffs' Effort To Avoid The District Of New Jersey And Proceed In California Should Be Afforded Little, If Any, Weight**

As discussed above, Plaintiffs affirmatively represented in the Notice of Related Case that this action is closely connected to the District of New Jersey. Despite this pleading admission, Plaintiffs attempted to avoid the District of New Jersey by choosing to file their Complaint in California.[3] Plaintiffs' counsel have sought to litigate similar claims in California before, initially filing the South Broward action in the Central District of California before it was transferred to New Jersey. In a past press release, Plaintiffs' counsel, Greenberg Traurig LLP, proclaimed that they chose California for filing the original complaint in the South Broward action because the state has "very favorable class-action laws and some of the toughest consumer fraud statutes in the country." (Gehrmann Decl. ¶ 4 & Ex. C.) In the South Broward action, there were also several California-based hospital facilities joined as named plaintiffs, but the case was nevertheless transferred to Judge Simandle in the District of New Jersey on grounds of improper and inconvenient venue. (Gehrmann Decl. ¶ 7 and Ex. F.)

Although this action is not a nationwide class action like the South Broward action, Plaintiffs are a nationwide healthcare system, with expansive operations in nine states and the District of Columbia. (Gehrmann Decl. ¶ 15 & Ex. M.) In addition, many of the contracts at issue expressly call for resolution of disputes either near MedQuist's headquarters, or contemplate alternative dispute resolution in the location of the non-complaining party. (See Compl. Exs. F at p.4, H at p. 4, J at p. 4, S at p. 3, T at p. 2, U at p. 4, V at p. 4, W at p. 5, X at p. 6.) This further underscores the

---

[3] While removal to the Northern District of California was proper based on Plaintiffs' filing of the action in the Superior Court of California for the County of Alameda, it is not clear that the case could have been brought in this District originally. See 28 U.S.C. § 1391(a) (A civil action may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.") Hence, venue of this action would have to be proper in this District under 28 U.S.C. §1391(a)(2), since the other subsections would favor the bringing of the action in the District of New Jersey. While it is debatable whether a substantial part of the events giving rise to the claim occurred in this District, the action certainly could have been brought in the District of New Jersey, at MedQuist's principle place of business.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

fact that Plaintiffs' decision to try to litigate these claims in California was based more on a desire for a favorable forum than on complying with the contracts at issue in the lawsuit.

"If there is any indication that Plaintiffs' choice of forum is the result of forum shopping, as here, this choice will be accorded little deference." Williams v. Bowman 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). The facts above indicate that the parties contemplated resolution of disputes in New Jersey, and that Plaintiffs' attorneys chose California in attempt to shop for the best forum. Plaintiffs' choice of forum should therefore be given little, if any, deference.

### 2. The Location of Witnesses, Sources of Proof, and the Cost of Litigation Favor Transfer to New Jersey

When the "location of the evidence is supported by other factors in favor of transfer, the relative ease of access to proof is an important factor to be considered in deciding whether to grant a motion to transfer under section 1404." Jarvis v. Marietta Corp., No. C 98-4951 MJJ, 1999 WL 638231, at *5 (N.D. Cal. 1999). Here, the convenience of the parties and witnesses and the relative ease of access to sources of proof favor the transfer of this action to the District of New Jersey. Even if some of the events giving rise to Plaintiffs' claim occurred in the Northern District of California, transfer is still appropriate because the "center of gravity" of the dispute is in New Jersey. Cf. Joe Boxer Corp. v. R. Siskind Co., No. C 98-4899 SI, 1999 WL 429549, at *9 (N.D. Cal. June 8, 1999) (holding that even though plaintiff was headquartered in San Francisco, since the dispute's "center of gravity" was in New York, a district court in New York would be a more appropriate venue).

That the center of gravity of the action is in New Jersey stems from the fact that the witnesses in the case are likely located near MedQuist's headquarters in New Jersey and along the East Coast. (Clark Decl. ¶ 9.) Any information, therefore, relating to the alleged fraud is likely to be with witnesses in or around New Jersey. Also, if Plaintiffs' allegations that they were uniformly and fraudulently overbilled by MedQuist and its officers are true, then the sources of proof in this case will likely consist of documents regarding corporate contracting, accounting, and invoicing, as well as corporate policies, operational procedures and documents discussing different transcription platforms used by MedQuist. These documents are maintained in or around MedQuist's New Jersey

headquarters. (Clark Decl. ¶ 8.) Thus, the documents that will be sought by the parties to prove their claims or establish their defenses will likely be located in the District of New Jersey. Of course, Plaintiffs will undoubtedly point to their own witnesses and documents relevant to this litigation. But given that those documents and witnesses will likely exist at Plaintiffs' facilities nationwide, and that the purported fraud is alleged to have occurred, at the corporate level, the balance still tips in favor of a New Jersey venue for this action. In sum, to the extent that documents and witnesses relevant to this action are concentrated anywhere, they are concentrated in New Jersey or at least on the East Coast.

Transfer is also appropriate where the costs of litigation would be reduced by transfer of the action. See, e.g., Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). Since most of the important witnesses and relevant documents in this case are likely located in New Jersey, requiring MedQuist to arrange for travel to California for all of its East Coast witnesses would be potentially burdensome, wasteful and expensive. Some of the Plaintiffs' own key witnesses are also located closer to New Jersey than California. (See Compl., at ¶¶ 5-6.) And, Plaintiffs' lead trial counsel is located in Washington, D.C., only a short distance from New Jersey. (Gehrmann Decl. ¶Finally, New Jersey District Court will likely provide the best forum to compel attendance of any unwilling third party witnesses. Because MedQuist's corporate headquarters are in New Jersey, it is likely that nonparty witnesses (such as former employees of MedQuist who may have been involved with the accounts at issue in this lawsuit) who may be asked to testify reside or are located in New Jersey or on the East Coast, where MedQuist transacts the majority of its business and where any alleged fraud would most likely have occurred. See Joe Boxer Corp. v. Siskind Co., Inc., No C 98-4899 SI, 1999 WL 429549, at *9 (N.D. Cal. 1999) (finding the factor of convenience to nonparty witnesses weighed heavily in favor of transfer to New York when most of the nonparty witnesses resided and worked in the New York area).

### 3. The District of New Jersey Is Relatively Less Congested Than The Northern District of California

"An increasingly important factor in determining transfer of venue motions involves the consideration of average trial times and court congestion." Jarvis, 1999 WL 638231, at *7. When

9
MOTION TO TRANSFER

taking into account overall court congestion, transfer to New Jersey would also be in the interest of justice because the Northern District of California's average caseload per judicial officer is nearly 50% greater than that of the District of New Jersey. Based on federally reported statistics, there are currently 7,068 civil and criminal cases pending before thirty-four judges (including magistrate judges) in the District of New Jersey. (Gehrmann Decl. ¶ 8 & Ex. G [James C. Duff, 2007 Annual Report of the Director, http://www.uscourts.gov/judbususc/judbus.html]). This means that there are 207.88 pending cases per judge. See id. In the Northern District of California, there are 9,203 pending civil and criminal cases before twenty-eight judges (including magistrate judges), for an average of 328.67 cases pending per judge. See id. Thus, based on the congestion of court dockets, transfer to the District of New Jersey is in the interest of justice, and would allow the Court and the parties to more quickly and efficiently litigate the claims at issue in this action. This factor is especially significant when taken together with the fact that the District of New Jersey is already familiar with the parties, counsel, facts, and issues in this litigation through its extensive experience presiding for nearly the past four years over the litigation of multiple other cases arising from the same underlying facts.

## IV.    CONCLUSION

For all of the foregoing reasons, this Court should exercise its discretion and transfer this action to the United States District Court of New Jersey.

Dated: July 22, 2008                    Respectfully submitted,

WINSTON & STRAWN LLP


By:    /s/ Neal R. Marder            
    Neal R. Marder
Attorneys for Defendants
MEDQUIST INC. AND MEDQUIST
TRANSCRIPTIONS, LTD.

10
MOTION TO TRANSFER

1  Neal R. Marder (SBN: 126879)
    nmarder@winston.com
2  Kyle R. Gehrmann (SBN: 212032)
    kgehrmann@winston.com
3  WINSTON & STRAWN LLP
    333 South Grand Avenue, 38th Floor
4  Los Angeles, CA 90071-1543
    Telephone:    213-615-1700
5  Facsimile:     213-615-1750

6  Attorneys for Defendants
    MEDQUIST INC. AND MEDQUIST
7  TRANSCRIPTIONS, LTD.

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10  **SAN FRANCISCO DIVISION**

11

12  KAISER FOUNDATION HEALTH PLAN, INC., et al.

    **Case No. 3:08-cv-03245 (PJH)**

13          Plaintiffs,

    **[PROPOSED] ORDER RE DEFENDANTS' MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY, CAMDEN DIVISION**

14      vs.

15  MEDQUIST, INC, et al.

    The Honorable Phyllis J. Hamilton

16          Defendants.

ORDER

1 | Defendants' Motion to Transfer to the District of New Jersey came on regularly for hearing
2 | on August 27, 2008, the Honorable Phyllis J. Hamilton, presiding. Counsel for all parties appeared.
3 | The court having considered the papers submitted with the motion, the arguments of counsel,
4 | and its files and records in this matter, and good cause appearing therefore, enters its orders as
5 | follows:
6 | IT IS HEREBY ORDERED that Defendants' Motion to Transfer to the District of New
7 | Jersey, is GRANTED.
8 | IT IS FURTHER ORDERED that this action be, and hereby is, TRANSFERRED to the
9 | District of New Jersey.

Dated: _____     _____
Honorable Phyllis J. Hamilton
United States District Court Judge

LA:218407.1

1
ORDER