# EXHIBIT G

**Table C.**
**U.S. District Courts—Civil Cases Commenced, Terminated, and Pending**
**During the 12-Month Periods Ending September 30, 2006 and 2007**

| Circuit | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2006 | 2007 | Percent Change [1] | 2006 | 2007 | Percent Change [1] | 2006 [2] | 2007 | Percent Change [1] |
| **TOTAL** | **259,541** | **257,507** | **-0.8** | **273,193** | **239,678** | **-12.3** | **247,253** | **265,082** | **7.2** |
| **DC** | **2,382** | **2,415** | **1.4** | **2,836** | **2,456** | **-13.4** | **2,803** | **2,762** | **-1.5** |
| **1ST** | **5,887** | **5,890** | **0.1** | **6,267** | **5,959** | **-4.9** | **6,521** | **6,452** | **-1.1** |
| ME | 385 | 449 | 16.6 | 430 | 409 | -4.9 | 257 | 297 | 15.6 |
| MA | 3,085 | 3,131 | 1.5 | 3,397 | 3,266 | -3.9 | 3,327 | 3,192 | -4.1 |
| NH | 501 | 450 | -10.2 | 495 | 461 | -6.9 | 428 | 417 | -2.6 |
| RI | 583 | 593 | 1.7 | 545 | 564 | 3.5 | 805 | 834 | 3.6 |
| PR | 1,333 | 1,267 | -5.0 | 1,400 | 1,259 | -10.1 | 1,704 | 1,712 | 0.5 |
| **2ND** | **23,369** | **27,165** | **16.2** | **21,274** | **22,771** | **7.0** | **32,953** | **37,347** | **13.3** |
| CT | 2,087 | 2,056 | -1.5 | 2,300 | 2,362 | 2.7 | 2,732 | 2,426 | -11.2 |
| NY,N | 1,590 | 1,453 | -8.6 | 1,415 | 1,689 | 19.4 | 2,681 | 2,445 | -8.8 |
| NY,E | 6,993 | 5,751 | -17.8 | 5,909 | 5,940 | 0.5 | 8,353 | 8,164 | -2.3 |
| NY,S | 10,793 | 16,125 | 49.4 | 9,766 | 10,804 | 10.6 | 16,248 | 21,569 | 32.7 |
| NY,W | 1,631 | 1,492 | -8.5 | 1,568 | 1,667 | 6.3 | 2,655 | 2,480 | -6.6 |
| VT | 275 | 288 | 4.7 | 316 | 309 | -2.2 | 284 | 263 | -7.4 |
| **3RD** | **44,792** | **32,521** | **-27.4** | **41,536** | **23,141** | **-44.3** | **28,098** | **37,478** | **33.4** |
| DE | 930 | 870 | -6.5 | 1,284 | 817 | -36.4 | 1,262 | 1,315 | 4.2 |
| NJ | 6,274 | 6,657 | 6.1 | 6,433 | 6,558 | 1.9 | 5,873 | 5,972 | 1.7 |
| PA,E | 31,997 | 19,739 | -38.3 | 27,962 | 10,341 | -63.0 | 15,396 | 24,794 | 61.0 |
| PA,M | 2,745 | 2,416 | -12.0 | 2,747 | 2,422 | -11.8 | 2,038 | 2,032 | -0.3 |
| PA,W | 2,472 | 2,476 | 0.2 | 2,828 | 2,687 | -5.0 | 2,297 | 2,086 | -9.2 |
| VI | 374 | 363 | -2.9 | 282 | 316 | 12.1 | 1,232 | 1,279 | 3.8 |
| **4TH** | **17,610** | **17,331** | **-1.6** | **18,480** | **17,624** | **-4.6** | **13,379** | **13,086** | **-2.2** |
| MD | 3,391 | 3,601 | 6.2 | 3,537 | 3,547 | 0.3 | 2,877 | 2,931 | 1.9 |
| NC,E | 1,264 | 1,367 | 8.1 | 1,435 | 1,424 | -0.8 | 1,304 | 1,247 | -4.4 |
| NC,M | 1,176 | 1,003 | -14.7 | 1,221 | 1,138 | -6.8 | 1,015 | 880 | -13.3 |
| NC,W | 1,068 | 1,049 | -1.8 | 1,133 | 1,211 | 6.9 | 959 | 797 | -16.9 |
| SC | 3,625 | 4,403 | 21.5 | 3,961 | 4,314 | 8.9 | 2,918 | 3,007 | 3.1 |
| VA,E | 3,891 | 3,239 | -16.8 | 3,865 | 3,091 | -20.0 | 1,690 | 1,838 | 8.8 |
| VA,W | 1,339 | 1,146 | -14.4 | 1,407 | 1,240 | -11.9 | 754 | 660 | -12.5 |
| WV,N | 598 | 633 | 5.9 | 622 | 611 | -1.8 | 708 | 730 | 3.1 |
| WV,S | 1,258 | 890 | -29.3 | 1,299 | 1,048 | -19.3 | 1,154 | 996 | -13.7 |

## Table C. (September 30, 2007—Continued)

| Circuit | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2006 | 2007 | Percent Change [1] | 2006 | 2007 | Percent Change [1] | 2006 [2] | 2007 | Percent Change [1] |
| **5TH** | **34,310** | **34,662** | **1.0** | **31,364** | **37,129** | **18.4** | **39,590** | **37,123** | **-6.2** |
| LA,E | 9,805 | 10,484 | 6.9 | 3,247 | 6,194 | 90.8 | 11,786 | 16,076 | 36.4 |
| LA,M | 1,064 | 999 | -6.1 | 1,546 | 7,365 | 376.4 | 8,743 | 2,377 | -72.8 |
| LA,W | 2,337 | 2,468 | 5.6 | 2,536 | 2,378 | -6.2 | 2,176 | 2,266 | 4.1 |
| MS,N | 1,128 | 947 | -16.0 | 1,187 | 999 | -15.8 | 1,367 | 1,315 | -3.8 |
| MS,S | 2,780 | 2,702 | -2.8 | 4,609 | 2,873 | -37.7 | 2,745 | 2,574 | -6.2 |
| TX,N | 4,516 | 4,213 | -6.7 | 4,581 | 4,483 | -2.1 | 3,249 | 2,979 | -8.3 |
| TX,E | 3,001 | 3,222 | 7.4 | 3,014 | 2,919 | -3.2 | 2,462 | 2,765 | 12.3 |
| TX,S | 6,467 | 6,434 | -0.5 | 7,225 | 6,528 | -9.6 | 4,512 | 4,418 | -2.1 |
| TX,W | 3,212 | 3,193 | -0.6 | 3,419 | 3,390 | -0.8 | 2,550 | 2,353 | -7.7 |
| **6TH** | **21,394** | **21,322** | **-0.3** | **38,052** | **21,611** | **-43.2** | **22,600** | **22,311** | **-1.3** |
| KY,E | 1,940 | 1,604 | -17.3 | 2,241 | 1,694 | -24.4 | 1,536 | 1,446 | -5.9 |
| KY,W | 1,411 | 1,309 | -7.2 | 1,431 | 1,294 | -9.6 | 1,280 | 1,295 | 1.2 |
| MI,E | 5,655 | 5,580 | -1.3 | 20,133 | 5,377 | -73.3 | 5,355 | 5,558 | 3.8 |
| MI,W | 1,578 | 1,593 | 1.0 | 1,410 | 1,482 | 5.1 | 1,308 | 1,419 | 8.5 |
| OH,N | 4,393 | 4,543 | 3.4 | 5,980 | 5,313 | -11.2 | 6,099 | 5,329 | -12.6 |
| OH,S | 2,374 | 2,836 | 19.5 | 2,575 | 2,616 | 1.6 | 2,816 | 3,036 | 7.8 |
| TN,E | 1,257 | 1,181 | -6.0 | 1,417 | 1,255 | -11.4 | 1,456 | 1,382 | -5.1 |
| TN,M | 1,535 | 1,548 | 0.8 | 1,516 | 1,270 | -16.2 | 1,293 | 1,571 | 21.5 |
| TN,W | 1,251 | 1,128 | -9.8 | 1,349 | 1,310 | -2.9 | 1,457 | 1,275 | -12.5 |
| **7TH** | **16,096** | **15,594** | **-3.1** | **16,463** | **15,945** | **-3.1** | **14,464** | **14,113** | **-2.4** |
| IL,N | 7,265 | 7,620 | 4.9 | 7,432 | 7,169 | -3.5 | 6,615 | 7,066 | 6.8 |
| IL,C | 1,021 | 1,009 | -1.2 | 1,087 | 1,001 | -7.9 | 953 | 961 | 0.8 |
| IL,S | 1,160 | 1,025 | -11.6 | 1,226 | 1,209 | -1.4 | 1,241 | 1,057 | -14.8 |
| IN,N | 1,843 | 1,516 | -17.7 | 1,826 | 1,779 | -2.6 | 1,733 | 1,470 | -15.2 |
| IN,S | 2,673 | 2,411 | -9.8 | 2,786 | 2,580 | -7.4 | 2,358 | 2,189 | -7.2 |
| WI,E | 1,396 | 1,231 | -11.8 | 1,414 | 1,394 | -1.4 | 1,272 | 1,109 | -12.8 |
| WI,W | 738 | 782 | 6.0 | 692 | 813 | 17.5 | 292 | 261 | -10.6 |
| **8TH** | **16,516** | **15,569** | **-5.7** | **18,431** | **15,221** | **-17.4** | **16,990** | **17,338** | **2.0** |
| AR,E | 2,987 | 2,063 | -30.9 | 2,302 | 1,727 | -25.0 | 4,412 | 4,748 | 7.6 |
| AR,W | 848 | 803 | -5.3 | 944 | 755 | -20.0 | 656 | 704 | 7.3 |
| IA,N | 551 | 549 | -0.4 | 605 | 624 | 3.1 | 532 | 457 | -14.1 |
| IA,S | 845 | 779 | -7.8 | 886 | 794 | -10.4 | 812 | 797 | -1.8 |
| MN | 4,714 | 5,412 | 14.8 | 6,725 | 4,964 | -26.2 | 5,391 | 5,839 | 8.3 |
| MO,E | 2,455 | 2,414 | -1.7 | 2,668 | 2,374 | -11.0 | 1,948 | 1,988 | 2.1 |
| MO,W | 2,401 | 2,037 | -15.2 | 2,734 | 2,167 | -20.7 | 1,703 | 1,573 | -7.6 |
| NE | 1,086 | 891 | -18.0 | 991 | 1,165 | 17.6 | 913 | 639 | -30.0 |
| ND | 211 | 203 | -3.8 | 224 | 217 | -3.1 | 218 | 204 | -6.4 |
| SD | 418 | 418 | 0.0 | 352 | 434 | 23.3 | 405 | 389 | -4.0 |

## Table C. (September 30, 2007—Continued)

| Circuit | Filings 2006 | Filings 2007 | Percent Change [1] | Terminations 2006 | Terminations 2007 | Percent Change [1] | Pending 2006 [2] | Pending 2007 | Percent Change [1] |
|---|---|---|---|---|---|---|---|---|---|
| **9TH** | **41,178** | **40,637** | **-1.3** | **40,760** | **39,223** | **-3.8** | **38,913** | **40,327** | **3.6** |
| AK | 363 | 347 | -4.4 | 347 | 326 | -6.1 | 388 | 409 | 5.4 |
| AZ | 4,369 | 3,477 | -20.4 | 5,296 | 3,968 | -25.1 | 3,560 | 3,069 | -13.8 |
| CA,N | 7,812 | 7,074 | -9.4 | 6,159 | 5,853 | -5.0 | 7,097 | 8,318 | 17.2 |
| CA,E | 4,534 | 4,595 | 1.3 | 3,824 | 4,259 | 11.4 | 6,093 | 6,429 | 5.5 |
| CA,C | 11,104 | 11,904 | 7.2 | 11,732 | 11,491 | -2.1 | 9,531 | 9,944 | 4.3 |
| CA,S | 2,860 | 2,829 | -1.1 | 2,582 | 2,855 | 10.6 | 2,160 | 2,134 | -1.2 |
| HI | 726 | 663 | -8.7 | 739 | 758 | 2.6 | 720 | 625 | -13.2 |
| ID | 538 | 542 | 0.7 | 618 | 554 | -10.4 | 633 | 621 | -1.9 |
| MT | 624 | 620 | -0.6 | 669 | 741 | 10.8 | 769 | 648 | -15.7 |
| NV | 2,282 | 2,463 | 7.9 | 2,026 | 2,200 | 8.6 | 2,568 | 2,831 | 10.2 |
| OR | 2,396 | 2,524 | 5.3 | 2,561 | 2,375 | -7.3 | 2,355 | 2,504 | 6.3 |
| WA,E | 701 | 640 | -8.7 | 725 | 625 | -13.8 | 544 | 559 | 2.8 |
| WA,W | 2,772 | 2,874 | 3.7 | 3,398 | 3,147 | -7.4 | 2,409 | 2,136 | -11.3 |
| GUAM | 44 | 38 | -13.6 | 49 | 32 | -34.7 | 38 | 44 | 15.8 |
| NMI | 53 | 47 | -11.3 | 35 | 39 | 11.4 | 48 | 56 | 16.7 |
| **10TH** | **10,000** | **9,994** | **-0.1** | **10,616** | **10,153** | **-4.4** | **9,138** | **8,979** | **-1.7** |
| CO | 2,809 | 2,796 | -0.5 | 2,993 | 2,793 | -6.7 | 2,098 | 2,101 | 0.1 |
| KS | 1,498 | 1,551 | 3.5 | 1,659 | 1,487 | -10.4 | 1,382 | 1,446 | 4.6 |
| NM | 1,328 | 1,449 | 9.1 | 1,317 | 1,339 | 1.7 | 1,492 | 1,602 | 7.4 |
| OK,N | 730 | 745 | 2.1 | 890 | 818 | -8.1 | 834 | 761 | -8.8 |
| OK,E | 549 | 487 | -11.3 | 513 | 620 | 20.9 | 554 | 421 | -24.0 |
| OK,W | 1,506 | 1,536 | 2.0 | 1,602 | 1,509 | -5.8 | 1,066 | 1,093 | 2.5 |
| UT | 1,272 | 1,141 | -10.3 | 1,347 | 1,237 | -8.2 | 1,337 | 1,241 | -7.2 |
| WY | 308 | 289 | -6.2 | 295 | 350 | 18.6 | 375 | 314 | -16.3 |
| **11TH** | **26,007** | **34,407** | **32.3** | **27,114** | **28,445** | **4.9** | **21,804** | **27,766** | **27.3** |
| AL,N | 2,675 | 4,843 | 81.0 | 3,132 | 3,508 | 12.0 | 2,340 | 3,675 | 57.1 |
| AL,M | 1,226 | 1,187 | -3.2 | 1,322 | 1,278 | -3.3 | 1,149 | 1,058 | -7.9 |
| AL,S | 822 | 980 | 19.2 | 741 | 974 | 31.4 | 742 | 748 | 0.8 |
| FL,N | 1,633 | 1,635 | 0.1 | 1,484 | 1,614 | 8.8 | 1,321 | 1,342 | 1.6 |
| FL,M | 6,739 | 12,660 | 87.9 | 6,715 | 7,368 | 9.7 | 6,588 | 11,880 | 80.3 |
| FL,S | 6,716 | 7,072 | 5.3 | 7,076 | 7,452 | 5.3 | 4,881 | 4,501 | -7.8 |
| GA,N | 3,879 | 3,900 | 0.5 | 4,180 | 3,950 | -5.5 | 2,866 | 2,816 | -1.7 |
| GA,M | 1,167 | 1,210 | 3.7 | 1,173 | 1,169 | -0.3 | 1,072 | 1,113 | 3.8 |
| GA,S | 1,150 | 920 | -20.0 | 1,291 | 1,132 | -12.3 | 845 | 633 | -25.1 |

NOTE: PENDING CASES EXCLUDE ASBESTOS CASES TRANSFERRED TO PA,E UNDER ORDER 875 OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.
[1] PERCENT CHANGE NOT COMPUTED WHEN FEWER THAN 10 CASES REPORTED FOR THE PREVIOUS PERIOD.
[2] REVISED.

**Table D. Cases**
**U.S. District Courts—Criminal Cases Commenced, Terminated, and Pending**
**During the 12-Month Periods Ending September 30, 2006 and 2007**

| Circuit and District | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2006 | 2007 | Percent Change [1] | 2006 | 2007 | Percent Change [1] | 2006 [2] | 2007 | Percent Change [1] |
| **TOTAL** | **66,860** | **68,413** | **2.3** | **67,499** | **67,851** | **0.5** | **71,916** | **72,478** | **0.8** |
| **DC** | **380** | **321** | **-15.5** | **437** | **435** | **-0.5** | **1,354** | **1,240** | **-8.4** |
| **1ST** | **1,327** | **1,352** | **1.9** | **1,317** | **1,444** | **9.6** | **1,820** | **1,728** | **-5.1** |
| ME | 178 | 194 | 9.0 | 218 | 195 | -10.6 | 142 | 141 | -0.7 |
| MA | 342 | 378 | 10.5 | 390 | 415 | 6.4 | 827 | 790 | -4.5 |
| NH | 273 | 224 | -17.9 | 242 | 236 | -2.5 | 248 | 236 | -4.8 |
| RI | 126 | 122 | -3.2 | 121 | 138 | 14.0 | 225 | 209 | -7.1 |
| PR | 408 | 434 | 6.4 | 346 | 460 | 32.9 | 378 | 352 | -6.9 |
| **2ND** | **3,302** | **3,273** | **-0.9** | **3,299** | **3,232** | **-2.0** | **7,611** | **7,652** | **0.5** |
| CT | 303 | 248 | -18.2 | 272 | 274 | 0.7 | 434 | 408 | -6.0 |
| NY,N | 407 | 462 | 13.5 | 376 | 392 | 4.3 | 536 | 606 | 13.1 |
| NY,E | 735 | 820 | 11.6 | 734 | 706 | -3.8 | 2,060 | 2,174 | 5.5 |
| NY,S | 1,021 | 1,026 | 0.5 | 1,181 | 1,078 | -8.7 | 3,620 | 3,568 | -1.4 |
| NY,W | 709 | 561 | -20.9 | 579 | 636 | 9.8 | 750 | 675 | -10.0 |
| VT | 127 | 156 | 22.8 | 157 | 146 | -7.0 | 211 | 221 | 4.7 |
| **3RD** | **2,845** | **3,035** | **6.7** | **3,062** | **2,976** | **-2.8** | **3,854** | **3,913** | **1.5** |
| DE | 126 | 176 | 39.7 | 117 | 134 | 14.5 | 184 | 226 | 22.8 |
| NJ | 1,032 | 1,004 | -2.7 | 1,089 | 1,152 | 5.8 | 1,244 | 1,096 | -11.9 |
| PA,E | 627 | 713 | 13.7 | 770 | 635 | -17.5 | 908 | 986 | 8.6 |
| PA,M | 447 | 488 | 9.2 | 442 | 444 | 0.5 | 538 | 582 | 8.2 |
| PA,W | 493 | 530 | 7.5 | 516 | 497 | -3.7 | 521 | 554 | 6.3 |
| VI | 120 | 124 | 3.3 | 128 | 114 | -10.9 | 459 | 469 | 2.2 |
| **4TH** | **8,175** | **8,826** | **8.0** | **7,619** | **8,840** | **16.0** | **10,726** | **10,712** | **-0.1** |
| MD | 1,755 | 1,522 | -13.3 | 1,374 | 1,260 | -8.3 | 2,891 | 3,153 | 9.1 |
| NC,E | 978 | 1,087 | 11.1 | 985 | 1,600 | 62.4 | 1,959 | 1,446 | -26.2 |
| NC,M | 395 | 358 | -9.4 | 387 | 334 | -13.7 | 295 | 319 | 8.1 |
| NC,W | 518 | 419 | -19.1 | 531 | 530 | -0.2 | 701 | 590 | -15.8 |
| SC | 821 | 885 | 7.8 | 809 | 837 | 3.5 | 859 | 907 | 5.6 |
| VA,E | 2,803 | 3,701 | 32.0 | 2,572 | 3,417 | 32.9 | 3,037 | 3,321 | 9.4 |
| VA,W | 374 | 320 | -14.4 | 415 | 395 | -4.8 | 533 | 458 | -14.1 |
| WV,N | 278 | 305 | 9.7 | 272 | 215 | -21.0 | 231 | 321 | 39.0 |
| WV,S | 253 | 229 | -9.5 | 274 | 252 | -8.0 | 220 | 197 | -10.5 |

## Table D. Cases (September 30, 2007—Continued)

| Circuit and District | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2006 | 2007 | Percent Change [1] | 2006 | 2007 | Percent Change [1] | 2006 [2] | 2007 | Percent Change [1] |
| **5TH** | **13,820** | **13,951** | **0.9** | **14,130** | **12,994** | **-8.0** | **10,419** | **11,376** | **9.2** |
| LA,E | 318 | 414 | 30.2 | 319 | 345 | 8.2 | 303 | 372 | 22.8 |
| LA,M | 243 | 257 | 5.8 | 184 | 161 | -12.5 | 461 | 557 | 20.8 |
| LA,W | 502 | 353 | -29.7 | 508 | 398 | -21.7 | 398 | 353 | -11.3 |
| MS,N | 152 | 173 | 13.8 | 139 | 155 | 11.5 | 152 | 170 | 11.8 |
| MS,S | 460 | 421 | -8.5 | 428 | 421 | -1.6 | 349 | 349 | 0.0 |
| TX,N | 784 | 840 | 7.1 | 829 | 869 | 4.8 | 1,001 | 972 | -2.9 |
| TX,E | 662 | 664 | 0.3 | 617 | 663 | 7.5 | 607 | 608 | 0.2 |
| TX,S | 5,379 | 5,253 | -2.3 | 5,794 | 4,879 | -15.8 | 4,438 | 4,812 | 8.4 |
| TX,W | 5,320 | 5,576 | 4.8 | 5,312 | 5,103 | -3.9 | 2,710 | 3,183 | 17.5 |
| **6TH** | **4,536** | **4,393** | **-3.2** | **4,642** | **4,419** | **-4.8** | **4,933** | **4,907** | **-0.5** |
| KY,E | 492 | 452 | -8.1 | 446 | 496 | 11.2 | 433 | 389 | -10.2 |
| KY,W | 742 | 815 | 9.8 | 643 | 749 | 16.5 | 686 | 752 | 9.6 |
| MI,E | 554 | 478 | -13.7 | 614 | 560 | -8.8 | 857 | 775 | -9.6 |
| MI,W | 346 | 359 | 3.8 | 409 | 351 | -14.2 | 232 | 240 | 3.4 |
| OH,N | 592 | 558 | -5.7 | 675 | 540 | -20.0 | 431 | 449 | 4.2 |
| OH,S | 598 | 503 | -15.9 | 601 | 509 | -15.3 | 641 | 635 | -0.9 |
| TN,E | 425 | 461 | 8.5 | 465 | 433 | -6.9 | 458 | 486 | 6.1 |
| TN,M | 262 | 250 | -4.6 | 252 | 263 | 4.4 | 290 | 277 | -4.5 |
| TN,W | 525 | 517 | -1.5 | 537 | 518 | -3.5 | 905 | 904 | -0.1 |
| **7TH** | **2,390** | **2,320** | **-2.9** | **2,357** | **2,188** | **-7.2** | **2,583** | **2,715** | **5.1** |
| IL,N | 611 | 546 | -10.6 | 613 | 509 | -17.0 | 1,014 | 1,051 | 3.6 |
| IL,C | 374 | 464 | 24.1 | 371 | 401 | 8.1 | 351 | 414 | 17.9 |
| IL,S | 243 | 237 | -2.5 | 265 | 223 | -15.8 | 200 | 214 | 7.0 |
| IN,N | 416 | 364 | -12.5 | 392 | 385 | -1.8 | 406 | 385 | -5.2 |
| IN,S | 232 | 180 | -22.4 | 227 | 198 | -12.8 | 172 | 154 | -10.5 |
| WI,E | 288 | 340 | 18.1 | 258 | 290 | 12.4 | 332 | 382 | 15.1 |
| WI,W | 226 | 189 | -16.4 | 231 | 182 | -21.2 | 108 | 115 | 6.5 |
| **8TH** | **4,530** | **4,449** | **-1.8** | **4,666** | **4,570** | **-2.1** | **4,111** | **3,990** | **-2.9** |
| AR,E | 353 | 334 | -5.4 | 285 | 297 | 4.2 | 364 | 401 | 10.2 |
| AR,W | 229 | 225 | -1.7 | 192 | 199 | 3.6 | 157 | 183 | 16.6 |
| IA,N | 420 | 312 | -25.7 | 396 | 396 | 0.0 | 320 | 236 | -26.3 |
| IA,S | 331 | 437 | 32.0 | 327 | 363 | 11.0 | 375 | 449 | 19.7 |
| MN | 388 | 383 | -1.3 | 440 | 405 | -8.0 | 362 | 340 | -6.1 |
| MO,E | 925 | 872 | -5.7 | 887 | 885 | -0.2 | 556 | 543 | -2.3 |
| MO,W | 676 | 638 | -5.6 | 656 | 646 | -1.5 | 887 | 879 | -0.9 |
| NE | 558 | 584 | 4.7 | 814 | 752 | -7.6 | 660 | 492 | -25.5 |
| ND | 250 | 224 | -10.4 | 258 | 198 | -23.3 | 123 | 149 | 21.1 |
| SD | 400 | 440 | 10.0 | 411 | 429 | 4.4 | 307 | 318 | 3.6 |

## Table D. Cases (September 30, 2007—Continued)

| Circuit and District | Filings | | | Terminations | | | Pending | | |
|---|---|---|---|---|---|---|---|---|---|
| | 2006 | 2007 | Percent Change [1] | 2006 [2] | 2007 | Percent Change [1] | 2006 [2] | 2007 | Percent Change [1] |
| **9TH** | **12,819** | **14,497** | **13.1** | **13,057** | **14,837** | **13.6** | **13,304** | **12,964** | **-2.6** |
| AK | 158 | 178 | 12.7 | 171 | 167 | -2.3 | 141 | 152 | 7.8 |
| AZ | 3,446 | 4,349 | 26.2 | 3,719 | 4,436 | 19.3 | 2,651 | 2,564 | -3.3 |
| CA,N | 661 | 614 | -7.1 | 642 | 639 | -0.5 | 910 | 885 | -2.7 |
| CA,E | 942 | 877 | -6.9 | 862 | 733 | -15.0 | 1,155 | 1,299 | 12.5 |
| CA,C | 1,149 | 1,464 | 27.4 | 1,316 | 1,362 | 3.5 | 1,917 | 2,019 | 5.3 |
| CA,S | 2,731 | 3,319 | 21.5 | 2,552 | 3,748 | 46.9 | 2,274 | 1,845 | -18.9 |
| HI | 377 | 364 | -3.4 | 426 | 391 | -8.2 | 488 | 461 | -5.5 |
| ID | 216 | 239 | 10.6 | 223 | 240 | 7.6 | 215 | 214 | -0.5 |
| MT | 408 | 448 | 9.8 | 434 | 409 | -5.8 | 413 | 452 | 9.4 |
| NV | 497 | 355 | -28.6 | 470 | 579 | 23.2 | 781 | 557 | -28.7 |
| OR | 662 | 619 | -6.5 | 679 | 650 | -4.3 | 708 | 677 | -4.4 |
| WA,E | 393 | 352 | -10.4 | 396 | 391 | -1.3 | 317 | 278 | -12.3 |
| WA,W | 1,086 | 1,122 | 3.3 | 1,045 | 976 | -6.6 | 1,262 | 1,408 | 11.6 |
| GUAM | 77 | 169 | 119.5 | 99 | 91 | -8.1 | 51 | 129 | 152.9 |
| NMI | 16 | 28 | 75.0 | 23 | 25 | 8.7 | 21 | 24 | 14.3 |
| **10TH** | **6,629** | **5,965** | **-10.0** | **6,680** | **5,910** | **-11.5** | **5,120** | **5,175** | **1.1** |
| CO | 598 | 497 | -16.9 | 506 | 442 | -12.6 | 939 | 994 | 5.9 |
| KS | 774 | 702 | -9.3 | 756 | 662 | -12.4 | 746 | 786 | 5.4 |
| NM | 2,826 | 2,392 | -15.4 | 3,026 | 2,430 | -19.7 | 1,543 | 1,505 | -2.5 |
| OK,N | 191 | 198 | 3.7 | 218 | 227 | 4.1 | 172 | 143 | -16.9 |
| OK,E | 67 | 72 | 7.5 | 85 | 79 | -7.1 | 58 | 51 | -12.1 |
| OK,W | 881 | 877 | -0.5 | 749 | 760 | 1.5 | 588 | 705 | 19.9 |
| UT | 952 | 915 | -3.9 | 997 | 983 | -1.4 | 722 | 654 | -9.4 |
| WY | 340 | 312 | -8.2 | 343 | 327 | -4.7 | 352 | 337 | -4.3 |
| **11TH** | **6,107** | **6,031** | **-1.2** | **6,233** | **6,006** | **-3.6** | **6,081** | **6,106** | **0.4** |
| AL,N | 579 | 503 | -13.1 | 485 | 543 | 12.0 | 494 | 454 | -8.1 |
| AL,M | 283 | 274 | -3.2 | 277 | 262 | -5.4 | 295 | 307 | 4.1 |
| AL,S | 282 | 346 | 22.7 | 294 | 270 | -8.2 | 312 | 388 | 24.4 |
| FL,N | 538 | 533 | -0.9 | 489 | 558 | 14.1 | 566 | 541 | -4.4 |
| FL,M | 1,243 | 1,129 | -9.2 | 1,288 | 1,139 | -11.6 | 1,311 | 1,301 | -0.8 |
| FL,S | 1,373 | 1,608 | 17.1 | 1,496 | 1,579 | 5.5 | 1,043 | 1,072 | 2.8 |
| GA,N | 666 | 522 | -21.6 | 699 | 535 | -23.5 | 885 | 872 | -1.5 |
| GA,M | 495 | 522 | 5.5 | 500 | 566 | 13.2 | 482 | 438 | -9.1 |
| GA,S | 648 | 594 | -8.3 | 705 | 554 | -21.4 | 693 | 733 | 5.8 |

NOTE: PENDING TOTALS EXCLUDE EACH CASE IN WHICH THE DEFENDANT HAS BEEN A FUGITIVE SINCE BEFORE OCTOBER 1, 2006. HOWEVER, NO CASE WITH MULTIPLE DEFENDANTS HAS BEEN EXCLUDED UNLESS ALL DEFENDANTS IN THE CASE HAVE BEEN FUGITIVES SINCE BEFORE OCTOBER 1, 2006. THIS TABLE INCLUDES ALL FELONY AND CLASS A MISDEMEANOR CASES, BUT INCLUDES ONLY THOSE PETTY OFFENSE CASES THAT HAVE BEEN ASSIGNED TO DISTRICT JUDGES.

[1] PERCENT CHANGE NOT COMPUTED WHEN FEWER THAN 10 CASES REPORTED FOR THE PREVIOUS PERIOD.

[2] REVISED.

# EXHIBIT H

# LOCAL CIVIL AND CRIMINAL RULES

### OF THE

## UNITED STATES DISTRICT COURT

### FOR THE

## DISTRICT OF NEW JERSEY



**With Revisions as of January 31, 2008**

**Civ. RULE 40.1 ALLOCATION AND ASSIGNMENT OF CASES**

**(a) Allocation.** Each civil case shall be allocated by the Clerk of the Court to Camden, Newark or Trenton at the time it is commenced. The Clerk shall consider the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose. The vicinage allocated shall be the location of trial and of all proceedings in the case, unless changed by order of the Court.

**(b) Assignment**

(1) After allocation, and subject to the supervision of the Chief Judge, each case shall be assigned forthwith to a Judge by the Clerk or the Deputy charged with such duty.

(2) If it appears that any matter requires immediate attention and the Judge to whom an action has been or would be assigned is not or will not be available, the Clerk or Deputy charged with such duty, under direction of the Chief Judge, shall assign the matter either permanently or temporarily to an available Judge.

**(c) Related Cases.** When a civil action: (1) relates to any property included in a case already pending in this Court; (2) grows out of the same transaction as any case already pending in this Court; or (3) involves the validity or infringement of any patent, copyright or trademark which is involved in a case already pending in this Court, counsel shall at the time of filing the action inform the Clerk of such fact. Whenever possible, such action shall be assigned to the same Judge to whom the pending related action is assigned.

**(d) Notice and Objection.** Promptly after allocation and assignment of a civil case, the Clerk shall notify both the parties or their counsel and the Judge of such allocation and assignment. Objections to either the allocation or the assignment of a civil case shall be made before the Chief Judge, on notice to opposing counsel and to the Judge to whom the case has been assigned.

**(e) Reallocation and Reassignment.** Disposition of any objections submitted under paragraph (d) above, and any other reallocation or reassignment of any case, shall be upon order of the Chief Judge.

Amended: March 3, 1998

**Source:** L.Civ.R. 40.1(a) - G.R. 11.A.; L.Civ.R. 40.1(b) - G.R. 11.B.; L.Civ.R. 40.1(c) - G.R. 11.C.; L.Civ.R. 40.1(d) - G.R. 11.D.; L.Civ.R. 40.1(e) - G.R. 11.F.

**Civ. RULE 41.1 DISMISSAL OF INACTIVE CASES**

(a) Civil cases, other than bankruptcy matters, which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit from counsel of record

# EXHIBIT I

SCHEDO, STAYED

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CIVIL DOCKET FOR CASE #: 1:05-cv-04608-JBS-AMD

MYERS et al v. MEDQUIST INC. et al
Assigned to: Judge Jerome B. Simandle
Referred to: Magistrate Judge Ann Marie Donio
Member case: (View Member Case)
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 09/22/2005
Jury Demand: Both
Nature of Suit: 190 Contract: Other
Jurisdiction: Federal Question

**Plaintiff**

**DOROTHY D. MYERS**                    represented by **DONNA SIEGEL MOFFA**
TRUJILLO, RODRIGUEZ &
RICHARDS, LLP
8 KINGS HIGHWAY WEST
HADDONFIELD, NJ 08033
(856) 795-9002
Email: donna@trrlaw.com
*TERMINATED: 03/24/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LAURA A. FELDMAN**
FELDMAN & PINTO
1604 LOCUST STREET, 2R
PHILADELPHIA, PA 19103
(215) 546-2604
Fax: (215) 546-9904
Email: lfeldman@feldmanpinto.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LISA J. RODRIGUEZ**
TRUJILLO, RODRIGUEZ &
RICHARDS, LLP
8 KINGS HIGHWAY WEST
HADDONFIELD, NJ 08033
(856) 795-9002
Email: lisa@trrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WENDY D. SVOBODA**                    represented by **DONNA SIEGEL MOFFA**

*individually and on behalf of a class of*
*all others similarly situated*

(See above for address)
*TERMINATED: 03/24/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LAURA A. FELDMAN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LISA J. RODRIGUEZ**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CAROL FORCE**                    represented by    **CAROL FORCE**
                                                     PRO SE

                                                     **DONNA SIEGEL MOFFA**
                                                     (See above for address)
                                                     *TERMINATED: 03/24/2008*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

V.

**Consol Plaintiff**

**BRIGITTE HOFFMAN**               represented by    **DONNA SIEGEL MOFFA**
                                                     (See above for address)
                                                     *TERMINATED: 03/24/2008*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **LISA J. RODRIGUEZ**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**WANDA TAYLOR**                   represented by    **DONNA SIEGEL MOFFA**
*TERMINATED: 06/14/2007*                             (See above for address)
                                                     *TERMINATED: 03/24/2008*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**LUCAS MINISTER**                 represented by    **DONNA SIEGEL MOFFA**
*Individually, and on behalf of a class of*          (See above for address)

*all others similarly situated*                          *TERMINATED: 03/24/2008*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **LISA J. RODRIGUEZ**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**CAROL T. FORCE**                        represented by   **DONNA SIEGEL MOFFA**
*Individually and on behalf of a class of*                (See above for address)
*all others similarly situated*                          *TERMINATED: 03/24/2008*
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **LISA J. RODRIGUEZ**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MEDQUIST INC.**                         represented by   **MARC J. GROSS**
                                                          GREENBAUM, ROWE, SMITH &
                                                          DAVIS, LLP
                                                          75 LIVINGSTON AVENUE
                                                          SUITE 301
                                                          ROSELAND, NJ 07068-3701
                                                          (973) 535-1600
                                                          Fax: (973) 577-1785
                                                          Email: mgross@greenbaumlaw.com
                                                          *LEAD ATTORNEY*

                                                          **OLIVIER SALVAGNO**
                                                          GREENBAUM, ROWE, SMITH &
                                                          DAVIS, LLP
                                                          PO BOX 5600
                                                          WOODBRIDGE, NJ 07095
                                                          (732) 549-5600
                                                          Email: osalvagno@greenbaumlaw.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**MEDQUIST TRANSCRIPTIONS,**              represented by   **MARC J. GROSS**
**LTD.**                                                  (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**OLIVIER SALVAGNO**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Consol Defendant**

**KONINKLIJKE PHILIPS
ELECTRONICS N.V.**
*also known as*
ROYAL PHILIPS ELECTRONICS OF
THE NETHERLANDS

**Consol Defendant**

**U.S. PHILIPS CORPORATION**

**Consol Defendant**

**PHILIPS MEDICAL SYSTEMS,
INC.**

**Consol Defendant**

**PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2005 | 1 | COMPLAINT against MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD. ( Filing fee $ 250 receipt number 303521.) JURY DEMAND, filed by DOROTHY D. MYERS, WENDY D. SVOBODA.(gg, ) (Entered: 09/26/2005) |
| 10/18/2005 | | Judge Joel B. Rosen added. Judge Ann Marie Donio no longer assigned to case. (MB, ) (Entered: 10/18/2005) |
| 12/28/2005 | 2 | MOTION for Leave to Appear Pro Hac Vice by MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD.. (Attachments: # 1 Certification of Olivier Salvagno# 2 Affidavit of Neal Marder# 3 Affidavit of Gail Standish# 4 Affidavit of Stephen Smerek# 5 Affidavit of David Hickey# 6 Text of Proposed Order)(SALVAGNO, OLIVIER) (Entered: 12/28/2005) |
| 12/30/2005 | | Setting returnable date for 2 MOTION for Leave to Appear Pro Hac Vice for 2/3/2006 before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 12/30/2005) |
| 01/10/2006 | 3 | MOTION for Leave to Appear Pro Hac Vice *for Attorney Joseph Goldberg* by DOROTHY D. MYERS, WENDY D. SVOBODA. (Attachments: # 1 Statement As to Why No Brief is Necessary# 2 Certification of Donna Siegel Moffa# 3 Certification of Joseph Goldberg in Support of the Motion for Pro |

| | | |
|---|---|---|
| | | Hac Vice Admission# [4] Text of Proposed Order # [5] Certificate of Service # [6] Letter to the Court)(MOFFA, DONNA) (Entered: 01/10/2006) |
| 01/11/2006 | | Setting returnable date for [3] MOTION for Leave to Appear Pro Hac Vice *for Attorney Joseph Goldberg* for 2/3/2006 before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 01/11/2006) |
| 01/12/2006 | [4] | ORDER permitting Neal R. Marder, David M. Hickey, Gail J. Standish and Stephen R. Smerek Leave to Appear Pro Hac Vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 1/12/06. (ar1, ) (Entered: 01/13/2006) |
| 01/12/2006 | [5] | ORDER consolidating cases 05cv5567 with 05cv4608 for all purposes under 05cv4608, filing of consolidated amended complaint, and briefing schedule. Signed by Judge Jerome B. Simandle on 1/12/06. (ar1, ) (Entered: 01/13/2006) |
| 01/23/2006 | [6] | ORDER permitting Joshua A. Millican Leave to Appear Pro Hac Vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 1/23/06. (ar1, ) (Entered: 01/24/2006) |
| 01/23/2006 | [7] | ORDER permitting Joseph Goldberg Leave to Appear Pro Hac Vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 1/23/06. (ar1, ) (Entered: 01/24/2006) |
| 01/25/2006 | [8] | MOTION for Leave to Appear Pro Hac Vice *for Attorney Donald L. Perelman* by DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA. (Attachments: # [1] Statement As to Why No Brief is Necessary # [2] Certification of Donna Siegel Moffa# [3] Certification of Donald L. Perelman in Support of the Motion for Pro Hac Vice Admission# [4] Text of Proposed Order # [5] Certificate of Service) (MOFFA, DONNA) (Entered: 01/25/2006) |
| 01/26/2006 | [9] | AFFIDAVIT *Attesting Compliance with Rule 1:28-2(a) for Attorneys Joshua A. Millican and Joseph Goldberg* by DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA. (Attachments: # [1] Letter to the court)(MOFFA, DONNA) (Entered: 01/26/2006) |
| 01/26/2006 | | Set Returnable Date as to [8] MOTION for Leave to Appear Pro Hac Vice for Attorney Donald L. Perelman for 2/17/2006 Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED, THE MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (th, ) (Entered: 01/26/2006) |
| 01/30/2006 | [10] | MOTION for Leave to Appear Pro Hac Vice *for Attorneys Melanie C. Eyre and Stevan A. Miller* by DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA. (Attachments: # [1] Statement As to Why No Brief Is Necessary# [2] Certification of Donna Siegel Moffa# [3] Certification of Melanie C. Eyre in |

| | | |
|---|---|---|
| | | Support of Motion for Pro Hac Vice Admission# 4 Certification of Stevan A. Miller in Support of Motion for Pro Hac Vice Admission# 5 Text of Proposed Order # 6 Certificate of Service # 7 Letter to the Court)(MOFFA, DONNA) (Entered: 01/30/2006) |
| 01/30/2006 | | Pro Hac Vice fee for Joshua Millican: $ 150.00, receipt number 100 304206. (ar1, ) (Entered: 01/31/2006) |
| 01/31/2006 | | Setting returnable date for 10 MOTION for Leave to Appear Pro Hac Vice *for Attorneys Melanie C. Eyre and Stevan A. Miller* for 3/3/2006 before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 01/31/2006) |
| 01/31/2006 | 11 | AMENDED COMPLAINT *(CONSOLIDATED)* against MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD., filed by CAROL FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA. (Attachments: # 1 Certificate of Service # 2 LETTER TO THE COURT)(MOFFA, DONNA) (Entered: 01/31/2006) |
| 01/31/2006 | | Pro Hac Vice fee for Joseph Goldberg: $ 150.00, receipt number 100 304215. (ar1, ) (Entered: 02/01/2006) |
| 02/06/2006 | 12 | MOTION for Leave to Appear Pro Hac Vice by MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD.. (Attachments: # 1 Certification of Olivier Salvagno, Esq.# 2 Affidavit of Peter Perkowski, Esq.# 3 Text of Proposed Order # 4 Certificate of Service)(SALVAGNO, OLIVIER) (Entered: 02/06/2006) |
| 02/08/2006 | | Setting Deadlines as to 12 MOTION for Leave to Appear Pro Hac Vice. Motion Return Date set for 3/17/2006 before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHEREWISE NOTIFIED BY THE COURT.(sa, ) (Entered: 02/08/2006) |
| 02/08/2006 | 13 | ORDER granting 8 Motion for Leave to Appear Pro Hac Vice. Attorney admitted pro hac vice are directed to make payment of $150.00 made payable to Clerk, U.S. District Court. Signed by Judge Joel B. Rosen on 2/8/06. (sb) (Entered: 02/09/2006) |
| 02/14/2006 | 14 | AFFIDAVIT of of Donna Siegel Moffa Attesting Compliance with Rule 1:28-2(a) for Attorney Donald Perelman by DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA, CAROL FORCE. (MOFFA, DONNA) (Entered: 02/14/2006) |
| 02/14/2006 | | Pro Hac Vice fee for Donald Perelman: $ 150.00, receipt number 100 304281. (ar1, ) (Entered: 02/16/2006) |
| 02/21/2006 | 15 | ORDER permitting Melanie C. Eyre and Stevan A. Miller Leave to Appear Pro Hac Vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 2/21/06. (ar1, ) (Entered: 02/23/2006) |

| 03/03/2006 | 16 | AFFIDAVIT of Donna Siegel Moffa Attesting to Compliance with Rule 1:28-2(a) for Attorneys Melanie C. Eyre and Stevan A. Miller by DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA, CAROL FORCE. (MOFFA, DONNA) (Entered: 03/03/2006) |
|---|---|---|
| 03/06/2006 | | Pro Hac Vice fee for Neal R. Marder, David M. Hickey, Gail J. Standish and Stephen R. Smerek: $ 600.00, receipt number 100 304389. (ar1, ) (Entered: 03/07/2006) |
| 03/06/2006 | | Pro Hac Vice fee for Steve Miller: $ 150.00, receipt number 100 304394. (ar1, ) (Entered: 03/07/2006) |
| 03/06/2006 | | Pro Hac Vice fee for Melanie C. Eyre: $ 150.00, receipt number 100 304392. (ar1, ) (Entered: 03/07/2006) |
| 03/07/2006 | 17 | MOTION to Dismiss *Consolidated Amended Complaint* by MEDQUIST INC.. (Attachments: # 1 Brief In Support of Motion to Dismiss Consolidated Amended Complaint# 2 Certificate of Service # 3 Text of Proposed Order) (GROSS, MARC) (Entered: 03/07/2006) |
| 03/07/2006 | | Setting returnable date for 17 MOTION to Dismiss *Consolidated Amended Complaint* for 4/7/2006 before Judge Jerome B. Simandle. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 04/25/2006) |
| 03/09/2006 | 18 | ORDER permitting Peter E. Perkowski Leave to Appear Pro Hac Vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 3/9/06. (ar1, ) (Entered: 03/09/2006) |
| 03/20/2006 | | Pro Hac Vice fee for Peter E. Perkowski: $ 150.00, receipt number 100 304475. (ar1, ) (Entered: 03/21/2006) |
| 03/27/2006 | 19 | Notice of Request by Pro Hac Vice to receive Notices of Electronic Filings. (MOFFA, DONNA) (Entered: 03/27/2006) |
| 04/04/2006 | 20 | STIPULATION AND CONSENT ORDER for consolidating case 06cv870 (JBS) with 05cv4608(JBS) for all purposes under 05cv4608(JBS). Signed by Judge Jerome B. Simandle on 4/4/06. (ar1, ) (Entered: 04/10/2006) |
| 04/11/2006 | 21 | RESPONSE in Opposition re 17 MOTION to Dismiss *Consolidated Amended Complaint or in the Alternative for a More Definitive Statement* filed by CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA, CAROL FORCE. (Attachments: # 1 Exhibits A thru C to Memorandum of Law in Opposition to Defendants' Motion to Dismiss# 2 Exhibits D thru F to Memorandum of Law in Opposition to Defendants' Motion to Dismiss# 3 Exhibits G thru H to Memorandum of Law in Opposition to Defendants' Motion to Dismiss# 4 Exhibit I to Memorandum of Law in Opposition to Defendants' Motion to Dismiss# 5 Certificate of Service # 6 letter to the court) (MOFFA, DONNA) (Entered: 04/11/2006) |

| 04/25/2006 | 22 | REPLY to Response to Motion re 17 MOTION to Dismiss *Consolidated Amended Complaint or, in the Alternative, for a More Definite Statement* filed by MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD.. (Attachments: # 1 Certificate of Service)(GROSS, MARC) (Entered: 04/25/2006) |
| --- | --- | --- |
| 06/16/2006 | 23 | Letter. (SALVAGNO, OLIVIER) (Entered: 06/16/2006) |
| 07/28/2006 | 24 | Letter from Marc J. Gross. (GROSS, MARC) (Entered: 07/28/2006) |
| 08/02/2006 | 25 | Letter from Marc J. Gross, Esq.. (GROSS, MARC) (Entered: 08/02/2006) |
| 08/03/2006 | 26 | Letter from Marc J. Gross confirming being excused from appearance on 8/7/06.. (GROSS, MARC) (Entered: 08/03/2006) |
| 08/04/2006 | 27 | Letter from Olivier Salvagno confirming date and time for oral argument. (SALVAGNO, OLIVIER) (Entered: 08/04/2006) |
| 08/07/2006 | 28 | Minute Entry for proceedings held before Judge Jerome B. Simandle : Motion Hearing held on 8/7/2006 re 17 MOTION to Dismiss *Consolidated Amended Complaint* filed by MEDQUIST INC., Decision Reserved (Court Reporter Lisa Marcus) (js) (Entered: 08/09/2006) |
| 08/21/2006 | 29 | TRANSCRIPT of Proceedings held on 08/07/06 before Judge Simandle. Court Reporter: Lisa Marcus. PLEASE NOTE: The complete transcript of these proceedings is maintained in paper format on file in the Clerks Office. To request copies of this transcript, contact the Official Court Reporter or Transcription Service who prepared the transcript. (db, ) (Entered: 08/22/2006) |
| 11/06/2006 | | Judge Joel Schneider added. Judge Joel B. Rosen no longer assigned to case. (gn, ) (Entered: 11/06/2006) |
| 11/15/2006 | | Judge Ann Marie Donio added. Judge Joel Schneider no longer assigned to case. (MB, ) (Entered: 11/15/2006) |
| 12/20/2006 | 30 | OPINION re 17 MOTION to Dismiss *Consolidated Amended Complaint* filed by MEDQUIST INC., . Signed by Judge Jerome B. Simandle on 12/20/06. (db, ) (Entered: 12/21/2006) |
| 12/20/2006 | 31 | ORDER denying 17 Motion to Dismiss . Signed by Judge Jerome B. Simandle on 12/20/06. (db, ) (Entered: 12/21/2006) |
| 01/04/2007 | 32 | SCHEDULING ORDER: Telephone Status Conference set for 1/19/2007 at 09:30 AM before Magistrate Judge Ann Marie Donio. Signed by Judge Ann Marie Donio on 01/04/07. (db, ) (Entered: 01/05/2007) |
| 01/19/2007 | 33 | ANSWER to Amended Complaint *(Consolidated) and Demand for Jury Trial* by MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD.. (Attachments: # 1 Certificate of Service)(GROSS, MARC) (Entered: 01/19/2007) |
| 01/19/2007 | | Minute Entry for proceedings held before Judge Ann Marie Donio : Status Conference held on 1/19/2007. (jm1, ) (Entered: 01/22/2007) |

| 01/19/2007 | 34 | ORDER that MEDQUIST file its answer to the Consolidated Amended Complaint by January 31,2007 etc... Signed by Judge Ann Marie Donio on 01/19/07. (db, ) (Entered: 01/23/2007) |
| 02/13/2007 |  | Minute Entry for proceedings held before Judge Ann Marie Donio : Initial Pretrial Conference held on 2/13/2007. (jm1, ) (Entered: 02/14/2007) |
| 02/14/2007 | 35 | Letter from Marc J. Gross, Esq., attorneys for Defendants forwarding 8/8/06 Transcript. (GROSS, MARC) (Entered: 02/14/2007) |
| 02/16/2007 | 36 | SCHEDULING ORDER: Telephone Status Conference set for 3/14/2007 at 02:30 PM before Magistrate Judge Ann Marie Donio. Signed by Judge Ann Marie Donio on 02/16/07. (db, ) (Entered: 02/16/2007) |
| 02/22/2007 | 37 | SCHEDULING ORDER: Telephone Status Conference set for 3/14/2007 at 12:00 PM before Magistrate Judge Ann Marie Donio. Signed by Judge Ann Marie Donio on 02/22/07. (db, ) (Entered: 02/23/2007) |
| 03/06/2007 | 38 | NOTICE by CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA *of Issuance of Subpoena* (Attachments: # 1 Certificate of Service) (MOFFA, DONNA) (Entered: 03/06/2007) |
| 03/14/2007 |  | Minute Entry for proceedings held before Judge Ann Marie Donio : Status Conference held on 3/14/2007. (jm1, ) (Entered: 03/15/2007) |
| 03/15/2007 | 39 | SCHEDULING ORDER: Telephone Status Conference set for 4/18/2007 at 02:00 PM before Magistrate Judge Ann Marie Donio. Signed by Judge Ann Marie Donio on 3/15/07. (db, ) (Entered: 03/15/2007) |
| 04/18/2007 |  | Minute Entry for proceedings held before Judge Ann Marie Donio : Status Conference held on 4/18/2007. (jm1, ) (Entered: 04/19/2007) |
| 04/20/2007 | 40 | SCHEDULING ORDER: Telephone Status Conference set for 5/16/2007 at 02:00 PM before Magistrate Judge Ann Marie Donio. Signed by Judge Ann Marie Donio on 04/20/07. (db, ) (Entered: 04/20/2007) |
| 04/20/2007 | 41 | Letter. (Attachments: # 1 Supplement case law)(GROSS, MARC) (Entered: 04/20/2007) |
| 04/23/2007 | 42 | Letter from Marc J. Gross, Esq. regarding the inadvertent filing of a letter on April 20, 2007 re 41 Letter. (GROSS, MARC) (Entered: 04/23/2007) |
| 04/30/2007 | 43 | Notice of Request by Pro Hac Vice Neal R. Marder, Esq., David M. Hickey, Esq., Gail J. Standish, Esq., Peter E. Perkowski, Esq. and Stephen R. Smerek, Esq. to receive Notices of Electronic Filings. (Attachments: # 1 Certificate of Service)(SALVAGNO, OLIVIER) (Entered: 04/30/2007) |
| 05/16/2007 |  | Minute Entry for proceedings held before Judge Ann Marie Donio : Status Conference held on 5/16/2007. (jm1, ) (Entered: 05/17/2007) |
| 05/17/2007 | 44 | SCHEDULING ORDER: Telephone Status Conference set for 6/28/2007 12:00 PM before Magistrate Judge Ann Marie Donio. Discovery due by 10/30/2007. Signed by Judge Ann Marie Donio on 5/17/07. (sb) (Entered: 05/18/2007) |

| 05/21/2007 | | Minute Entry for proceedings held before Judge Ann Marie Donio : Status Conference held on 5/21/2007. (jm1, ) (Entered: 05/21/2007) |
|---|---|---|
| 05/21/2007 | 45 | SCHEDULING ORDER: The depositions of the named class representatives shall be completed no later than June 15, 2007. Signed by Judge Ann Marie Donio on 5/21/07. (sb) (Entered: 05/22/2007) |
| 06/06/2007 | 46 | Letter from Marc J. Gross, Esq. on behalf of MedQuist Inc. and MedQuist Transcriptions, Ltd, in response to plaintiffs' counsel's letter of June 5, 2007. (GROSS, MARC) (Entered: 06/06/2007) |
| 06/12/2007 | 47 | STIPULATION of Dismissal *Without Prejudice as to Plaintiff Wanda Taylor* by CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA, CAROL FORCE. (MOFFA, DONNA) (Entered: 06/12/2007) |
| 06/13/2007 | 48 | Letter from Stephen R. Smerek, Esq. on behalf of MedQuist Inc. and MedQuist Transcriptions, Ltd.. (Attachments: # 1 Certificate of Service) (SALVAGNO, OLIVIER) (Entered: 06/13/2007) |
| 06/14/2007 | 49 | STIPULATION AND ORDER of Dismissal without prejudice as to plaintiff Wanda Taylor. Signed by Judge Jerome B. Simandle on 6/14/07. (sb) (Entered: 06/18/2007) |
| 06/19/2007 | 50 | Letter from Marc J. Gross, Esq., attorneys for defendants MedQuist Inc. and MedQuist Transcriptions, Ltd., re: July 19, 2007 filing date. (GROSS, MARC) (Entered: 06/19/2007) |
| 06/19/2007 | 51 | Letter from Marc J. Gross, Esq. on behalf of MedQuist Inc. and MedQuist Transcriptions, Ltd.. (Attachments: # 1 Myers Transcript# 2 Svoboda Transcript# 3 Certificate of Service)(GROSS, MARC) (Entered: 06/19/2007) |
| 06/28/2007 | 52 | Letter from Marc J. Gross, Esq. on behalf of MedQuist Inc. and MedQuist Transcriptions, Ltd.. (Attachments: # 1 Certificate of Service)(GROSS, MARC) (Entered: 06/28/2007) |
| 06/28/2007 | | Minute Entry for proceedings held before Judge Ann Marie Donio : Status Conference held on 6/28/2007. (jm1, ) (Entered: 06/29/2007) |
| 06/29/2007 | 53 | MOTION for Leave to Appear Pro Hac Vice *for Attorney Adam J. Pessin* by CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, LUCAS MINISTER, WENDY D. SVOBODA. (Attachments: # 1 Statement As To Why No Brief Is Necessary# 2 Certification of Donna Siegel Moffa# 3 Certification of Adam J. Pessin, Esquire, in Support of the Motion for Pro Hac Vice Admission# 4 Text of Proposed Order # 5 Certificate of Service) (MOFFA, DONNA) (Entered: 06/29/2007) |
| 07/02/2007 | | Setting Deadlines as to 53 MOTION for Leave to Appear Pro Hac Vice *for Attorney Adam J. Pessin*. Motion returnable date set for 8/3/2007 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 07/02/2007) |
| 07/25/2007 | 54 | ORDER re: certain discovery issues.Telephone Status Conference set for |

| | | |
|---|---|---|
| | | 9/17/2007 02:00 PM before Magistrate Judge Ann Marie Donio. Signed by Judge Ann Marie Donio on 7/25/07. (sb) (Entered: 07/26/2007) |
| 07/27/2007 | 55 | ORDER granting 53 Motion for Leave to Appear Pro Hac Vice. ORDER directing the attorney admitted pro hac vice is directed to make payment of $150, made payable to Clerk, U.S. District Court. Signed by Judge Ann Marie Donio on 7/27/07. (sb) (Entered: 07/27/2007) |
| 07/27/2007 | 56 | AFFIDAVIT of Donna Siegel Moffa Attesting Compliance with Rule 1:28-2 (a) for Attorney Adam J. Pessin by CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, LUCAS MINISTER, WENDY D. SVOBODA. (MOFFA, DONNA) (Entered: 07/27/2007) |
| 07/27/2007 | 57 | Notice of Request by Pro Hac Vice Adam J. Pessin to receive Notices of Electronic Filings. (MOFFA, DONNA) (Entered: 07/27/2007) |
| 07/30/2007 | | Pro Hac Vice fee recv'd as to Adam J. Pessin, Esq.: $ 150, receipt number 306558 (sb) (Entered: 07/30/2007) |
| 08/01/2007 | 58 | DECLARATION of Jean Marie Abate by MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD.. (Attachments: # 1 Exhibit A# 2 Certificate of Service)(SALVAGNO, OLIVIER) (Entered: 08/01/2007) |
| 09/13/2007 | 59 | Certification of Marc J. Gross, Esq. Under L. Civ. R. 5.3(b) in Support of (Proposed) Protective Order by Consent Under HIPAA as Authorized by 45 C.F.R. § 164.512(e) on behalf of MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD.. (Attachments: # 1 Text of Proposed Order (Proposed Protective Order by Consent Under HIPAA as Authorized by 45 C.F.R. § 164.512(e)))(GROSS, MARC) (Entered: 09/13/2007) |
| 09/14/2007 | 60 | MOTION to Seal Document by CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA. (Attachments: # 1 Statement As To Why No Brief Is Necessary# 2 Declaration of Donna Siegel Moffa in Support of Motion to Seal# 3 Certification of Peter E. Perkowski in Support of Plaintiffs' Motion to Seal# 4 Proposed Order to Seal# 5 Certificate of Service)(MOFFA, DONNA) (Entered: 09/14/2007) |
| 09/14/2007 | 61 | Exhibit to CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, LUCAS MINISTER, WENDY D. SVOBODA Re 60 Motion to Seal Document,. (Attachments: # 1 Exhibit C to Declaration of Donna Siegel Moffa)(MOFFA, DONNA) (Entered: 09/14/2007) |
| 09/17/2007 | | Setting Deadlines as to 60 MOTION to Seal Document. Motion returnable date set for 10/19/2007 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 09/17/2007) |
| 09/17/2007 | | Minute Entry for proceedings held before Judge Ann Marie Donio : Status Conference held on 9/17/2007. (jm1, ) (Entered: 09/18/2007) |
| 09/18/2007 | 62 | SCHEDULING ORDER: Telephone Status Conference set for 10/18/2007 02:00 PM before Magistrate Judge Ann Marie Donio. Signed by Judge Ann |

| | | |
|---|---|---|
| | | Marie Donio on 9/18/07. (sb) (Entered: 09/18/2007) |
| 09/18/2007 | 63 | Letter from Marc J. Gross, Esq. re: Exhibits E-K being filed under seal. (GROSS, MARC) (Entered: 09/18/2007) |
| 09/24/2007 | 64 | ORDER granting 60 Motion to Seal Document. Signed by Judge Ann Marie Donio on 9/24/07. (sb) (Entered: 09/25/2007) |
| 09/25/2007 | 65 | MOTION to Compel by CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR, LUCAS MINISTER, WENDY D. SVOBODA. (Attachments: # 1 Memorandum of Law in Support of Plaintiffs' Motion to Compel Production of Data Relating to Medquist's "Payroll to Billing Ratio" Scheme# 2 Declaration of Adam J. Pessin# 3 Text of Proposed Order # 4 Certificate of Service)(MOFFA, DONNA) (Entered: 09/25/2007) |
| 09/25/2007 | 66 | Exhibit to CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, LUCAS MINISTER, WENDY D. SVOBODA Re 65 Motion to Compel,. (MOFFA, DONNA) (Entered: 09/25/2007) |
| 09/26/2007 | | Setting Deadlines as to 65 MOTION to Compel. Motion returnable date set for 10/19/2007 before Judge Jerome B. Simandle. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 09/26/2007) |
| 09/26/2007 | | Setting Deadlines as to 65 MOTION to Compel. Motion returnable date set for 10/19/2007 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 09/26/2007) |
| 09/28/2007 | 67 | Letter from Marc J. Gross, Esq. (on behalf of MedQuist) in opposition to Plaintiffs' letter requesting an extension of the date by which Plaintiffs must file their motion for class certification. (GROSS, MARC) (Entered: 09/28/2007) |
| 10/02/2007 | 68 | Letter from Plaintiffs' Counsel Requesting a Telephone Conference to Resolve the Pending Request for an Extension of the Class Certification Briefing Deadline re 67 Letter. (MOFFA, DONNA) (Entered: 10/02/2007) |
| 10/03/2007 | | Set/Reset Hearings: Telephone/Status Conference set for 10/9/2007 02:00 PM before Magistrate Judge Ann Marie Donio. Plaintiff's counsel shall initiate call. (jm1, ) (Entered: 10/03/2007) |
| 10/05/2007 | 69 | Letter from Marc J. Gross confirming adversary's consent to extend time to submit opposition brief. (GROSS, MARC) (Entered: 10/05/2007) |
| 10/08/2007 | 70 | BRIEF in Opposition re 65 MOTION to Compel *Production of MedQuist's Hospital Billing Information* filed by MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD.. (Attachments: # 1 Declaration of Stephen R. Smerek, Esq.# 2 Exhibit 1 to Smerek Declaration# 3 Exhibit 2 to Smerek Declaration# 4 Exhibit 3 to Smerek Declaration# 5 Exhibit 4 to Smerek Declaration# 6 Exhibit 5 to Smerek Declaration# 7 Exhibit 6 to Smerek Declaration# 8 Exhibit 7 to Smerek Declaration# 9 Declaration of Shaw A. |

| | | |
|---|---|---|
| | | Rietkerk# 10 Declaration of Brook Wagner# 11 Declaration of Charles Clements# 12 Certificate of Service)(GROSS, MARC) (Entered: 10/08/2007) |
| 10/09/2007 | | Minute Entry for proceedings held before Judge Ann Marie Donio : Status Conference held on 10/9/2007. (jm1, ) (Entered: 10/11/2007) |
| 10/09/2007 | 71 | PROTECTIVE ORDER BY CONSENT UNDER HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT. Signed by Judge Ann Marie Donio on 10/9/07. (sb) (Entered: 10/11/2007) |
| 10/11/2007 | 72 | Letter from Co-Counsel for Plaintiffs Requesting Permission to File the attached Reply Brief and Declaration. (Attachments: # 1 Reply Memorandum of Law in Support of Plaintiffs' Motion to Compel Production of Data Relating to Medquist's 'Payroll to Billing Ratio' Scheme# 2 Second Declaration of Adam J. Pessin# 3 Certificate of Service)(MOFFA, DONNA) (Entered: 10/11/2007) |
| 10/11/2007 | 73 | SCHEDULING ORDER:Telephone Status Conference set for 10/18/2007 02:00 PM before Magistrate Judge Ann Marie Donio. Discovery due by 1/14/2008. Signed by Judge Ann Marie Donio on 10/11/07. (sb) (Entered: 10/11/2007) |
| 10/12/2007 | 74 | Letter from Marc J. Gross, Esq. objecting to plaintiffs' request to file an additional Brief and Declaration in further support of their motion to compel. (GROSS, MARC) (Entered: 10/12/2007) |
| 10/12/2007 | 75 | Letter from Co-counsel for Plaintiffs in Response to Defendants' Letter Objecting to Plaintiffs' Request to file an Additional Brief and Declaration re 74 Letter, 72 Letter,. (MOFFA, DONNA) (Entered: 10/12/2007) |
| 10/15/2007 | 76 | Letter from Co-counsel for Plaintiffs Confirming that the Honorable Magistrate Judge Ann Marie Donio Has Granted Plaintiffs' Request for Leave to File a Reply Brief re 72 Letter,. (MOFFA, DONNA) (Entered: 10/15/2007) |
| 10/16/2007 | 77 | BRIEF *(Surreply Brief in Opposition to Plaintiffs' Motion to Compel Production of MedQuist's Hospital Billing Information)* filed by MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD.. (Attachments: # 1 Certificate of Service)(GROSS, MARC) (Entered: 10/16/2007) |
| 10/18/2007 | 78 | Minute Entry for proceedings held before Judge Ann Marie Donio : Motion Hearing held on 10/18/2007 re 65 MOTION to Compel filed by CAROL T. FORCE, WENDY D. SVOBODA, LUCAS MINISTER, DOROTHY D. MYERS, BRIGITTE HOFFMAN, WANDA TAYLOR. Ordered motion denied without prejudice. Order to be entered and filed. (Court Reporter Disk #13.) (sb) (Entered: 10/19/2007) |
| 10/19/2007 | 79 | ORDER denying without prejudice 65 Motion to Compel. Signed by Judge Ann Marie Donio on 10/19/07. (sb) (Entered: 10/22/2007) |
| 10/22/2007 | 80 | SCHEDULING ORDER:Telephone Status Conference set for 1/10/2008 03:30 PM before Magistrate Judge Ann Marie Donio.Signed by Judge Ann Marie Donio on 10/22/07. (sb) (Entered: 10/22/2007) |
| 12/06/2007 | 81 | TRANSCRIPT of Proceedings held on October 18, 2007 before Judge Ann |

|  |  | Marie Donio. Court Reporter: Francis J. Gable. PLEASE NOTE: The complete transcript of these proceedings is maintained in paper format on file in the Clerks Office. To request copies of this transcript, contact the Official Court Reporter or Transcription Service who prepared the transcript. (sb) (Entered: 12/06/2007) |
|---|---|---|
| 12/11/2007 | 82 | Letter from Plaintiffs' Co-Counsel Requesting Leave to File Overlength Brief. (MOFFA, DONNA) (Entered: 12/11/2007) |
| 12/13/2007 | 83 | Letter from Plaintiffs' Counsel Confirming Court Has Granted Plaintiffs' Request for Leave to File Overlength Brief in Support of their Motion for Class Certification. (MOFFA, DONNA) (Entered: 12/13/2007) |
| 12/14/2007 | 84 | MOTION to Certify Class by CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, LUCAS MINISTER, WENDY D. SVOBODA. (Attachments: # 1 Memorandum (Part 1) of Law in Support of Plaintiffs Motion for Class Certification# 2 Memorandum (Part 2) of Law in Support of Plaintiffs Motion for Class Certification# 3 Declaration of Adam J. Pessin# 4 Exhibits 1 through 5 to Declaration# 5 Exhibit 6 (part 1) to Declaration# 6 Exhibit 6 (part 2) to Declaration# 7 Exhibits 7 through 14 to Declaration# 8 Exhibits 15 through 29 to Declaration# 9 Exhibits 30 through 54 to Declaration (UNDER SEAL)# 10 Order Certifying Class# 11 Order on Motion to Seal Certain Documents Submitted in Support of Motion for Class Certification# 12 Certificate of Service)(MOFFA, DONNA) (Entered: 12/14/2007) |
| 12/14/2007 | 85 | Exhibit to CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, LUCAS MINISTER, WENDY D. SVOBODA Re 84 Motion to Certify Class,,,.. (MOFFA, DONNA) (Entered: 12/14/2007) |
| 12/17/2007 |  | Setting Deadlines as to 84 MOTION to Certify Class. Motion returnable date set for 1/18/2008 before Judge Jerome B. Simandle. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 12/17/2007) |
| 01/03/2008 | 86 | Letter from Plaintiffs' Co-Counsel Enclosing Proposed Consent Order Extending Time to Complete Depositions. (Attachments: # 1 Proposed Consent Order Extending Time to Complete Depositions)(MOFFA, DONNA) (Entered: 01/03/2008) |
| 01/03/2008 | 87 | Letter from Plaintiffs' Co-Counsel enclosing Proposed Consent Order re Briefing Schedule on Motion for Class Certification. (Attachments: # 1 Proposed Consent Order re Briefing Schedule on Motion for Class Certification)(MOFFA, DONNA) (Entered: 01/03/2008) |
| 01/04/2008 | 88 | CONSENT ORDER re: Briefing schedule on Motion for Class Certification. Signed by Judge Jerome B. Simandle on 1/4/08. (sb) (Entered: 01/08/2008) |
| 01/09/2008 | 89 | Letter from Olivier Salvagno, Esq. to update the Court regarding this matter in advance of the 1/10/08 telephonic status conference. (SALVAGNO, OLIVIER) (Entered: 01/09/2008) |
| 01/09/2008 | 90 | CONSENT ORDER extending time to complete depositions. Signed by Judge |

| | | |
|---|---|---|
| | | Ann Marie Donio on 1/9/08. (sb) (Entered: 01/10/2008) |
| 01/10/2008 | 91 | SCHEDULING ORDER:Telephone Status Conference set for 1/23/2008 10:30 AM before Magistrate Judge Ann Marie Donio. Signed by Judge Ann Marie Donio on 1/10/08. (sb) (Entered: 01/11/2008) |
| 01/23/2008 | | Minute Entry for proceedings held before Judge Ann Marie Donio : Status Conference held on 1/23/2008. (jm1, ) (Entered: 01/24/2008) |
| 01/28/2008 | 92 | SCHEDULING ORDER:Telephone Status Conference set for 2/27/2008 02:00 PM before Magistrate Judge Ann Marie Donio. Motions due by 9/5/2008. Signed by Magistrate Judge Ann Marie Donio on 1/28/08. (sb) (Entered: 01/28/2008) |
| 02/12/2008 | 93 | Letter from Olivier Salvagno, Esq. regarding discovery dispute. (SALVAGNO, OLIVIER) (Entered: 02/12/2008) |
| 02/13/2008 | 94 | Letter from Plaintiffs' Counsel Responding to Mr. Salvagno's Letter of February 12th Pertaining to Jamie Hallmark's deposition. (MOFFA, DONNA) (Entered: 02/13/2008) |
| 02/13/2008 | 95 | Minute Entry for proceedings held before Magistrate Judge Ann Marie Donio: Phone/Status Conference held on the record on 2/13/2008. Hearing on application of defendant to take additional deposition of Jamie Hallmark. Ordered application granted. Order to be entered and filed. (Tape #Disc #15.) (sb) (Entered: 02/13/2008) |
| 02/15/2008 | 96 | ORDER ON INFORMAL APPLICATION. Ordered that defendants' application to preclude any additional deposition testimony of Jamie Hallmark is denied. ORDERED that defendants' request for reimbursement of costs incurred in connection with the continued deposition of Ms. Hallmark is denied. Signed by Magistrate Judge Ann Marie Donio on 2/15/08. (sb) (Entered: 02/15/2008) |
| 02/15/2008 | 97 | Letter from Marc J. Gross. (Attachments: # 1 Exhibit Pltfs' Responses to Defs' 2nd Interrogatories, # 2 Exhibit Pltfs' Supp. Responses to Defs' 2nd Interrogatories, # 3 Exhibit Pltfs' Supp. Responses to Defs' 3rd Interrogatories) (GROSS, MARC) (Entered: 02/15/2008) |
| 02/27/2008 | | Set/Reset Hearings: Telephone Status Conference rescheduled for 3/5/2008 02:30 PM before Magistrate Judge Ann Marie Donio. (sb) (Entered: 02/27/2008) |
| 02/27/2008 | 98 | Letter from Marc J. Gross, Esq. confirming rescheduled date for telephone conference on March 5, 2008 @2:30 p.m.. (GROSS, MARC) (Entered: 02/27/2008) |
| 02/28/2008 | 99 | Letter from Plaintiffs' Counsel Responding to Defendant MedQuist's February 15, 2008 Letter Brief Seeking An Order Compelling Plaintiffs to Supplement Their Responses. (MOFFA, DONNA) (Entered: 02/28/2008) |
| 03/05/2008 | 100 | Letter from Olivier Salvagno, Esq. regarding discovery issues. (SALVAGNO, OLIVIER) (Entered: 03/05/2008) |
| | | |

| | | |
|---|---|---|
| 03/05/2008 | | Minute Entry for proceedings held before Magistrate Judge Ann Marie Donio: Status Conference held on 3/5/2008. (jm1, ) (Entered: 03/07/2008) |
| 03/07/2008 | | Set/Reset Hearings: Telephone/Status Conference set for 3/12/2008 01:30 PM before Magistrate Judge Ann Marie Donio. Plaintiff's counsel shall initiate call. (jm1, ) (Entered: 03/07/2008) |
| 03/10/2008 | 101 | MOTION for Leave to File *an Amended Memorandum of Law in Support of Motion for Class Certification and for Entry of an Order Modifying the Motion Briefing Schedule Without Extending the Argument Date* by CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, LUCAS MINISTER, WENDY D. SVOBODA. (Attachments: # 1 Statement As To Why No Brief Is Necessary, # 2 Declaration of Adam J. Pessin, # 3 Consent Order, # 4 Certificate of Service, # 5 Letter to Judge Simandle) (RODRIGUEZ, LISA) (Entered: 03/10/2008) |
| 03/11/2008 | 102 | Letter from Co-Counsel for Plaintiffs Enclosing Consent Briefing Schedule and Order re 101 MOTION for Leave to File *an Amended Memorandum of Law in Support of Motion for Class Certification and for Entry of an Order Modifying the Motion Briefing Schedule Without Extending the Argument Date*. (Attachments: # 1 Consent Briefing Schedule and Order) (RODRIGUEZ, LISA) (Entered: 03/11/2008) |
| 03/11/2008 | 103 | CONSENT ORDER granting 101 Motion for Leave to File amended memorandum of law in support of motion for class certification and modifying briefing schedule. Oral argument on plaintiffs' motion for class certification is scheduled for 6/2/08 at 9:30am. Signed by Judge Jerome B. Simandle on 3/11/08. (sb) (Entered: 03/11/2008) |
| 03/12/2008 | 104 | CONSENT BRIEFING SCHEDULE AND ORDER. Signed by Magistrate Judge Ann Marie Donio on 3/12/08. (sb) (Entered: 03/12/2008) |
| 03/12/2008 | 105 | SCHEDULING ORDER:Telephone Status Conference set for 3/19/2008 01:00 PM before Magistrate Judge Ann Marie Donio. Signed by Magistrate Judge Ann Marie Donio on 3/12/08. (sb) (Entered: 03/12/2008) |
| 03/12/2008 | | Minute Entry for proceedings held before Magistrate Judge Ann Marie Donio: Status Conference held on 3/12/2008. (jm1, ) (Entered: 03/13/2008) |
| 03/19/2008 | | Minute Entry for proceedings held before Magistrate Judge Ann Marie Donio: Status Conference held on 3/19/2008. (jm1, ) (Entered: 03/26/2008) |
| 03/24/2008 | 106 | Substitution of Attorney - Attorney LISA J. RODRIGUEZ and LISA J. RODRIGUEZ for CAROL T. FORCE, DOROTHY D. MYERS, BRIGITTE HOFFMAN, LUCAS MINISTER and WENDY D. SVOBODA added. Attorney DONNA SIEGEL MOFFA terminated.. (Attachments: # 1 Certificate of Service)(RODRIGUEZ, LISA) (Entered: 03/24/2008) |
| 03/28/2008 | 107 | MOTION for Leave to Appear Pro Hac Vice by MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD.. (Attachments: # 1 Affidavit of Mark L. Smith, Esq. in Support of Application for Admission Pro Hac Vice, # 2 Certification of Olivier Salvagno, Esq. in Support of Motion for Pro Hac Vice Admission of Mark L. Smith, Esq., # 3 Text of Proposed Order for |

|  |  | Admission Pro Hac Vice, # 4 Certificate of Service)(SALVAGNO, OLIVIER) (Entered: 03/28/2008) |
|---|---|---|
| 03/31/2008 |  | Setting Deadlines as to 107 MOTION for Leave to Appear Pro Hac Vice. Motion returnable date set for 4/21/2008 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 03/31/2008) |
| 03/31/2008 | 108 | Letter from Marc J. Gross, Esq. on behalf of MedQuist Inc. re: request to file overlength brief. (GROSS, MARC) (Entered: 03/31/2008) |
| 04/01/2008 | 109 | Letter from Olivier Salvagno, Esq. (on behalf of Defendants MedQuist Inc. and MedQuist Transcriptions, Ltd.) confirming letter application of March 31, 2008 has been granted. (SALVAGNO, OLIVIER) (Entered: 04/01/2008) |
| 04/05/2008 | 110 | BRIEF in Opposition re 84 MOTION to Certify Class filed by MEDQUIST INC.. (Attachments: # 1 Declaration of Kathy Rockel (Part 1 of 2), # 2 Declaration of Kathy Rockel (Part 2 of 2), # 3 Declaration 1st Declaration of S.Smerek (1 of 1), # 4 Declaration 2nd Declaration of S.Smerek (1 of 10), # 5 Declaration 2nd Declaration of S.Smerek (2 of 10), # 6 Declaration 2nd Declaration of S.Smerek (3 of 10), # 7 Declaration 2nd Declaration of S.Smerek (4 of 10), # 8 Declaration 2nd Declaration of S.Smerek (5 of 10), # 9 Declaration 2nd Declaration of S.Smerek (6 of 10), # 10 Declaration 2nd Declaration of S.Smerek (7 of 10), # 11 Declaration 2nd Declaration of S.Smerek (8 of 10), # 12 Declaration 2nd Declaration of S.Smerek (9 of 10), # 13 Declaration 2nd Declaration of S.Smerek (10 of 10), # 14 Certificate of Service of Brief and Supporting Declarations)(GROSS, MARC) (Entered: 04/05/2008) |
| 04/07/2008 |  | CLERKS QUALITY CONTROL MESSAGE - The Certificate of Service to Brief, Doc. 110 signed by Stephen R. Smerek on 4/5/2008 contains an improper signature. Only the filing user is permitted to sign electronically filed documents with an s/. PLEASE RESUBMIT THE DOCUMENT WITH A PROPER ELECTRONIC SIGNATURE OF M. GROSS, ESQ. This submission will remain on the docket unless otherwise ordered by the court. (gn ) (Entered: 04/07/2008) |
| 04/07/2008 | 111 | ORDER GRANTED 107 Motion for Mark L. Smith, Esq. Leave to Appear Pro Hac Vice. Signed by Magistrate Judge Ann Marie Donio on 4/7/2008. (gn) (Entered: 04/07/2008) |
| 04/07/2008 | 112 | Certification of Services on behalf of MEDQUIST INC., MEDQUIST TRANSCRIPTIONS, LTD.. (GROSS, MARC) (Entered: 04/07/2008) |
| 04/16/2008 |  | Pro Hac Vice fee as to Mark L. Smith, Esq.: $ 150, receipt number 307548 (gn) (Entered: 04/17/2008) |
| 04/17/2008 | 113 | Notice of Request by Pro Hac Vice Mark L. Smith, Esq. to receive Notices of Electronic Filings. (Attachments: # 1 Certificate of Service)(SALVAGNO, OLIVIER) (Entered: 04/17/2008) |
| 04/22/2008 | 114 | Letter from Marc J. Gross. (Attachments: # 1 Text of Proposed Order) |

| | | (GROSS, MARC) (Entered: 04/22/2008) |
|---|---|---|
| 04/23/2008 | 115 | CONSENT ORDER re 114 Letter requesting case to be stayed through May 30, 2008. Signed by Judge Jerome B. Simandle on 4/23/2008. (gn) (Entered: 04/24/2008) |
| 04/23/2008 | | Case Stayed (gn, ) (Entered: 04/24/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/22/2008 14:56:41 | | |
| **PACER Login:** | ms0981 | **Client Code:** | 200426.00074-14039 |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-04608-JBS-AMD Start date: 1/1/1970 End date: 7/22/2008 |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

EXHIBIT J

CLOSED, SCHEDO

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CIVIL DOCKET FOR CASE #: 1:04-cv-05487-JBS-AMD

STEINER v. MEDQUIST, INC. et al                    Date Filed: 11/08/2004
Assigned to: Judge Jerome B. Simandle          Date Terminated: 08/17/2007
Referred to: Magistrate Judge Ann Marie Donio   Jury Demand: Plaintiff
Cause: 15:78m(a) Securities Exchange Act         Nature of Suit: 850
                                                 Securities/Commodities
                                                 Jurisdiction: Federal Question

**Movant**

**GREATER PENNSYLVANIA**        represented by   **JANET RITA BOSI**
**CARPENTERS PENSION FUND**                      LITE, DEPALMA, GREENBERG &
                                                 RIVAS, LLC
                                                 TWO GATEWAY CENTER
                                                 12TH FLOOR
                                                 NEWARK, NJ 07102
                                                 (973) 623-3000
                                                 Email: jbosi@ldgrlaw.com
                                                 *ATTORNEY TO BE NOTICED*

                                                 **JOSEPH J. DEPALMA**
                                                 LITE, DEPALMA, GREENBERG &
                                                 RIVAS, LLC
                                                 TWO GATEWAY CENTER
                                                 12TH FLOOR
                                                 NEWARK, NJ 07102-5003
                                                 (973) 623-3000
                                                 Email: jdepalma@ldgrlaw.com
                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**WILLIAM STEINER**             represented by   **JOSEPH J. DEPALMA**
*individually and on behalf of himself*          (See above for address)
*and all others similarly situated*              *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **NICOLE M. ACCHIONE**
                                                 TRUJILLO RODRIGUEZ &
                                                 RICHARDS, LLP
                                                 8 KINGS HIGHWAY WEST
                                                 HADDONFIELD, NJ 08033
                                                 (856) 795-9002

Email: nacchione@trrlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MEDQUIST, INC.**    represented by  **JAMES S. RICHTER**
WINSTON & STRAWN, LLP
THE LEGAL CENTER
ONE RIVERFRONT PLAZA
7TH FLOOR
NEWARK, NJ 07102
(973) 621-2230
Email: jrichter@winston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ADAM BRIAN KAPLAN**
GREENBAUM, ROWE, SMITH &
DAVIS, LLP
75 Livingston Avenue
Suite 301
ROSELAND, NJ 07068-3701
(973) 535-1600
Email: akaplan@greenbaumlaw.com

**MARC J. GROSS**
GREENBAUM, ROWE, SMITH &
DAVIS, LLP
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600
Fax: (973) 577-1785
Email: mgross@greenbaumlaw.com
*ATTORNEY TO BE NOTICED*

**OLIVIER SALVAGNO**
GREENBAUM, ROWE, SMITH &
DAVIS, LLP
PO BOX 5600
WOODBRIDGE, NJ 07095
(732) 549-5600
Email: osalvagno@greenbaumlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRIAN J. KEARNS**    represented by  **CHRISTOPHER M. DIMURO**
PATTON BOGGS LLP

ONE RIVERFRONT PLAZA
6TH FLOOR
NEWARK, NJ 07102
(973) 848-5640
Email: cdimuro@pattonboggs.com
*TERMINATED: 05/01/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KEENA M. MACKAY**
LATHAM & WATKINS, LLP
OEN NEWARK CENTER
16TH FLOOR
NEWARK, NJ 07102
(973) 639-1234
Email: keena.mackay@lw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID A. COHEN**                    represented by    **DAVID A. KOTLER**
DECHERT LLP
PRINCETON PIKE CORPORATE
CENTER
P.O. BOX 5218
PRINCETON, NJ 08543
(609) 620-3200
Email: david.kotler@dechert.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN A. DONOHOE**                   represented by    **SCOTT A. RESNIK**
KATTEN, MUCHIN & ROSENMAN,
LLP
575 MADISON AVENUE
14TH FLOOR
NEW YORK, NY 10022
(212) 940-8543
Email: scott.resnik@kattenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ETHAN COHEN**                       represented by    **JOHN J. LEVY**
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LP
LIBERTY VIEW
457 HADDONFIELD ROAD
SUITE 600

CHERRY HILL, NJ 08002
(856) 488-7700
Email: jlevy@mmwr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JANICE G. DUBLER**
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
457 HADDONFIELD ROAD
CHERRY HILL, NJ 08002
(856) 488-7723
Email: jdubler@mmwr.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN W. QUAINTANCE**                 represented by   **BRIAN J. MCCORMICK, JR.**
SHELLER, PC
1528 WALNUT STREET
THIRD FLOOR
PHILADELPHIA, PA 19102
(215) 790-7325
Email: bjmccormick@sheller.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**RONALD F. SCARPONE**                 represented by   **OLIVIER SALVAGNO**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**STEPHEN H. RUSCKOWSKI**
*TERMINATED: 11/15/2005*

**Defendant**

**WILLIAM E. CURRAN**
*TERMINATED: 11/15/2005*

**Defendant**

**JAN H.M. HOMMEN**
*TERMINATED: 11/15/2005*

**Defendant**

**KPMG LLP**                           represented by   **DAVID J. SHEEHAN**
*TERMINATED: 09/29/2006*                                BAKER HOSTETLER LLP
45 ROCKEFELLER PLAZA
NEW YORK, NY 10111
(212) 589-4616
Fax: (212) 589-4201

Email: dsheehan@bakerlaw.com
*TERMINATED: 09/11/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JAMES M. LEE**
GIBBONS, PC
ONE GATEWAY CENTER
NEWARK, NJ 07102-5310
(973) 596-4500
Email: jlee@gibbonslaw.com
*ATTORNEY TO BE NOTICED*

**MICHAEL R. MCDONALD**
GIBBONS, PC
ONE GATEWAY CENTER
NEWARK, NJ 07102-5310
(973) 596-4500
Email: mmcdonald@gibbonslaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**ARTHUR ANDERSEN, LLP**          represented by          **MARTIN WENDEL**
*TERMINATED: 09/29/2006*          CURTIS, MALLET-PREVOST, COLT
& MOSLE, LLP
101 PARK AVENUE
NEW YORK, NY 10178
(212) 696-6000
Fax: (212) 697-1559
Email: mwendel@cm-p.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KONINKLIJKE PHILIPS
ELECTRONICS N.V.**
*TERMINATED: 11/15/2005*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2004 | 1 | COMPLAINT against DAVID A. COHEN, BRIAN J. KEARNS, MEDQUIST, INC. ( Filing fee $ 150 receipt number 301832.) JURY DEMAND, filed by WILLIAM STEINER.(TH, ) (Entered: 11/12/2004) |
| 11/12/2004 | | Summons Issued as to DAVID A. COHEN, BRIAN J. KEARNS, MEDQUIST, INC..Days Due - 20. (TH, ) (Entered: 11/12/2004) |
| 12/12/2004 | 2 | CONSENT ORDER: Relieving deft. MEDQUIST INC. of its obligation to respond to pltf's. pending complaint, and establishing a consensual briefing schedule. Signed by Judge Freda L. Wolfson on 12/12/04. (ar1, ) (Entered: |

| | | 12/14/2004) |
|---|---|---|
| 12/23/2004 | 3 | ACKNOWLEDGEMENT OF SERVICE Executed by WILLIAM STEINER. MEDQUIST, INC. served on 11/18/2004, answer due 12/8/2004. (Attachments: # 1 Letter to the Court)(RODRIGUEZ, LISA) (Entered: 12/23/2004) |
| 01/07/2005 | 4 | MOTION to Appoint Counsel *Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel* by Greater Pennsylvania Carpenters Pension Fund. (Attachments: # 1 Brief in support of motion for appointment as lead plaintiff and approval of selection of lead and liaison counsel# 2 Declaration of Joseph J. DePalma# 3 Exhibit A# 4 Exhibit B# 5 Exhibit C# 6 Exhibit D# 7 Exhibit E# 8 Text of Proposed Order # 9 Certificate of Service)(DEPALMA, JOSEPH) (Entered: 01/07/2005) |
| 01/10/2005 | | Setting returnable date for 4 MOTION to Appoint Counsel *Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel* for 2/4/2005 before Judge Freda L. Wolfson. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 01/10/2005) |
| 01/20/2005 | 5 | NOTICE of Appearance by ADAM BRIAN KAPLAN on behalf of MEDQUIST, INC. (KAPLAN, ADAM) (Entered: 01/20/2005) |
| 01/26/2005 | 6 | ORDER REASSIGNING CASE. Case reassigned to Judge Jerome B. Simandle for all further proceedings. Judge Freda L. Wolfson no longer assigned to case. Signed by Judge John W. Bissell on 1/26/05. (ar1, ) (Entered: 01/27/2005) |
| 03/10/2005 | 7 | MOTION for Leave to Appear Pro Hac Vice by MEDQUIST, INC.. (Attachments: # 1 Affidavit of Marc J. Gross, Esq.# 2 Affidavit of Neal R. Marder, Esq.# 3 Affidavit of David M. Hickey, Esq.# 4 Affidavit of Gail J. Standish, Esq.# 5 Text of Proposed Order)(GROSS, MARC) (Entered: 03/10/2005) |
| 03/10/2005 | 8 | MOTION for Leave to Appear Pro Hac Vice *of Mario Alba, Jr.* by Greater Pennsylvania Carpenters Pension Fund. (Attachments: # 1 Certification of Joseph J. DePalma for Pro Hac Vice Admission of Mario Alba, Jr.# 2 Certification of Mario Alba, Jr. in Support of Application for Pro Hac Vice Admission# 3 Text of Proposed Order Consent Order for Pro Hac Vice Admission of Mario Alba, Jr.)(DEPALMA, JOSEPH) (Entered: 03/10/2005) |
| 03/11/2005 | | Setting Deadlines as to 7 MOTION for Leave to Appear Pro Hac Vice, 8 MOTION for Leave to Appear Pro Hac Vice of Mario Alba, Jr. Motion Hearing set for 4/15/2005 before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THESE MOTIONS WILL BE DECIDED ON THE PAPER UNLESS OTHERWISE NOTIFIED BY THE COURT. (db, ) (Entered: 03/11/2005) |
| 03/11/2005 | | Minute Entry for proceedings held before Judge Joel B. Rosen : Phone Status Conference held on 3/11/2005. (sa, ) (Entered: 03/11/2005) |
| 03/11/2005 | 9 | ORDER granting 4 Motion Appointing Lead Pltf. GREATER PA. |

| | | |
|---|---|---|
| | | CARPENTERS and approving selection of Lerach Coughlin as lead counsel and Lite DePalma as liaison counsel. Signed by Judge Jerome B. Simandle on 3/11/05. (ar1, ) (Entered: 03/14/2005) |
| 04/01/2005 | 10 | ORDER permitting Mario Alba, Jr. to appear and participate pro hac vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 4/1/05. (ar1, ) (Entered: 04/04/2005) |
| 04/01/2005 | 11 | ORDER permitting Neal R. Marder, David M. Hickey and Gail J. Standish to appear and participate pro hac vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 4/1/05. (ar1, ) (Entered: 04/04/2005) |
| 04/06/2005 | 12 | MOTION for Leave to Appear Pro Hac Vice *Certification of Joseph J. DePalma for Pro Hac Vice Admissions of Kimberly Cornell Epstein, Connie Cheung and Lauren Winston* by Greater Pennsylvania Carpenters Pension Fund. (Attachments: # 1 Certification of Kimberly Cornell Epstein in Support of Application for Pro Hac Vice Admission# 2 Certification of Connie Cheung in Support of Application for Pro Hac Vice Admission# 3 Certification of Lauren Winston in Support of Application for Pro Hac Vice Admission# 4 proposed Consent Order for Pro Hac Vice Admissions of Kimberly Cornell, Connie Cheung, and Lauren Winston# 5 Certificate of Service)(DEPALMA, JOSEPH) (Entered: 04/06/2005) |
| 04/15/2005 | 13 | ORDER permitting Kimberly Cornell Epstein, Connie Cheung and Lauren Winston to appear and participate pro hac vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 4/15/05. (ar1, ) (Entered: 04/15/2005) |
| 04/18/2005 | 14 | JOINT STIPULATION AND SCHEDULING ORDER: Lead pltf. shall file and serve the Consolidated Class Action Complaint on 5/13/05; Defts. shall file response by 7/12/05 and defts. filing Dispositive Motions are due by 9/12/2005. Signed by Judge Joel B. Rosen on 4/18/05. (ar1, ) (Entered: 04/18/2005) |
| 05/12/2005 | | Pro Hac Vice fee: $ 150, receipt number 330986 received from Neal R. Marder. (db, ) (Entered: 05/12/2005) |
| 05/12/2005 | | Pro Hac Vice fee: $ 150, receipt number 330988 received from Gail J. Standish (db, ) (Entered: 05/12/2005) |
| 05/12/2005 | | Pro Hac Vice fee: $ 150, receipt number 330987 received from David M. Hickey (db, ) (Entered: 05/12/2005) |
| 05/12/2005 | 15 | JOINT STIPULATION AND SCHEDULING ORDER:First Amended Class Action Complaint due by 6/16/2005. Dispositive Motions due by 10/14/2005. Signed by Judge Joel B. Rosen on 5/12/05. (ar1, ) (Entered: 05/13/2005) |
| 06/06/2005 | | Pro Hac Vice fee: $ 450, receipt number 100 302925. Received by Kimberly Cornell Epstein, Connie Cheung and Lauren Winston. (ar1, ) (Entered: 06/07/2005) |
| 06/07/2005 | 16 | NOTICE of Appearance by CHRISTOPHER M. DIMURO on behalf of |

| | | |
|---|---|---|
| | | BRIAN J. KEARNS (Attachments: # 1 Certificate of Service)(DIMURO, CHRISTOPHER) (Entered: 06/07/2005) |
| 06/07/2005 | 17 | MOTION for Leave to Appear Pro Hac Vice by BRIAN J. KEARNS. (Attachments: # 1 Certification of Christopher M. DiMuro# 2 Certification of Edward J. Shapiro# 3 Certification of Charles J. Butler# 4 Certification of Joshua K. Chandler# 5 Proposed Order Admitting Counsel Pro Hac Vice# 6 Certificate of Service)(DIMURO, CHRISTOPHER) (Entered: 06/07/2005) |
| 06/08/2005 | | Setting returnable date for 17 MOTION for Leave to Appear Pro Hac Vice for 7/1/2005 before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 06/08/2005) |
| 06/17/2005 | 18 | ORDER permitting Edward J. Shapiro, Charles J. Butler and Joshua K. Chandler to Appear and Participate Pro Hac Vice. Signed by Judge Joel B. Rosen on 6/17/05. (ar1, ) (Entered: 07/05/2005) |
| 07/05/2005 | | Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. (ar1, ) (Entered: 07/05/2005) |
| 07/11/2005 | | Pro Hac Vice fee for Edward J. Shapiro: $ 150, receipt number 100 303145 (ar1, ) (Entered: 07/11/2005) |
| 07/11/2005 | | Pro Hac Vice fee for Charles J. Butler: $ 150, receipt number 100 303146 (ar1, ) (Entered: 07/11/2005) |
| 07/11/2005 | | Pro Hac Vice fee Joshua K. Chandler: $ 150, receipt number 100 303147 (ar1, ) (Entered: 07/11/2005) |
| 07/18/2005 | | Minute Entry for proceedings held before Judge Joel B. Rosen : Discovery Hearing held on 7/18/2005. (bb, ) (Entered: 07/19/2005) |
| 08/01/2005 | 19 | SCHEDULING ORDER ON CONSENT: Amended Pleadings due by 8/16/2005. Dispositive Motions due by 12/14/2005. Signed by Judge Joel B. Rosen on 8/1/05. (ar1, ) (Entered: 08/01/2005) |
| 08/16/2005 | 20 | AMENDED COMPLAINT *First Amended Complaint* against all defendants all defendants., filed by Greater Pennsylvania Carpenters Pension Fund. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Certificate of Service) (DEPALMA, JOSEPH) (Entered: 08/16/2005) |
| 08/17/2005 | 21 | NOTICE of Appearance by DAVID A. KOTLER on behalf of DAVID A. COHEN. (ar1, ) (Entered: 08/17/2005) |
| 08/22/2005 | 22 | First MOTION for Leave to Appear Pro Hac Vice *of Robert J. Jossen, Esq.* by DAVID A. COHEN. (Attachments: # 1 Certification of Robert J. Jossen, Esquire# 2 Certification of David A. Kotler, Esquire# 3 Text of Proposed Order Order Admitting Robert J. Jossen Esq)(KOTLER, DAVID) (Entered: 08/22/2005) |
| 08/22/2005 | | Setting returnable date for 22 First MOTION for Leave to Appear Pro Hac Vice *of Robert J. Jossen, Esq.* for 9/16/2005 before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED |

| | | |
|---|---|---|
| | | ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 08/22/2005) |
| 08/26/2005 | 23 | Letter from Joseph J. DePalma for issuance of summons on the First Amended Complaint. (ar1, ) (Entered: 08/26/2005) |
| 08/26/2005 | | Summons Issued on the First Amended Complaint as to STEPHEN H. RUSCKOWSKI, WILLIAM E. CURRAN, JAN H.M. HOMMEN, KPMG LLP, KONINKLIJKE PHILIPS ELECTRONICS N.V., JOHN A. DONOHOE, ETHAN COHEN, JOHN W. QUAINTANCE, RONALD F. SCARPONE. Days Due - 20. (ar1, ) (Entered: 08/26/2005) |
| 09/13/2005 | 24 | ORDER permitting Robert J. Jossen Leave to Appear Pro Hac Vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC, with a S.A.S.E. Signed by Judge Joel B. Rosen on 9/13/05. (ar1, ) (Entered: 09/13/2005) |
| 09/13/2005 | | Pro Hac Vice fee for Robert J. Jossen: $ 150, receipt number 100 303358. (ar1, ) (Entered: 09/13/2005) |
| 09/14/2005 | 25 | SUMMONS Returned Executed by WILLIAM STEINER. STEPHEN H. RUSCKOWSKI served on 9/3/2005, answer due 9/23/2005. (DEPALMA, JOSEPH) (Entered: 09/14/2005) |
| 09/15/2005 | 26 | SUMMONS Returned Executed by WILLIAM STEINER. JOHN A. DONOHOE served on 9/8/2005, answer due 9/28/2005. (DEPALMA, JOSEPH) (Entered: 09/15/2005) |
| 09/15/2005 | 27 | NOTICE of Appearance by OLIVIER SALVAGNO on behalf of MEDQUIST, INC. (Attachments: # 1 Certificate of Service)(SALVAGNO, OLIVIER) (Entered: 09/15/2005) |
| 09/28/2005 | 28 | SUMMONS Returned Executed by WILLIAM STEINER. WILLIAM E. CURRAN served on 9/9/2005, answer due 9/29/2005. (DEPALMA, JOSEPH) Additional attachment(s) added on 9/30/2005 (ar1, ). (Entered: 09/28/2005) |
| 09/28/2005 | 29 | SUMMONS Returned Executed by WILLIAM STEINER. KONINKLIJKE PHILIPS ELECTRONICS N.V. served on 9/8/2005, answer due 9/28/2005. (DEPALMA, JOSEPH) (Entered: 09/28/2005) |
| 09/28/2005 | 30 | SUMMONS Returned Executed by WILLIAM STEINER. KPMG LLP served on 9/15/2005, answer due 10/5/2005. (DEPALMA, JOSEPH) (Entered: 09/28/2005) |
| 09/28/2005 | 31 | Letter from Joseph J. DePalma requesting issuance of summons. (DEPALMA, JOSEPH) (Entered: 09/28/2005) |
| 09/29/2005 | | Summons Issued as to ARTHUR ANDERSEN, LLP. on First Amended Complaint. Days Due - 20. (ar1, ) (Entered: 09/29/2005) |
| 09/29/2005 | 32 | NOTICE of Appearance by MICHAEL MCDONALD on behalf of KPMG LLP (MCDONALD, MICHAEL) (Entered: 09/29/2005) |
| 09/29/2005 | 33 | NOTICE of Appearance by DAVID J. SHEEHAN on behalf of KPMG LLP (SHEEHAN, DAVID) (Entered: 09/29/2005) |

| | | |
|---|---|---|
| 09/29/2005 | 34 | NOTICE of Appearance by JAMES M. LEE on behalf of KPMG LLP (LEE, JAMES) (Entered: 09/29/2005) |
| 09/30/2005 | 35 | SUMMONS Returned Executed by WILLIAM STEINER. ETHAN COHEN served on 9/17/2005, answer due 10/7/2005. (DEPALMA, JOSEPH) (Entered: 09/30/2005) |
| 10/04/2005 | | CLERKS OFFICE QUALITY CONTROL MESSAGE - The Summons returned executed as document #35 submitted by J. DEPALMA on 9/30/05 is unreadable. PLEASE RESUBMIT THE DOCUMENT BY 10/7/05. (ar1, ) (Entered: 10/04/2005) |
| 10/05/2005 | 36 | SUMMONS Returned Executed by WILLIAM STEINER. RONALD F. SCARPONE served on 9/24/2005, answer due 10/14/2005. (DEPALMA, JOSEPH) (Entered: 10/05/2005) |
| 10/11/2005 | 37 | NOTICE of Appearance by JANICE G. DUBLER on behalf of ETHAN COHEN (DUBLER, JANICE) (Entered: 10/11/2005) |
| 10/12/2005 | 38 | NOTICE of Appearance by JOHN J. LEVY on behalf of ETHAN COHEN (LEVY, JOHN) (Entered: 10/12/2005) |
| 10/12/2005 | 39 | Letter from Susan D. Pontoriero. (Attachments: # 1 Stipulation and Proposed Order Regarding Filing a Second Amended Complaint and Revised Briefing Schedule in Response)(DEPALMA, JOSEPH) (Entered: 10/12/2005) |
| 10/17/2005 | 40 | Letter from John J. Levy. (DUBLER, JANICE) (Entered: 10/17/2005) |
| 10/17/2005 | 41 | STIPULATION AND ORDER RE: Filing Second Amended Complaint and revised briefing schedule in response. Signed by Judge Joel B. Rosen on 10/17/05. (ar1, ) (Entered: 10/18/2005) |
| 10/21/2005 | 42 | SUMMONS Returned Executed by WILLIAM STEINER. ARTHUR ANDERSEN, LLP served on 10/12/2005, answer due 11/1/2005. (DEPALMA, JOSEPH) (Entered: 10/21/2005) |
| 10/31/2005 | 43 | STIPULATION AND ORDER that Arthur Andersen will abide by the terms of the Consent Order entered on 10/12/05. Signed by Judge Joel B. Rosen on 10/31/05. (ar1, ) (Entered: 10/31/2005) |
| 10/31/2005 | 44 | ACKNOWLEDGEMENT OF SERVICE Executed by WILLIAM STEINER. JOHN W. QUAINTANCE served on 10/21/2005, answer due 11/10/2005. (DEPALMA, JOSEPH) (Entered: 10/31/2005) |
| 11/11/2005 | 45 | NOTICE of Appearance by BRIAN J. MCCORMICK, JR on behalf of JOHN W. QUAINTANCE (Attachments: # 1 Certificate of Service)(MCCORMICK, BRIAN) (Entered: 11/11/2005) |
| 11/11/2005 | 46 | MOTION for Leave to Appear Pro Hac Vice by JOHN W. QUAINTANCE. (Attachments: # 1 Affidavit of B. McCormick in Support of Motion for Admission Pro Hac Vice# 2 Affidavit of H. Scher in Support of Motion for Admission Pro Hac Vice# 3 Affidavit of P. Madden in Support of Motion for Admission Pro Hac Vice# 4 Text of Proposed Order # 5 Certificate of Service)(MCCORMICK, BRIAN) (Entered: 11/11/2005) |

| | | |
|---|---|---|
| 11/14/2005 | | Setting returnable date for 46 MOTION for Leave to Appear Pro Hac Vice for 12/16/2005 before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 11/14/2005) |
| 11/14/2005 | | Motion No Longer Referred to Judge Joel B. Rosen: 46 MOTION for Leave to Appear Pro Hac Vice. (ar1, ) (Entered: 11/14/2005) |
| 11/14/2005 | | Setting returnable date for 46 MOTION for Leave to Appear Pro Hac Vice for 12/16/2005 before Judge Jerome B. Simandle. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 11/14/2005) |
| 11/14/2005 | | MOTION 46 MOTION for Leave to Appear Pro Hac Vice REFERRED to Judge Joel B. Rosen and setting returnable date for 12/16/05. (ar1, ) (Entered: 11/14/2005) |
| 11/14/2005 | 47 | ORDER permitting John H. Lewis to appear and participate pro hac vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC, with a S.A.S.E. Signed by Judge Joel B. Rosen on 11/14/05. (ar1, ) (Entered: 11/14/2005) |
| 11/15/2005 | 48 | AMENDED COMPLAINT *Second* against all defendants all defendants., filed by GREATER PENNSYLVANIA CARPENTERS PENSION FUND. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Certificate of Service)(DEPALMA, JOSEPH) Additional attachment(s) added on 11/18/2005 (ar1, ). (Entered: 11/15/2005) |
| 11/16/2005 | | Pro Hac Vice fee for John H. Lewis: $ 150.00, receipt number 100 303847. (ar1, ) (Entered: 11/16/2005) |
| 12/07/2005 | 49 | ORDER permitting Howard D. Scher and Paul C. Madden Leave to Appear Pro Hac Vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 12/7/05. (ar1, ) (Entered: 12/07/2005) |
| 12/19/2005 | 50 | MOTION for Leave to Appear Pro Hac Vice by ARTHUR ANDERSEN, LLP. (Attachments: # 1 Certification Martin Wendel# 2 Affidavit Eliot Lauer# 3 Affidavit Michael J. Moscato# 4 Affidavit Daria M. Ciaputa# 5 Text of Proposed Order)(WENDEL, MARTIN) (Entered: 12/19/2005) |
| 12/20/2005 | 51 | CERTIFICATE OF SERVICE by ARTHUR ANDERSEN, LLP re 50 MOTION for Leave to Appear Pro Hac Vice (WENDEL, MARTIN) (Entered: 12/20/2005) |
| 12/20/2005 | | Setting Deadlines as to 50 MOTION for Leave to Appear Pro Hac Vice. Motion Returnable date set for 1/20/2006 09:30 AM before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THIS MOTION SHALL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (MB, ) (Entered: 12/20/2005) |
| 01/10/2006 | 52 | NOTICE of Appearance by SCOTT A. RESNIK on behalf of JOHN A. DONOHOE (RESNIK, SCOTT) (Entered: 01/10/2006) |
| | | |

| 01/13/2006 | 53 | MOTION to Dismiss by ARTHUR ANDERSEN, LLP. Responses due by 3/17/2006 (Attachments: # 1 Text of Proposed Order)(WENDEL, MARTIN) (Entered: 01/13/2006) |
| 01/13/2006 | 54 | BRIEF in Support re 53 MOTION to Dismiss filed by ARTHUR ANDERSEN, LLP. (WENDEL, MARTIN) (Entered: 01/13/2006) |
| 01/13/2006 | 55 | MOTION to Dismiss by KPMG LLP. Responses due by 3/17/2006 (Attachments: # 1 Brief # 2 Certification of Counsel# 3 Text of Proposed Order # 4 Certificate of Service)(SHEEHAN, DAVID) (Entered: 01/13/2006) |
| 01/13/2006 | 65 | CONSENT ORDER RE: Page limitations and filing date for motions to dismiss set for 1/17/06. Signed by Judge Jerome B. Simandle on 1/13/06. (ar1, ) (Entered: 01/18/2006) |
| 01/17/2006 | | Setting returnable date for 53 MOTION to Dismiss, and 55 MOTION to Dismiss for 2/17/2006 before Judge Jerome B. Simandle. PLEASE BE ADVISED THAT THESE MOTIONS WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 01/17/2006) |
| 01/17/2006 | 56 | MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim* by ETHAN COHEN. (LEVY, JOHN) (Entered: 01/17/2006) |
| 01/17/2006 | 57 | MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted* by ETHAN COHEN. (Attachments: # 1 Certificate of Service # 2 Text of Proposed Order # 3 Brief)(LEVY, JOHN) (Entered: 01/17/2006) |
| 01/17/2006 | 58 | MOTION to Dismiss by DAVID A. COHEN. (Attachments: # 1 Brief # 2 Text of Proposed Order # 3 Certificate of Service)(KOTLER, DAVID) (Entered: 01/17/2006) |
| 01/17/2006 | 59 | MOTION to Dismiss by JOHN W. QUAINTANCE. (Attachments: # 1 Brief # 2 Text of Proposed Order # 3 Certificate of Service)(MCCORMICK, BRIAN) (Entered: 01/17/2006) |
| 01/17/2006 | 60 | MOTION to Dismiss *The Second Amended Complaint With Prejudice Pursuant To Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.,* by JOHN A. DONOHOE. (Attachments: # 1 Text of Proposed Order) (RESNIK, SCOTT) (Entered: 01/17/2006) |
| 01/17/2006 | 61 | BRIEF in Support re 60 MOTION to Dismiss *The Second Amended Complaint With Prejudice Pursuant To Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.,* filed by JOHN A. DONOHOE. (RESNIK, SCOTT) (Entered: 01/17/2006) |
| 01/17/2006 | 62 | MOTION to Dismiss by MEDQUIST, INC., RONALD F. SCARPONE. (Attachments: # 1 Brief Part 1 of 2# 2 Brief Part 2 of 2# 3 Request for Judicial Notice and Declaration# 4 Appendix Joint† Appendix of Unpublished Authorities Part 1 of 13# 5 Exhibit Part 2 of 13# 6 Exhibit Part 3 of 13# 7 Exhibit Part 4 of 13# 8 Exhibit Part 5 of 13# 9 Exhibit Part 6 of 13# 10 Exhibit Part 7 of 13# 11 Exhibit Part 8 of 13# 12 Exhibit Part 9 of 13# 13 Exhibit Part 10 of 13# 14 Exhibit Part 11 of 13# 15 Exhibit Part 12 of 13# 16 |

| | | |
|---|---|---|
| | | Exhibit Part 13 of 13# 17 Text of Proposed Order # 18 Certificate of Service) (SALVAGNO, OLIVIER) (Entered: 01/17/2006) |
| 01/17/2006 | 63 | MOTION for Leave to Appear Pro Hac Vice by BRIAN J. KEARNS. (Attachments: # 1 Certification of Christopher M. DiMuro# 2 Certification of Gregory A. Harris# 3 Text of Proposed Order # 4 Certificate of Service) (DIMURO, CHRISTOPHER) (Entered: 01/17/2006) |
| 01/17/2006 | 64 | MOTION to Dismiss *Second Amended Complaint* by BRIAN J. KEARNS. Responses due by 3/17/2006 (Attachments: # 1 Brief in Support of Motion to Dismiss Second Amended Complaint# 2 Text of Proposed Order # 3 Certificate of Service)(DIMURO, CHRISTOPHER) (Entered: 01/17/2006) |
| 01/18/2006 | | Setting Deadlines as to 64 MOTION to Dismiss *Second Amended Complaint*, 62 MOTION to Dismiss, 60 MOTION to Dismiss *The Second Amended Complaint With Prejudice Pursuant To Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.*, 57 MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted*, 58 MOTION to Dismiss, 56 MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim*, 59 MOTION to Dismiss. Motion Return Date set for 2/17/2006 before Judge Jerome B. Simandle. PLEASE BE ADVISED THAT THESE MOTIONS WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT.(sa, ) (Entered: 01/18/2006) |
| 01/18/2006 | | Setting Deadlines as to 63 MOTION for Leave to Appear Pro Hac Vice. Motion Return Date set for 2/17/2006 before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT.(sa, ) (Entered: 01/18/2006) |
| 01/30/2006 | 66 | MOTION for Leave to Appear Pro Hac Vice *OF ANTHONY L. PACCIONE and JOEL W. STERNMAN* by JOHN A. DONOHOE. (Attachments: # 1 Certification Of Scott A. Resnik In Support Of Motion# 2 Affidavit Of Anthony L. Paccione In Support# 3 Affidavit Of Joel W. Sternman In Support# 4 Text of Proposed Order For Admissions Pro Hac Vice)(RESNIK, SCOTT) (Entered: 01/30/2006) |
| 01/31/2006 | | Setting returnable date for 66 MOTION for Leave to Appear Pro Hac Vice *OF ANTHONY L. PACCIONE and JOEL W. STERNMAN* for 3/3/2006 before Magistrate Judge Joel B. Rosen. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (ar1, ) (Entered: 01/31/2006) |
| 02/02/2006 | 67 | CERTIFICATE OF SERVICE by JOHN A. DONOHOE re 66 MOTION for Leave to Appear Pro Hac Vice *OF ANTHONY L. PACCIONE and JOEL W. STERNMAN W/R/T SERVICE VIA REGULAR MAIL BY JOVANA VUJOVIC ON FEBRUARY 1, 2006* (RESNIK, SCOTT) (Entered: 02/02/2006) |
| 02/08/2006 | 68 | ORDER granting 63 Motion for Leave to Appear Pro Hac Vice. Ordered that the attorney admitted pro hac vice make payment of $150.00 made payable to Clerk, U.S. District Court. Signed by Judge Joel B. Rosen on 2/8/06. (sb) (Entered: 02/09/2006) |

| 02/14/2006 | | Pro Hac Vice fee Howard D. Scher: $ 150.00, receipt number 100 304277. (ar1, ) (Entered: 02/16/2006) |
| 02/14/2006 | | Pro Hac Vice fee for Paul C. Madden: $ 150.00, receipt number 100 304276. (ar1, ) (Entered: 02/16/2006) |
| 02/17/2006 | 69 | ORDER permitting Eliot Lauer, Michael J. Moscato and Daria M. Ciaputa Leave to Appear Pro Hac Vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 1/20/06. (ar1, ) (Entered: 02/17/2006) |
| 02/21/2006 | 70 | ORDER permitting Anthony L. Paccione and Joel W. Sternman Leave to Appear Pro Hac Vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 2/21/06. (ar1, ) (Entered: 02/22/2006) |
| 02/24/2006 | | Pro Hac Vice fee for Eliot Lauer: $ 150.00, receipt number 100 304329. (ar1, ) (Entered: 02/27/2006) |
| 02/24/2006 | | Pro Hac Vice fee for Michael J. Moscato: $ 150.00, receipt number 100 304330. (ar1, ) (Entered: 02/27/2006) |
| 02/24/2006 | | Pro Hac Vice fee for Daria M. Ciaputa: $ 150.00, receipt number 100 304331. (ar1, ) (Entered: 02/27/2006) |
| 02/27/2006 | | Pro Hac Vice fee for Anthony L. Paccione: $ 150.00, receipt number 100 304349. (ar1, ) (Entered: 02/27/2006) |
| 02/27/2006 | | Pro Hac Vice fee for Joel W. Sternman: $ 150.00, receipt number 100 304350. (ar1, ) (Entered: 02/27/2006) |
| 03/09/2006 | 71 | MOTION for Leave to Appear Pro Hac Vice by GREATER PENNSYLVANIA CARPENTERS PENSION FUND. (Attachments: # 1 Certification of Joseph J. DePalma in Support of Pro Hac Vice Admission# 2 Certification of Shirley Huang in Support of Application for Pro Hac Vice Admission# 3 Text of Proposed Order # 4 Certificate of Service)(DEPALMA, JOSEPH) (Entered: 03/09/2006) |
| 03/10/2006 | 72 | Notice of Request by Pro Hac Vice to receive Notices of Electronic Filings. (DEPALMA, JOSEPH) (Entered: 03/10/2006) |
| 03/17/2006 | 73 | STIPULATION AND ORDER RE: Page limit for pltf's. response to defts'. motions to dismiss and revised briefing schedule. Signed by Judge Jerome B. Simandle on 3/17/06. (ar1, ) (Entered: 03/20/2006) |
| 03/23/2006 | 74 | ORDER permitting Shirley Huang Leave to Appear Pro Hac Vice. Counsel admitted pro hac vice is ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 3/23/06. (ar1, ) (Entered: 03/23/2006) |
| 03/30/2006 | | Pro Hac Vice fee for Shirley Huang: $ 150.00, receipt number 100 304550. (ar1, ) (Entered: 03/31/2006) |
| 03/31/2006 | 75 | Notice of Request by Pro Hac Vice to receive Notices of Electronic Filings. (DEPALMA, JOSEPH) (Entered: 03/31/2006) |

| | | |
|---|---|---|
| 04/04/2006 | 76 | Notice of Request by Pro Hac Vice to receive Notices of Electronic Filings. (RESNIK, SCOTT) (Entered: 04/04/2006) |
| 04/04/2006 | 77 | Notice of Request by Pro Hac Vice to receive Notices of Electronic Filings. (RESNIK, SCOTT) (Entered: 04/04/2006) |
| 04/07/2006 | 78 | BRIEF in Opposition re 58 MOTION to Dismiss, 57 MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted,* 60 MOTION to Dismiss *The Second Amended Complaint With Prejudice Pursuant To Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.,,* 64 MOTION to Dismiss *Second Amended Complaint,* 55 MOTION to Dismiss, 59 MOTION to Dismiss, 62 MOTION to Dismiss, 56 MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim,* 53 MOTION to Dismiss filed by GREATER PENNSYLVANIA CARPENTERS PENSION FUND. (Attachments: # 1 Certification of Joseph J. DePalma# 2 Exhibit Exh. 1-3 to the DePalma Decl.# 3 Exhibit Exh. 4-7 DePalma Dec.# 4 Exhibit Exh. 8-13 DePalma Dec.# 5 Exhibit Exh. 14-17 DePalma Dec# 6 Statement Plaintiff's Request for Judicial Notice# 7 Certificate of Service)(DEPALMA, JOSEPH) (Entered: 04/07/2006) |
| 04/21/2006 | 79 | NOTICE of Appearance by KEENA M. MACKAY on behalf of MEDQUIST, INC. (MACKAY, KEENA) (Entered: 04/21/2006) |
| 04/25/2006 | 80 | AMENDED DOCUMENT by BRIAN J. KEARNS. *Amended Notice of Appearance on Behalf of Brian J. Kearns.* (MACKAY, KEENA) (Entered: 04/25/2006) |
| 04/27/2006 | 81 | Letter from Joseph J. DePalma Supplementing Opposition to Motion to Dimiss re 78 Brief in Opposition to Motion,,,. (Attachments: # 1 Exhibit A# 2 Exhibit B)(DEPALMA, JOSEPH) (Entered: 04/27/2006) |
| 05/01/2006 | 82 | Letter from Keena M. MacKay; Re: Christopher Dimuro no longer with the firm LATHAM & WATKINS. (ar1, ) (Entered: 05/01/2006) |
| 05/04/2006 | 83 | NOTICE of Appearance by JANET RITA BOSI on behalf of GREATER PENNSYLVANIA CARPENTERS PENSION FUND (BOSI, JANET) (Entered: 05/04/2006) |
| 05/16/2006 | 84 | STIPULATION *AND ORDER RE: REVISED BRIEFING SCHEDULE AND PAGE LIMITS FOR DEFENDANTS' REPLY BRIEFS IN SUPPORT OF MOTIONS TO DISMISS* by MEDQUIST, INC., RONALD F. SCARPONE. (Attachments: # 1 Certificate of Service)(SALVAGNO, OLIVIER) (Entered: 05/16/2006) |
| 05/19/2006 | 85 | STIPULATION AND ORDER Re: Revised briefing schedule and page limits for defts'. reply briefs in support of motions to dismiss.Signed by Judge Jerome B. Simandle on 5/19/06. (ar1, ) (Entered: 05/23/2006) |
| 06/16/2006 | 86 | REPLY to Response to Motion re 56 MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim Reply Brief in Support of Defendant Ethan Cohen's Motion to Dismiss the Second Amended Complaint* filed by ETHAN COHEN. (Attachments: # 1 Certificate of Service)(LEVY, JOHN) (Entered: 06/16/2006) |

| 06/16/2006 | 87 | REPLY to Response to Motion re 53 MOTION to Dismiss filed by ARTHUR ANDERSEN, LLP. (Attachments: # 1 Affidavit -Martin Wendel Affidavit Dated June 15, 2006# 2 Exhibit 1 to Martin Wendel Affidavit-Excerpt of 2001 Form 10-K Filed by Medquist, Inc. with SEC on March 22, 2002)(WENDEL, MARTIN) (Entered: 06/16/2006) |
| 06/16/2006 | 88 | REPLY to Response to Motion re 58 MOTION to Dismiss filed by DAVID A. COHEN. (Attachments: # 1 Certificate of Service)(ZAVIEH, MEGAN) Additional attachment(s) added on 6/20/2006 (ar1, ). (Entered: 06/16/2006) |
| 06/16/2006 | 89 | REPLY to Response to Motion re 55 MOTION to Dismiss filed by KPMG LLP. (Attachments: # 1 Certificate of Service)(MCDONALD, MICHAEL) (Entered: 06/16/2006) |
| 06/16/2006 | 90 | REPLY to Response to Motion re 59 MOTION to Dismiss filed by JOHN W. QUAINTANCE. (Attachments: # 1 Certificate of Service)(MCCORMICK, BRIAN) (Entered: 06/16/2006) |
| 06/16/2006 | 91 | REPLY to Response to Motion re 64 MOTION to Dismiss *Second Amended Complaint* filed by BRIAN J. KEARNS. (Attachments: # 1 Certificate of Service # 2 Appendix A# 3 Appendix B)(MACKAY, KEENA) (Entered: 06/16/2006) |
| 06/16/2006 | 92 | REPLY to Response to Motion re 62 MOTION to Dismiss filed by MEDQUIST, INC., RONALD F. SCARPONE. (Attachments: # 1 Declaration Reply Declaration of Gail J. Standish# 2 Certificate of Service)(GROSS, MARC) (Entered: 06/16/2006) |
| 06/16/2006 | 93 | BRIEF in Support re 60 MOTION to Dismiss *The Second Amended Complaint With Prejudice Pursuant To Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.*, *MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT JOHN A. DONOHOE, JR.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT* filed by JOHN A. DONOHOE. (RESNIK, SCOTT) (Entered: 06/16/2006) |
| 07/24/2006 | 94 | Letter from Marc Gross confirming oral argument on the pending motions to dismiss. (GROSS, MARC) (Entered: 07/24/2006) |
| 08/10/2006 | 95 | Letter from Joseph J. DePalma. (DEPALMA, JOSEPH) (Entered: 08/10/2006) |
| 08/10/2006 | 96 | NOTICE of Appearance by JOSEPH J. DEPALMA on behalf of GREATER PENNSYLVANIA CARPENTERS PENSION FUND (DEPALMA, JOSEPH) (Entered: 08/10/2006) |
| 08/11/2006 | 97 | Letter from Marc Gross in response to the letter filed by Plaintiff on August 10, 2006. (Attachments: # 1 Certificate of Service)(GROSS, MARC) (Entered: 08/11/2006) |
| 08/14/2006 | 98 | Letter from Olivier Salvagno joining all Defendants in MedQuist's letter submission filed on August 11, 2006. (Attachments: # 1 Certificate of Service) (SALVAGNO, OLIVIER) (Entered: 08/14/2006) |
| 08/17/2006 | 100 | Minute Entry for proceedings held before Judge Jerome B. Simandle : Motion Hearing held on 8/17/2006 re 58 MOTION to Dismiss filed by DAVID A. |

| | | |
|---|---|---|
| | | COHEN,, 57 MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted* filed by ETHAN COHEN,, 60 MOTION to Dismiss *The Second Amended Complaint With Prejudice Pursuant To Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.,* filed by JOHN A. DONOHOE,, 64 MOTION to Dismiss *Second Amended Complaint* filed by BRIAN J. KEARNS,, 55 MOTION to Dismiss filed by KPMG LLP,, 59 MOTION to Dismiss filed by JOHN W. QUAINTANCE,, 62 MOTION to Dismiss filed by MEDQUIST, INC.,, RONALD F. SCARPONE,, 56 MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim* filed by ETHAN COHEN,, 53 MOTION to Dismiss filed by ARTHUR ANDERSEN, LLP, ORDERED DECISION RESERVED ON ALL MOTIONS. (Court Reporter Lisa Marcus.) (db, ) (Entered: 08/21/2006) |
| 08/18/2006 | 99 | Letter from Joseph J. DePalma re: case law authorities referenced at hearing. (DEPALMA, JOSEPH) (Entered: 08/18/2006) |
| 08/23/2006 | 101 | BRIEF *(Supplemental Letter Brief Requested by the Court)* filed by MEDQUIST, INC., RONALD F. SCARPONE. (Attachments: # 1 Certificate of Service)(GROSS, MARC) (Entered: 08/23/2006) |
| 08/24/2006 | 102 | Notice of Request by Pro Hac Vice to receive Notices of Electronic Filings. (DEPALMA, JOSEPH) (Entered: 08/24/2006) |
| 09/11/2006 | 103 | Notice to be terminated and withdraw from Notices of Electronic filing as to case. Attorney DAVID J. SHEEHAN terminated. (db, ) (Entered: 09/14/2006) |
| 09/14/2006 | 104 | TRANSCRIPT of Proceedings held on 08/17/06 before Judge Simandle. Court Reporter: L. Marcus. PLEASE NOTE: The complete transcript of these proceedings is maintained in paper format on file in the Clerks Office. To request copies of this transcript, contact the Official Court Reporter or Transcription Service who prepared the transcript. (db, ) (Entered: 09/18/2006) |
| 09/29/2006 | 105 | ORDER granting 53 Motion to Dismiss, granting 55 Motion to Dismiss, denying 56 Motion to Dismiss, denying 58 Motion to Dismiss, denying 59 Motion to Dismiss, denying 60 Motion to Dismiss, denying 62 Motion to Dismiss, denying 64 Motion to Dismiss . Signed by Judge Jerome B. Simandle on 09/29/06. (db, ) (Entered: 09/29/2006) |
| 09/29/2006 | 106 | OPINION re 58 MOTION to Dismiss filed by DAVID A. COHEN,, 57 MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted* filed by ETHAN COHEN,, 60 MOTION to Dismiss *The Second Amended Complaint With Prejudice Pursuant To Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.,* filed by JOHN A. DONOHOE,, 64 MOTION to Dismiss *Second Amended Complaint* filed by BRIAN J. KEARNS,, 55 MOTION to Dismiss filed by KPMG LLP,, 59 MOTION to Dismiss filed by JOHN W. QUAINTANCE,, 62 MOTION to Dismiss filed by MEDQUIST, INC.,, RONALD F. SCARPONE,, 56 MOTION to Dismiss *Second Amended Complaint for Failure to State a Claim* filed by ETHAN COHEN,, 53 MOTION to Dismiss filed by ARTHUR ANDERSEN, LLP, . Signed by Judge Jerome B. Simandle on 09/29/06. (db, ) |

| | | |
|---|---|---|
| | | (Entered: 09/29/2006) |
| 10/10/2006 | 108 | JUDGMENT in favor of deft. ARTHUR ANDERSON against PLAINTIFFS. Signed by Judge Jerome B. Simandle on 10/10/06. (db, ) (Entered: 10/12/2006) |
| 10/11/2006 | 107 | STIPULATION *AND (PROPOSED) ORDER RE: SCHEDULE* by MEDQUIST, INC., RONALD F. SCARPONE. (Attachments: # 1 Certificate of Service)(SALVAGNO, OLIVIER) (Entered: 10/11/2006) |
| 10/12/2006 | | CLERKS OFFICE QUALITY CONTROL MESSAGE - The (STIPULATION, DOCUMENT #107) submitted by (O. SALVAGNO) on (10/11/06) must be executed by a Judicial Officer before filing. FOR FUTURE REFERENCE: Please forward to the appropriate Judicial Officer in accordance with his/her preferred practice. This submission will remain on the docket unless otherwise ordered by the court. This message is for informational purposes only. (db, ) (Entered: 10/12/2006) |
| 10/12/2006 | 110 | JUDGMENT in favor of deft. KPMG LLP against plaintiffs. Signed by Judge Jerome B. Simandle on 10/12/06. (db, ) (Entered: 10/16/2006) |
| 10/13/2006 | 109 | MOTION for Leave to Appear Pro Hac Vice *JEFFREY W. LAWRENCE* by GREATER PENNSYLVANIA CARPENTERS PENSION FUND. (Attachments: # 1 Certification Certification of Joseph J. DePalma# 2 Certification Certification of Jeffrey W. Lawrence# 3 Text of Proposed Order # 4 Certificate of Service)(DEPALMA, JOSEPH) (Entered: 10/13/2006) |
| 10/13/2006 | 111 | STIPULATION AND ORDER, RE: Schedule. Signed by Judge Jerome B. Simandle on 10/13/06. (db, ) (Entered: 10/18/2006) |
| 10/16/2006 | | Setting Deadlines as to 109 MOTION for Leave to Appear Pro Hac Vice *JEFFREY W. LAWRENCE*. Motion Hearing set for 11/17/2006 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (db, ) (Entered: 10/16/2006) |
| 10/30/2006 | 112 | STIPULATION AND ORDER, RE: Schedule. Signed by Judge Jerome B. Simandle on 10/30/06. (db, ) (Entered: 11/02/2006) |
| 11/02/2006 | | Magistrate Judge Joel Schneider added. (MB, ) (Entered: 11/02/2006) |
| 11/03/2006 | 113 | ANSWER to Amended Complaint *(Second Amended Complaint)* by MEDQUIST, INC.. (Attachments: # 1 Certificate of Service)(GROSS, MARC) (Entered: 11/03/2006) |
| 11/03/2006 | 114 | STIPULATION AND ORDER RE: Schedule for response to complaint of defendant RONALD F. SCARPONE. Signed by Judge Jerome B. Simandle on 11/03/06. (db, ) (Entered: 11/06/2006) |
| 11/15/2006 | | Judge Ann Marie Donio added. Judge Joel Schneider no longer assigned to case. (MB, ) (Entered: 11/15/2006) |
| 11/21/2006 | 115 | STIPULATION AND ORDER, Re: Schedule. Signed by Judge Jerome B. Simandle on 11/21/06. (db, ) (Entered: 11/28/2006) |
| | | |

| 12/07/2006 | 116 | ORDER granting 109 Motion for Leave to Appear Pro Hac Vice. Attorney admitted pro hac vice is directed to make payment of $150, made payable to Clerk, U.S. District Court. Signed by Judge Ann Marie Donio on 12/7/06. (sb) (Entered: 12/07/2006) |
| 12/29/2006 | | Pro Hac Vice fee: $ 150, receipt number 305632 received from attorney Jeffrey W. Lawrence (db, ) (Entered: 01/11/2007) |
| 01/22/2007 | 118 | STIPULATION AND ORDER, RE: Schedule. Signed by Judge Jerome B. Simandle on 01/22/07. (db, ) (Entered: 01/25/2007) |
| 01/23/2007 | 117 | Notice of Request by Pro Hac Vice JEFFREY W. LAWRENCE to receive Notices of Electronic Filings. (DEPALMA, JOSEPH) (Entered: 01/23/2007) |
| 04/03/2007 | 119 | ORDER STAYING CASE. Signed by Judge Jerome B. Simandle on 04/03/07. (db, ) (Entered: 04/04/2007) |
| 04/05/2007 | 120 | MOTION for Leave to Appear Pro Hac Vice by WILLIAM STEINER. (Attachments: # 1 Certification of Joy Ann Bull to Appear Pro Hac Vice# 2 Certification of JJD for Pro Hac Vice Admission of Joy Ann Bull# 3 Order for Pro Hac Vice Admission of Joy Ann Bull)(DEPALMA, JOSEPH) (Entered: 04/05/2007) |
| 04/09/2007 | | Setting Deadlines as to 120 MOTION for Leave to Appear Pro Hac Vice. Motion Returnable for 5/4/2007 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT.(db, ) (Entered: 04/09/2007) |
| 04/23/2007 | 121 | Letter from Marc J. Gross, Esq. confirming scheduled telephone conference call. (GROSS, MARC) (Entered: 04/23/2007) |
| 05/07/2007 | 122 | MOTION for Settlement *Notice of Motion in Support of Unopposed Motion for Preliminary Approval of Settlement* by GREATER PENNSYLVANIA CARPENTERS PENSION FUND. (Attachments: # 1 Brief Lead Plaintiff's Memorandum in Support of Unopposed Motion for Preliminary Approval of Settlement# 2 Stipulation of Settlement# 3 Exhibit Exhibit A# 4 Exhibit Exhibit A1# 5 Exhibit Exhibit A2# 6 Exhibit Exhibit A3# 7 Exhibit Exhibit B# 8 Text of Proposed Order Order Preliminarily Approving Settlement and Providing Notice# 9 Exhibit Exhibit A1 to Order# 10 Ehibit A2 to Order# 11 Exhibit A3 to Order# 12 Certificate of Service)(DEPALMA, JOSEPH) (Entered: 05/07/2007) |
| 05/08/2007 | | Setting Deadlines as to 122 MOTION for Settlement *Notice of Motion in Support of Unopposed Motion for Preliminary Approval of Settlement*. Motion returndable date set for 6/1/2007 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 05/08/2007) |
| 05/16/2007 | 123 | ORDER granting 122 Motion for Settlement. Settlement hearing set for August 15, 2007 at 1:00pm. Signed by Judge Jerome B. Simandle on 5/16/07. (sb) (Entered: 05/17/2007) |

| 06/20/2007 | 124 | ORDER granting 120 Motion for Leave to Appear Pro Hac Vice. ORDERED that the attorney admitted pro hac vice is directed to make payment of $150, made payable to Clerk, U.S. District Court. Signed by Judge Ann Marie Donio on 6/20/07. (sb) (Entered: 06/21/2007) |
| --- | --- | --- |
| 06/22/2007 | | Pro Hac Vice fee recv'd as to Joy Ann Bull, Esq.: $ 150, receipt number 345905 (sb) (Entered: 06/25/2007) |
| 06/25/2007 | 125 | Notice of Request by Pro Hac Vice JOY ANN BULL to receive Notices of Electronic Filings. (DEPALMA, JOSEPH) (Entered: 06/25/2007) |
| 07/09/2007 | 126 | MOTION for Settlement *for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and Award of Attorneys' Fees and Expenses* by WILLIAM STEINER. (Attachments: # 1 Settlement Brief# 2 Fee Brief# 3 Declaration of C. Sylvester, Esq.# 4 Declaration of J. Bull, Esq.# 5 Declaration of J. DePalma, Esq.# 6 Declaration of J. Lawrence, Esq.# 7 Compendium of Unreported Cases - Pt. 1# 8 Compendium of Unreported Cases - Pt2# 9 Compendium of Unreported Cases - Pt. 3# 10 Compendium of Unreported Cases - Pt. 4# 11 Compendium of Unreported Cases - Pt. 5# 12 Compendium of Unreported Cases - Pt. 6# 13 Compendium of Unreported Cases - Pt. 7# 14 Order Awarding Fees# 15 Order Approving Plan of Allocation# 16 Final Judgment and Order of Dismissal# 17 Certification of Service)(DEPALMA, JOSEPH) (Entered: 07/09/2007) |
| 07/10/2007 | | Setting Deadlines as to 126 MOTION for Settlement *for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and Award of Attorneys' Fees and Expenses*. Motion returnable date set for 8/3/2007 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 07/10/2007) |
| 07/17/2007 | 127 | RESPONSE in Opposition filed by Gerald H. Gruber re 126 MOTION for Settlement *for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and Award of Attorneys' Fees and Expenses* (sb) (Entered: 07/17/2007) |
| 08/08/2007 | 128 | BRIEF *Lead Plaintiff's Reply in Support of Approval of Plan of Allocation of Settlement Proceeds* filed by GREATER PENNSYLVANIA CARPENTERS PENSION FUND. (Attachments: # 1 Certificate of Service)(DEPALMA, JOSEPH) (Entered: 08/08/2007) |
| 08/10/2007 | 129 | Letter from Gerald Gruber re: settlement. (sb) (Entered: 08/10/2007) |
| 08/15/2007 | 130 | Minute Entry for proceedings held before Judge Jerome B. Simandle : Motion Hearing held on 8/15/2007 re 126 MOTION for Settlement *for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds and Award of Attorneys' Fees and Expenses. Oral Opinion read into the record. Order to be entered.(Court Reporter Lisa Marcus.) (sb) (Entered: 08/17/2007)* |
| 08/17/2007 | 131 | FINAL JUDGMENT AND ORDER FOR DISMISSAL WITH PREJUDICE. Signed by Judge Jerome B. Simandle on 8/17/07. (th, ) (Entered: 08/20/2007) |
| 08/17/2007 | 132 | ORDER APPROVING PLAN OF ALLOCATION OF SETTLEMENT |

| | | |
|---|---|---|
| | | PROCEEDS re: 126 Motion for Settlement. Signed by Judge Jerome B. Simandle on 8/17/07. (th, ) (Entered: 08/20/2007) |
| 08/17/2007 | 133 | ORDER AWARDING PLAINTIFF'S COUNSEL'S ATTORNEYS FEES in the amount of $1,800,000.00 AND EXPENSES in the amount of $273,796.81. Signed by Judge Jerome B. Simandle on 8/17/07. (th, ) (Entered: 08/20/2007) |
| 09/04/2007 | 134 | TRANSCRIPT of Proceedings held on August 15, 2007 before Judge Jerome B. Simandle. Court Reporter: Lisa Marcus. PLEASE NOTE: The complete transcript of these proceedings is maintained in paper format on file in the Clerks Office. To request copies of this transcript, contact the Official Court Reporter or Transcription Service who prepared the transcript. (sb) (Entered: 09/05/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/22/2008 14:57:59 | | | |
| **PACER Login:** | ms0981 | **Client Code:** | 200426.00074-14039 |
| **Description:** | Docket Report | **Search Criteria:** | 1:04-cv-05487-JBS-AMD Start date: 1/1/1970 End date: 7/22/2008 |
| **Billable Pages:** | 12 | **Cost:** | 0.96 |

EXHIBIT K

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CIVIL DOCKET FOR CASE #: 1:04-cv-05542-JBS-JBR

KANTER v. BARELLA et al
Assigned to: Judge Jerome B. Simandle
Referred to: Magistrate Judge Joel B. Rosen
Case in other court:  Third Circuit Court of Appeals, 05-
                       05398
                       Third Circuit Court of Appeals, 05-
                       05398
Cause: 28:1332 Diversity-Breach of Fiduciary Duty

Date Filed: 11/12/2004
Date Terminated: 09/22/2005
Jury Demand: Plaintiff
Nature of Suit: 160 Stockholders Suits
Jurisdiction: Diversity

**Plaintiff**

**RHODA KANTER**
*on behalf of herself, and derivatively on*
*behalf of MEDQUIST*

represented by **TINA MOUKOULIS**
LAW OFFICE OF BERNARD M.
GROSS, PC
JOHN WANAMAKER BUILDING
SUITE 450
JUNIPER AND MARKET STREETS
PHILADELPHIA, PA 19107
(215) 561-3600
Email: tina@bernardmgross.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**HANS M. BARELLA**

represented by **LAN HOANG**
GIBBONS, PC
ONE GATEWAY CENTER
NEWARK, NJ 07102-5310
(973) 596-4500
Email: lhoang@gibbonslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KELLY ANN HARRIS**
GIBBONS DEL DEO
ONE RIVERFRONT PLAZA
NEWARK, NJ 07102
973-596-4500
Email: kharris@gibbonslaw.com

*TERMINATED: 04/26/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**

**BELINDA W. CHEW**                    represented by **LAN HOANG**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KELLY ANN HARRIS**
(See above for address)
*TERMINATED: 04/26/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**

**WILLIAM E. CURRAN**                  represented by **LAN HOANG**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KELLY ANN HARRIS**
(See above for address)
*TERMINATED: 04/26/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**

**STEPHEN H. RUSCKOWSKI**              represented by **LAN HOANG**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KELLY ANN HARRIS**
(See above for address)
*TERMINATED: 04/26/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ESQ. A. FRED RUTTENBERG**            represented by **JEFFREY WARREN LORELL**
SAIBER LLC
ONE GATEWAY CENTER
13TH FLOOR
NEWARK, NJ 07102-5311
(973) 622-3333
Email: jwl@saiber.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**RICHARD H. STOWE**                   represented by **JEFFREY WARREN LORELL**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN H. UNDERWOOD**     represented by    **JEFFREY WARREN LORELL**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**SCOTT M. WEISENHOFF**     represented by    **LAN HOANG**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KELLY ANN HARRIS**
(See above for address)
*TERMINATED: 04/26/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ERIK J. WESTERINK**     represented by    **LAN HOANG**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KELLY ANN HARRIS**
(See above for address)
*TERMINATED: 04/26/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JAN H.M. HOMMEN**     represented by    **LAN HOANG**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KELLY ANN HARRIS**
(See above for address)
*TERMINATED: 04/26/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KONINKLIJKE PHILIPS**     represented by    **LAN HOANG**
**ELECTRONIC N.V.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KELLY ANN HARRIS**
(See above for address)

*TERMINATED: 04/26/2005*
*ATTORNEY TO BE NOTICED*

**Defendant**

**MEDQUIST, INC.**
*a New Jersey Corporation*

represented by **MARC J. GROSS**
GREENBAUM, ROWE, SMITH &
DAVIS, LLP
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600
Fax: (973) 577-1785
Email: mgross@greenbaumlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**OLIVIER SALVAGNO**
GREENBAUM, ROWE, SMITH &
DAVIS, LLP
PO BOX 5600
WOODBRIDGE, NJ 07095
(732) 549-5600
Email: osalvagno@greenbaumlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/12/2004 | 1 | COMPLAINT against HANS M. BARELLA, BELINDA W. CHEW, WILLIAM E. CURRAN, JAN H.M. HOMMEN, KONINKLIJKE PHILIPS ELECTRIC N.V., MEDQUIST, INC., STEPHEN H. RUSCKOWSKI, A. FRED RUTTENBERG, RICHARD H. STOWE, JOHN H. UNDERWOOD, SCOTT M. WEISENHOFF, ERIK J. WESTERINK ( Filing fee $ 150 receipt number 301854.) JURY DEMAND, filed by RHODA KANTER.(gg, ) (Entered: 11/17/2004) |
| 01/28/2005 | 2 | NOTICE of Appearance by ADAM BRIAN KAPLAN on behalf of MEDQUIST, INC. (KAPLAN, ADAM) (Entered: 01/28/2005) |
| 02/03/2005 | 3 | ORDER REASSIGNING CASE. Case reassigned to Judge Joseph H. Rodriguez for all further proceedings. Judge Freda L. Wolfson no longer assigned to case. Signed by Judge John W. Bissell on 2/3/05. (sb) (Entered: 02/04/2005) |
| 02/15/2005 | 4 | Proposed Pretrial Order *on Consent Regarding Briefing Schedule and Responsive Pleadings* by MEDQUIST, INC.. (KAPLAN, ADAM) (Entered: 02/15/2005) |
| 02/23/2005 | 5 | CONSENT ORDER ESTABLISHING BRIEFING SCHEDULE RE RESPONSIVE PLEADINGS. Signed by Judge Ann Marie Donio on 2/23/05. (sb) (Entered: 02/24/2005) |
|  |  |  |

| 02/28/2005 | 6 | MOTION to Dismiss by A. FRED RUTTENBERG, RICHARD H. STOWE, JOHN H. UNDERWOOD. Responses due by 4/8/2005 (Attachments: # 1 Brief in Support of Motion to Dismiss# 2 Certification /Declaration of Jeffrey W. Lorell (w/exhibit)# 3 Text of Proposed Order # 4 Certificate of Service) (LORELL, JEFFREY) (Entered: 02/28/2005) |
|---|---|---|
| 02/28/2005 | 7 | First MOTION to Dismiss *the action* by SCOTT M. WEISENHOFF, ERIK J. WESTERINK, JAN H.M. HOMMEN, KONINKLIJKE PHILIPS ELECTRONIC N.V., HANS M. BARELLA, BELINDA W. CHEW, WILLIAM E. CURRAN, STEPHEN H. RUSCKOWSKI. (Attachments: # 1 Text of Proposed Order Proposed Order# 2 Brief Brief in Support of Defendants' Motion to Dismiss# 3 Certificate of Service Certification of Service - Defendants' Motion to Dismiss)(HARRIS, KELLY ANN) (Entered: 02/28/2005) |
| 02/28/2005 | 8 | MOTION to Stay *Discovery* by MEDQUIST, INC.. (Attachments: # 1 Text of Proposed Order # 2 Affidavit # 3 Affidavit # 4 Brief)(GROSS, MARC) (Entered: 02/28/2005) |
| 02/28/2005 | 9 | MOTION to Dismiss by MEDQUIST, INC.. (Attachments: # 1 Text of Proposed Order # 2 Affidavit # 3 Brief)(GROSS, MARC) (Entered: 02/28/2005) |
| 03/01/2005 | | Setting return date as to 9 MOTION to Dismiss, 6 MOTION to Dismiss, 7 First MOTION to Dismiss *the action* for 4/1/2005 before Judge Joseph H. Rodriguez. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 03/01/2005) |
| 03/01/2005 | | Setting return date as to 8 MOTION to Stay *Discovery* for 4/1/2005 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 03/01/2005) |
| 03/08/2005 | 10 | NOTICE of Appearance by TINA MOUKOULIS on behalf of RHODA KANTER (Attachments: # 1 Motion for Pro Hac for Bernard M. Gross# 2 Order for Pro Hac Motion for Bernard M. Gross# 3 Affidavit of Bernard M. Gross# 4 Certfication of Tina Moukoulis for Bernard M. Gross# 5 Certificate of Service)(MOUKOULIS, TINA) (Entered: 03/08/2005) |
| 03/08/2005 | 11 | NOTICE of Appearance by TINA MOUKOULIS on behalf of RHODA KANTER (Attachments: # 1 Motion for Pro Hac for Deborah R. Gross# 2 Order for Motion of Pro Hac for Deborah R. Gross# 3 Affidavit of Deborah R. Gross# 4 Certification of Tina Moukoulis for Deborah R. Gross# 5 Certificate of Service)(MOUKOULIS, TINA) (Entered: 03/08/2005) |
| 03/09/2005 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE. The Notices of Appearance, document numbers 10 and 11, submitted by T. MOUKOULIS on 3/8/05 were submitted incorrectly as Notices. PLEASE RESUBMIT THESE DOCUMENTS BY 3/14/05 USING THE EVENT "APPEAR" WHICH IS LOCATED UNDER THE MOTIONS CATEGORY. These submissions will remain on the docket unless otherwise ordered by the court. (sb) (Entered: 03/09/2005) |

| 03/09/2005 | 12 | MOTION for Leave to Appear Pro Hac Vice for Bernard M. Gross by RHODA KANTER. (Attachments: # 1 Notice of Motion Pro Hac Vice# 2 Proposed Order Granting Appearance Pro Hac Vice For Bernard M. Gross# 3 Affidavit of Bernard M. Gross to Appear Pro Hac Vice# 4 Certification of Tina Moukoulis in Support of Pro Hac Vice Admission of Bernard M. Gross# 5 Certificate of Service)(MOUKOULIS, TINA) (Entered: 03/09/2005) |
| --- | --- | --- |
| 03/09/2005 | 13 | MOTION for Leave to Appear Pro Hac Vice for Deborah R. Gross by RHODA KANTER. (Attachments: # 1 Notice of Motion Pro Hac Vice for Deborah R. Gross# 2 Proposed Order Granting Appearance Pro Hac Vice for Deborah R. Gross# 3 Affidavit of Deborah R. Gross for Pro Hac Vice# 4 Certification of Tina Moukoulis in Support of Pro Hac Vice Admission of Deborah R. Gross# 5 Certificate of Service)(MOUKOULIS, TINA) (Entered: 03/09/2005) |
| 03/10/2005 | | Setting return date as to 12 MOTION for Leave to Appear Pro Hac Vice for Bernard M. Gross, 13 MOTION for Leave to Appear Pro Hac Vice for Deborah R. Gross for 4/15/2005 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 03/10/2005) |
| 03/10/2005 | 14 | MOTION for Leave to Appear Pro Hac Vice by MEDQUIST, INC.. (Attachments: # 1 Affidavit of Marc J. Gross, Esq.# 2 Affidavit of Neal R. Marder, Esq.# 3 Affidavit of David M. Hickey, Esq.# 4 Affidavit of Gail J. Standish, Esq.# 5 Affidavit Thomas M. Buchanan. Esq.# 6 Affidavit Douglas N. Greenburg, Esq.# 7 Text of Proposed Order)(GROSS, MARC) (Entered: 03/10/2005) |
| 03/11/2005 | | Setting return date as to 14 MOTION for Leave to Appear Pro Hac Vice for 4/15/2005 before Magistrate Judge Ann Marie Donio. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 03/11/2005) |
| 03/11/2005 | 15 | RESPONSE in Opposition re 8 MOTION to Stay *Discovery Pending Resolution of Motions To Dismiss* filed by RHODA KANTER. (Attachments: # 1 Proposed Order Denying Defendant's Motion to Stay Discovery# 2 Attachment 1# 3 Certificate of Service)(MOUKOULIS, TINA) (Entered: 03/11/2005) |
| 03/11/2005 | | Minute Entry for proceedings held before Judge Joel B. Rosen : Phone Scheduling Conference held on 3/11/2005. (sa, ) (Entered: 03/11/2005) |
| 03/14/2005 | | Judge Joel B. Rosen added. Judge Ann Marie Donio no longer assigned to case. (jm1, ) (Entered: 03/14/2005) |
| 03/14/2005 | 16 | ORDER granting 12 Motion for Leave to Appear Pro Hac VicePro Hac Vice, granting 13 Motion for Leave to Appear Pro Hac VicePro Hac Vice. Signed by Judge Ann Marie Donio on 3/14/05. (sb) (Entered: 03/14/2005) |
| 03/14/2005 | 17 | ORDER granting 14 Motion for Leave to Appear Pro Hac Vice. Signed by Judge Ann Marie Donio on 3/14/05. (sb) (Entered: 03/14/2005) |
| 03/21/2005 | 18 | NOTICE of Appearance by LAN HOANG on behalf of SCOTT M. |

|  |  | WEISENHOFF, ERIK J. WESTERINK, JAN H.M. HOMMEN, KONINKLIJKE PHILIPS ELECTRONIC N.V., HANS M. BARELLA, BELINDA W. CHEW, WILLIAM E. CURRAN, STEPHEN H. RUSCKOWSKI (HOANG, LAN) (Entered: 03/21/2005) |
|---|---|---|
| 03/22/2005 | 19 | CONSENT ORDER REASSIGNING CASE. Case reassigned to Judge Jerome B. Simandle for all further proceedings. Judge Joseph H. Rodriguez no longer assigned to case. Signed by Judge John W. Bissell on 3/22/05. (sb) (Entered: 03/29/2005) |
| 04/08/2005 | 20 | STIPULATION *Consent Order Amending the Briefing Schedule on Defendants' Motions to Dismiss* by RHODA KANTER. (Attachments: # 1 Consent Order Amending the Briefing Schedule on Defendants' Motions to Dismiss# 2 Certificate of Service)(MOUKOULIS, TINA) (Entered: 04/08/2005) |
| 04/08/2005 | 21 | CONSENT ORDER AMENDING THE BRIEFING SCHEDULE ON DEFENDANTS' MOTIONS TO DISMISS. Signed by Judge Jerome B. Simandle on 4/8/05. (sb) (Entered: 04/11/2005) |
| 04/14/2005 | 22 | APPLICATION/PETITION for by A. FRED RUTTENBERG, RICHARD H. STOWE, JOHN H. UNDERWOOD. (Attachments: # 1 Affidavit of Randall W. Bodner in Support of Application for Admission Pro Hac Vice# 2 Affidavit of Robert G. Jones in Support of Application for Admission Pro Hac Vice# 3 Affidavit of Carisa A. Klemeyer in Support of Application for Admission Pro Hac Vice)(LORELL, JEFFREY) (Entered: 04/14/2005) |
| 04/20/2005 | 23 | REPLY to Response to Motion re 8 MOTION to Stay *Discovery* filed by MEDQUIST, INC.. (GROSS, MARC) (Entered: 04/20/2005) |
| 04/25/2005 | 24 | DECLARATION of Michael R. Griffinger in support of application for pro hac vice admission by SCOTT M. WEISENHOFF, ERIK J. WESTERINK, JAN H.M. HOMMEN, KONINKLIJKE PHILIPS ELECTRONIC N.V., HANS M. BARELLA, BELINDA W. CHEW, WILLIAM E. CURRAN, STEPHEN H. RUSCKOWSKI, A. FRED RUTTENBERG, RICHARD H. STOWE, JOHN H. UNDERWOOD. (Attachments: # 1 Declaration of Garrard R. Beeney# 2 Declaration of Ian N. Levy# 3 Declaration of Lan X. Nguyen# 4 Text of Proposed Order # 5 Certificate of Service)(HOANG, LAN) (Entered: 04/25/2005) |
| 04/25/2005 | 25 | BRIEF in Opposition re 6 MOTION to Dismiss, 7 First MOTION to Dismiss *the action*, 9 MOTION to Dismiss *Plaintiff's Omnibus Opposition* filed by RHODA KANTER. (Attachments: # 1 certificate of service# 2 Enclosure letter to Ckerk)(MOUKOULIS, TINA) (Entered: 04/25/2005) |
| 05/12/2005 | 26 | ORDER permitting Garrand R. Beeney, Esq., Lan X. Nguyen, Esq., and Ian N. Levy, Esq. to appear and participate pro hac vice on behalf of defendants.Out of state attorneys are ordered to make payment of $150.00 payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 5/12/05. (sb) (Entered: 05/12/2005) |
| 05/12/2005 | 27 | ORDER permitting Randall W. Bodner, Esq., Robert G. Jones, Esq., and Carisa A. Klemeyer, Esq. to appear and participate pro hac vice on behalf of defendants. Out of State attorneys are ordered to make payment of $150.00 |

| | | |
|---|---|---|
| | | made payable to Clerk, USDC. Signed by Judge Joel B. Rosen on 5/12/05. (sb) (Entered: 05/12/2005) |
| 05/17/2005 | | Pro Hac Vice fee: $ 450.00, receipt number 342436 Received by Randall W. Bodner, Esq., Robert G. Jones, Esq. and Carisa A. Klemeyer, Esq. (sb) (Entered: 05/19/2005) |
| 05/20/2005 | 28 | REPLY to Response to Motion re 7 First MOTION to Dismiss *the action* filed by SCOTT M. WEISENHOFF, ERIK J. WESTERINK, JAN H.M. HOMMEN, KONINKLIJKE PHILIPS ELECTRONIC N.V., HANS M. BARELLA, BELINDA W. CHEW, WILLIAM E. CURRAN, STEPHEN H. RUSCKOWSKI. (Attachments: # 1 Certification Declaration of Counsel# 2 Certificate of Service)(HOANG, LAN) (Entered: 05/20/2005) |
| 05/20/2005 | 29 | RESPONSE in Support re 8 MOTION to Stay *Discovery* filed by MEDQUIST, INC.. (GROSS, MARC) (Entered: 05/20/2005) |
| 05/24/2005 | 30 | CONSENT ORDER. Defendants A. Fred Ruttenberg, Richard H. Stowe, and John H. Underwood shall file their reply brief on or before May 27, 2005. Signed by Judge Jerome B. Simandle on 5/24/05. (sb) (Entered: 05/26/2005) |
| 05/26/2005 | | Pro Hac Vice fee: $ 450.00, receipt number 302868. Received by Garrard R. Beeney, Esq., Lan X. Nguyen, Esq., and Ian N. Levy, Esq. (sb) (Entered: 05/27/2005) |
| 05/27/2005 | 31 | REPLY to Response to Motion re 6 MOTION to Dismiss filed by A. FRED RUTTENBERG, RICHARD H. STOWE, JOHN H. UNDERWOOD. (Attachments: # 1 Certification /Declaration of Jeffrey W. Lorell (with exhibit) in Further Support of Motion to Dismiss# 2 Certificate of Service)(LORELL, JEFFREY) (Entered: 05/27/2005) |
| 05/31/2005 | 32 | RESPONSE in Support re 9 MOTION to Dismiss - - *CORRECTED REPLY BRIEF* - - filed by MEDQUIST, INC.. (GROSS, MARC) (Entered: 05/31/2005) |
| 06/20/2005 | 33 | ORDER STAYING DISCOVERY. Signed by Judge Joel B. Rosen on 6/20/05. (sb) (Entered: 06/20/2005) |
| 08/10/2005 | 34 | Minute Entry for proceedings held before Judge Jerome B. Simandle : Motion Hearing held on 8/10/2005 re 6 MOTION to Dismiss filed by A. FRED RUTTENBERG, RICHARD H. STOWE, JOHN H. UNDERWOOD, Ordered decision reserved; 7 First MOTION to Dismiss *the action* filed by HANS M. BARELLA, BELINDA W. CHEW, WILLIAM E. CURRAN, STEPHEN H. RUSCKOWSKI, SCOTT M. WEISENHOFF, ERIK J. WESTERINK, JAN H.M. HOMMEN, KONINKLIJKE PHILIPS ELECTRONIC N.V., Ordered decision reserved; 9 MOTION to Dismiss filed by MEDQUIST, INC.; Ordered decision reserved. (Court Reporter Lisa Marcus.) (sb) (Entered: 08/10/2005) |
| 08/17/2005 | 35 | Letter from Jeffrey W. Lorell, Esq. re: In re Tower Air, Inc. decision. (LORELL, JEFFREY) (Entered: 08/17/2005) |
| 08/17/2005 | 36 | Letter from Medquist Inc.. (GROSS, MARC) (Entered: 08/17/2005) |
| 08/18/2005 | 37 | Letter from Tina Moukoulis/Deborah R. Gross. (Attachments: # 1 Exhibit A# 2 |

| | | |
|---|---|---|
| | | Exhibit B# 3 Exhibit C# 4 Exhibit D)(MOUKOULIS, TINA) (Entered: 08/18/2005) |
| 08/19/2005 | 38 | Letter from Medquist Inc. (Attachments: # 1 Exhibit A# 2 Exhibit B)(GROSS, MARC) (Entered: 08/19/2005) |
| 08/24/2005 | 39 | Letter from Tina Moukoulis/Deborah R. Gross re 38 Letter, 35 Letter. (MOUKOULIS, TINA) (Entered: 08/24/2005) |
| 09/15/2005 | 40 | NOTICE of Appearance by OLIVIER SALVAGNO on behalf of MEDQUIST, INC. (Attachments: # 1 Certificate of Service)(SALVAGNO, OLIVIER) (Entered: 09/15/2005) |
| 09/21/2005 | 41 | OPINION. Signed by Judge Jerome B. Simandle on 9/21/05. (sb) (Entered: 09/22/2005) |
| 09/21/2005 | 42 | ORDER granting 6 Motion to Dismiss, granting 7 Motion to Dismiss, granting 9 Motion to Dismiss and the complaint is Dismissed with prejudice. Signed by Judge Jerome B. Simandle on 9/21/05. (sb) (Entered: 09/22/2005) |
| 09/22/2005 | | ***Civil Case Terminated. (sb) (Entered: 09/22/2005) |
| 10/03/2005 | 43 | MOTION for Reconsideration re 42 Order on Motion to Dismiss by RHODA KANTER. (Attachments: # 1 Brief # 2 Text of Proposed Order # 3 Certificate of Service)(sb) (Entered: 10/04/2005) |
| 10/04/2005 | | Setting return date as to 43 MOTION for Reconsideration re 42 Order on Motion to Dismiss for 11/4/2005 before Judge Jerome B. Simandle. PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT. (sb) (Entered: 10/04/2005) |
| 10/04/2005 | | Motions No Longer Referred: 43 MOTION for Reconsideration re 42 Order on Motion to Dismiss (sb) (Entered: 10/04/2005) |
| 10/14/2005 | 44 | TRANSCRIPT of Proceedings held on August 10, 2005 before Judge Jerome B. Simandle. Court Reporter: Lisa Marcus. PLEASE NOTE: The complete transcript of these proceedings is maintained in paper format on file in the Clerks Office. To request copies of this transcript, contact the Official Court Reporter or Transcription Service who prepared the transcript. (sb) (Entered: 10/17/2005) |
| 10/24/2005 | 45 | RESPONSE to Motion re 43 MOTION for Reconsideration re 42 Order on Motion to Dismiss,, filed by A. FRED RUTTENBERG, RICHARD H. STOWE, JOHN H. UNDERWOOD. (LORELL, JEFFREY) (Entered: 10/24/2005) |
| 10/24/2005 | 46 | RESPONSE in Opposition re 43 MOTION for Reconsideration re 42 Order on Motion to Dismiss,, filed by SCOTT M. WEISENHOFF, ERIK J. WESTERINK, JAN H.M. HOMMEN, KONINKLIJKE PHILIPS ELECTRONIC N.V., HANS M. BARELLA, BELINDA W. CHEW, WILLIAM E. CURRAN, STEPHEN H. RUSCKOWSKI. (Attachments: # 1 Certificate of Service)(HOANG, LAN) (Entered: 10/24/2005) |
| | | |

| 10/24/2005 | 47 | BRIEF in Opposition re 43 MOTION for Reconsideration re 42 Order on Motion to Dismiss,, filed by MEDQUIST, INC.. (Attachments: # 1 Affidavit of Marc J. Gross, Esq.# 2 Exhibit "A", PART I# 3 Exhibit "A", PART II)(GROSS, MARC) (Entered: 10/24/2005) |
| 11/14/2005 | 48 | RESPONSE in Support re 43 MOTION for Reconsideration re 42 Order on Motion to Dismiss,, *Reply Brief in Further Support of Plaintiff's Motion for Reconsideration* filed by RHODA KANTER. (Attachments: # 1 Certificate of Service)(MOUKOULIS, TINA) (Entered: 11/14/2005) |
| 11/16/2005 | 49 | OPINION. Signed by Judge Jerome B. Simandle on 11/16/05. (sb) (Entered: 11/17/2005) |
| 11/16/2005 | 50 | ORDER denying 43 Motion for Reconsideration. Signed by Judge Jerome B. Simandle on 11/16/05. (sb) (Entered: 11/17/2005) |
| 12/13/2005 | 51 | NOTICE OF APPEAL as to 50 Order on Motion for Reconsideration by RHODA KANTER. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Attachments: # 1 Certificate of service)(MOUKOULIS, TINA) (Entered: 12/13/2005) |
| 12/13/2005 | 52 | NOTICE OF APPEAL as to 41 Opinion, 49 Opinion, 42 Order on Motion to Dismiss,,, 50 Order on Motion for Reconsideration by RHODA KANTER. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Attachments: # 1 certificate of service to amended notice of appeal)(MOUKOULIS, TINA) (Entered: 12/13/2005) |
| 12/14/2005 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE: PLEASE BE ADVISED THAT THE NOTICE OF APPEAL, document # 51 filed on 12/13/05 was filed without a filing fee. PLEASE SUBMIT THE FEE OF $255.00 TO OUR OFFICE IMMEDIATELY. Your check should be made to Clerk, U.S. District Court. (lc, ) (Entered: 12/14/2005) |
| 12/14/2005 | | USCA Appeal Fees received $ 255.00 receipt number 100 304400 re 51 Notice of Appeal (USCA), Notice of Appeal (USCA) filed by RHODA KANTER, (lc, ) (Entered: 12/14/2005) |
| 12/16/2005 | 53 | TRANSCRIPT REQUEST by RHODA KANTER re 51 Notice of Appeal (USCA) (ALREADY ON FILE IN THE D.C. CLERK'S OFFICE) (lc, ) (Entered: 12/20/2005) |
| 12/21/2005 | 54 | USCA Case Number 05-5398 for 51 Notice of Appeal (USCA), Notice of Appeal (USCA) filed by RHODA KANTER,, 52 Notice of Appeal (USCA), Notice of Appeal (USCA) filed by RHODA KANTER,. USCA Case Manager Phyllis Ruffin (Document Restricted - Court Only) (Ruffin, Phyllis) (Entered: 12/22/2005) |
| 03/06/2006 | | Pro Hac Vice fee received as to Neal R. Marder, Esq., David m. Hickey, Esq., Gail J. Standish, Esq., Thomas M. Buchanan, Esq., and Douglas N. Greenberg, Esq.: $ 750.00, receipt number 304393 (sb) (Entered: 03/06/2006) |
| 05/25/2007 | 55 | USCA JUDGMENT as to 52 Notice of Appeal (USCA), Notice of Appeal |

| | | (USCA) filed by RHODA KANTER, [51] Notice of Appeal (USCA). (Attachments: # [1] Opinion)(Crisden, Charlene) (Entered: 05/25/2007) |
| 05/30/2007 | [56] | Letter from Clerk's Office re: Order on Mandate from USCA. (lc) (Entered: 05/30/2007) |
| 06/14/2007 | [57] | ORDER ON MANDATE: ORDERED that the mandate on the judgment of the U.S. Court of Appeals for the Third Circuit dated May 25, 2007 ordered that the judgments of the District Court dated September 22, 2005 and November 17, 2005 are affirmed; and it is further ORDERED that the aforesaid mandate taxed costs against plaintiffs/appellants and in favor of defendants/appellees. Signed by Judge Jerome B. Simandle on 06/14/07. (db, ) (Entered: 06/15/2007) |
| 06/19/2007 | [58] | MANDATE of USCA as to [52] Notice of Appeal (USCA), Notice of Appeal (USCA) filed by RHODA KANTER, [51] Notice of Appeal (USCA), Notice of Appeal (USCA) filed by RHODA KANTER (Attachments: # [1] # [2])(Ruffin, Phyllis) (Entered: 06/19/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/22/2008 14:59:47 | | |
| **PACER Login:** | ms0981 | **Client Code:** | 200426.00074-14039 |
| **Description:** | Docket Report | **Search Criteria:** | 1:04-cv-05542-JBS-JBR Start date: 1/1/1970 End date: 7/22/2008 |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

# EXHIBIT L

**GREENBERG TRAURIG, LLP**
Roger B. Kaplan
200 Campus Drive, P.O. Box 677
Florham Park, New Jersey  07932
Phone: (973) 360-7900
Facsimile: (973) 301-8410

-and-

Mark L. Hogge   (admitted *pro hac vice*)
Frank E. Merideth (admitted *pro hac vice*)
Kathryn L. Clune  (admitted *pro hac vice*)
Jeannette M. Brook (admitted *pro hac vice*)
Eve Triffo   (admitted *pro hac vice*)
Katie A. Jefcoat  (admitted *pro hac vice*)
800 Connecticut Avenue Suite 500
Washington, DC  20006
Phone: (202) 331-3100
Facsimile: (202) 331-3101

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### (CAMDEN)

| | |
|---|---|
| SOUTH BROWARD HOSPITAL DISTRICT, et al., and individually and  on behalf of all those similarly situated | ) ) ) ) Hon. Jerome B. Simandle, U.S.D.J. ) ) Civil No. 05-CV-2206 – (JBS-JBR) |
| Plaintiffs. | ) |
| v. | ) ) |
| MEDQUIST, INC. et al. | ) ) |
| Defendants. | ) |

**THIRD AMENDED COMPLAINT FOR FRAUD IN THE INDUCEMENT OF THE ARBITRATION CLAUSE; FRAUD; DEMAND FOR ACCOUNTING; UNJUST ENRICHMENT; RICO VIOLATION-- CONDUCTING OR PARTICIPATING IN AN ENTERPRISE (18 U.S.C. § 1962 (c)); CONSPIRACY TO VIOLATE RICO (18 U.S.C. § 1962 (d)); NEGLIGENT MISREPRESENTATION; NEGLIGENT SUPERVISION; AND VIOLATION OF UNFAIR AND DECEPTIVE TRADE PRACTICES ACTS (CAL. BUS. & PROF. CODE §§ 17200 *et seq.*; NEW JERSEY STATUTES § 56:8-2); DEMAND FOR JURY TRIAL**

Plaintiffs South Broward Hospital District, doing business as Memorial Regional Hospital, Memorial Hospital West, and Memorial Hospital Pembroke ("SBHD"); Childrens Hospital Los Angeles ("Childrens Hospital"); NorthBay HealthCare Group, doing business as Northbay Medical Center and VacaValley Hospital ("NorthBay"); Riverside Healthcare Systems, LP, doing business as Riverside Community Hospital ("Riverside Hospital"); West Hills Hospital doing business as West Hills Hospital & Medical Center ("West Hills Hospital"); and Partners HealthCare System, Inc., doing business as Partners HealthCare, Massachusetts General Hospital, Massachusetts General Physician's Organization, Brigham and Women's Hospital, Spaulding Rehabilitation Hospital, Newton-Wellesley Hospital and North Shore Medical Center, Inc. and its predecessors The Salem Hospital And Union Hospital  ("Partners HCS") (collectively "Plaintiffs"), individually and on behalf of all those similarly situated, allege:

## NATURE OF THE ACTION

1.      This is a class action brought on behalf of non-Federal governmental hospitals and medical centers that were wrongfully and fraudulently overcharged for transcription services by Defendants MedQuist, Inc. and MedQuist Transcriptions, Ltd. (collectively "MedQuist"), Ronald Scarpone, John Suender, Brian Kearns, and Michael Clark (collectively "Defendants") pursuant to the fraudulent scheme and other causes alleged herein and who were damaged thereby (collectively "the Class").

2.      To create the medical records necessary for patient care, a medical facility must transcribe the reports, notes and summaries dictated by health care professionals. MedQuist, a publicly traded company, provides

medical transcription services for over 3,000 customers nationwide, as well as companies abroad, including Plaintiffs and the Class.

3.     MedQuist agreed to provide medical transcription services to Plaintiffs and members of the Class.  In some instances, MedQuist agreed to provide those transcription services pursuant to a written contract entered into with MedQuist or with a transcription services company that MedQuist had acquired.   In other instances, transcription services were provided without a written contract in place.  An example of a transcription services contract drafted by MedQuist and entered into with some of its customers is attached hereto and incorporated herein as Exhibit "A."

4.     Upon information and belief, starting as early as 1994 to the present, Defendant MedQuist (and its acquired company Transcriptions, Ltd.) systematically inflated ("upcharged") invoices for transcription services submitted for payment to Plaintiffs and the Class and took steps to actively conceal the fraudulent manner in which invoices were manufactured (hereinafter "Fraudulent Scheme").  The methods utilized by Defendants to artificially inflate invoices were employed without regard to the particular payment terms or costs previously agreed to by MedQuist.  The manner in which Defendants perpetrated their Fraudulent Scheme included, but were not limited to:

(a)     Overstating line, word, or character counts by counting individual letters within a transcript more than once, by counting the same individual letter as multiple "characters," even though only one keystroke was required to create the letter, to artificially inflate the invoices;

(b)     Charging for silent embedded characters within the transcribed reports not necessary for the appearance of the document,

including the creation of headers, footers and additional "silent" characters within the text, to artificially inflate the invoices;

(c)     Multiplying a percentage or ratio by the payroll count rather than counting the number of relevant lines, words or characters in a report to determine an accurate billable count, to artificially inflate the invoices;

(d)     Taking a predetermined percentage of the gross lines in a document and inserting that number of "invisible characters" or "hard returns" into a document to be counted, to artificially inflate the invoices;

(e)     Calculating a per report rate for members of the Class based upon a previously inflated line, word or character count, thereby increasing the average report basis, to artificially inflate the invoices;

(f)     Billing for "invisible characters" known as "print strings" that are embedded within the body of each report;

(g)     Instructing officers, managers and directors to deceive Plaintiffs and the Class about the manner in which invoices were calculated; dealing aggressively with any client that challenged a bill; refusing to provide accurate documentary backup for the invoices; and/or by fabricating documents and/or explanations of line, word, or character counts as contained on invoices for payment in the event Plaintiffs and the Class requested backup information, all in a concerted effort to conceal the artificial inflation of invoices in furtherance of the Fraudulent Scheme; and/or

(h)     Constructing a method of invoicing Plaintiffs and the Class that would make it virtually impossible for them to discern the inflated charges rendered to them by MedQuist.

5.     As a result of Defendants' Fraudulent Scheme, Plaintiffs and the Class unwittingly paid more money than they were obligated to pay and which was actually due and owing for such services.  Due to the nature of Defendants' Fraudulent Scheme, Plaintiffs and the Class had no way of discovering the upcharging of invoices.  The fraudulent invoices, requesting more money than that to which MedQuist was entitled, did not on their face disclose the true nature and extent of the fraud.

6.     The Fraudulent Scheme was carried out for the express purpose of increasing MedQuist's profits at the expense of its customers, including Plaintiffs and the Class.

7.     Defendants' Fraudulent Scheme to artificially inflate invoices for transcription services and to actively conceal the fraudulent manner in which invoices were manufactured was applied to Plaintiffs and the Class, irrespective of whether Plaintiffs and the Class had a written contract with MedQuist or with a transcription company later acquired by MedQuist. Further, the Fraudulent Scheme existed irrespective of the particular terms of the contracts at issue.

## **PARTIES**

8.     Plaintiff South Broward Hospital District, doing business as Memorial Regional Hospital, Memorial Hospital West, Memorial Hospital Pembroke, (collectively, "SBHD"), is a corporate body politic established by the Legislature of Florida , with principal offices at 1011 North 35th Avenue, Hollywood, Florida 33021-5402.

9.     Plaintiff Childrens Hospital Los Angeles ("Childrens Hospital") is a not-for-profit corporation, formed under the laws of California, with offices located at 4650 Sunset Boulevard, Los Angeles, California 90027.

10. Plaintiff NorthBay HealthCare Group ("NorthBay") is a not-for-profit corporation formed under the laws of California doing business as NorthBay Medical Center and VacaValley Hospital located at 1200 B. Gale Wilson Boulevard, Fairfield, California 94533, and 1000 Nut Tree Road, VacaVille, California 95687, respectively.

11. Plaintiff Riverside Healthcare Systems, LP doing business as Riverside Community Hospital ("Riverside Hospital"), is a limited partnership formed under the laws of California with offices located at 4445 Magnolia Avenue, Riverside, California 92501.

12. Plaintiff West Hills Hospital, doing business as West Hills Hospital & Medical Center ("West Hills Hospital"), is a corporation formed under the laws of California with offices located at 7300 Medical Center Drive, West Hills, California 91317.

13. Plaintiff Partners HealthCare System, Inc. doing business as Partners HealthCare, Massachusetts General Hospital, Massachusetts General Physician's Organization, Brigham and Women's Hospital, Spaulding Rehabilitation Hospital, and Newton-Wellesley Hospital, and North Shore Medical Center, Inc. and its predecessors The Salem Hospital And Union Hospital (collectively "Partners HCS") is a not-for-profit corporation formed under the laws of Massachusetts with offices located at 50 Staniford Street, Suite 1000, Boston, MA 02114.

14. Defendant MedQuist, Inc., is a corporation, formed under the laws of New Jersey, with offices located at 1000 Bishops Gate Boulevard, Suite 300, Mount Laurel, New Jersey 08054. MedQuist, Inc. transacts business throughout California and has offices at 801 Park Center Drive, Santa Ana, CA 92705-3526, and at 1770 Iowa Ave., Suite 200, Riverside, CA 92507-2479. MedQuist, Inc. is a publicly traded company with a profit

of $43.9 million, posted in its annual filing for 2002 on revenue of $486.2 million.

15.     Defendant MedQuist Transcriptions, Ltd., is a wholly owned subsidiary of MedQuist, Inc., formed under the laws of New Jersey, with offices located at 41555 Cook Street, Suite 140, Palm Desert, California 92211; 6060 Sunrise Vista Drive, Suite 3450, Citrus Heights, California 95610; 1510 Old Oakland Road, Suite 130, San Jose, California 95112; and 111 Anza Boulevard, Suite 300, Burlingame, California 94010.

16.     Defendant Ronald Scarpone ("Scarpone") is the former Executive Vice President of Marketing and New Business Development at MedQuist, Inc., and a Vice President of Defendant MedQuist Transcriptions, Ltd.   Defendant Scarpone resides in New Jersey.   In his capacity as Executive Vice President of Marketing and New Business Development at MedQuist, Inc. and Vice President of MedQuist Transcriptions, Ltd., Scarpone was one of the highest-ranking officer directly responsible for overseeing the marketing of MedQuist's purported business practices and medical transcription services, and for overseeing the expansion of MedQuist's customer base consistent with those marketing efforts.   Upon information and belief, at all relevant times, Defendant Scarpone promoted and engaged in the Fraudulent Scheme to upcharge MedQuist's clients.

17.     Defendant John M. Suender Esq. ("Suender") is the former Executive Vice President and Chief Legal Officer of MedQuist, Inc., and a Vice President of Defendant MedQuist Transcriptions, Ltd.  Suender resides at 1240 Kay Drive East, Cherry Hill, New Jersey 08034-3023.   In his capacity as Executive Vice President and Chief Legal Officer of MedQuist, Inc. and Vice President of MedQuist Transcriptions, Ltd., Defendant Suender reviewed, approved, and ratified contracts between MedQuist and

its customers, including Plaintiffs Childrens Hospital, NorthBay HealthCare Group, Riverside Hospital, and West Hills Hospital, at a time when he knew that MedQuist was engaged in the Fraudulent Scheme as alleged herein. Upon information and belief, at all relevant times, Defendant Suender promoted and engaged in the Fraudulent Scheme to upcharge MedQuist's clients.

18.     Defendant Brian Kearns ("Kearns") is the former Chief Financial Officer of MedQuist, Inc., and a Senior Vice President and Chief Financial Officer of Defendant MedQuist Transcriptions, Ltd. Kearns resides at 245 Copeland Avenue, Lyndhurst, New Jersey 07071-3033. In his capacity as Chief Financial Officer of MedQuist, Inc. and Senior Vice President and Chief Financial Officer of MedQuist Transcriptions, Ltd., Kearns was the highest-ranking officer directly responsible for overseeing the financial affairs, profits, and revenues generated by MedQuist at a time when he knew that MedQuist was engaged in the Fraudulent Scheme as alleged herein. Defendant Kearns also executed an agreement on behalf of Defendant MedQuist Transcriptions, Ltd. and Plaintiffs Partners PHS and NorthBay HealthCare Group at a time when he knew that the company was engaged in the Fraudulent Scheme as alleged herein. Upon information and belief, at all relevant times, Defendant Kearns promoted and engaged in the Fraudulent Scheme to upcharge MedQuist's clients.

19.     Defendant Michael Clark ("Clark") is currently the Senior Vice President of Operations for MedQuist. Clark resides in Phoenix, Arizona. In his capacity as Senior Vice President of Operations, Clark is currently responsible for supervising all of MedQuist's offices throughout the country. All Regional Vice Presidents of Operations report directly to Clark. Within his responsibility would be the Customer Service Centers wherein the

artificial inflating of reports complained of herein took place.  Upon information and belief, at all relevant times, Defendant Clark promoted and engaged in the Fraudulent Scheme to upcharge MedQuist's clients, Plaintiffs and the Class.

## JURISDICTION AND VENUE

20.    This Court has original and exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964 (c) (the Racketeering Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. §§ 1961 *et seq*.)) as an action arising under an Act of Congress.

21.    This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as the claims against MedQuist are related to the claims upon which the original jurisdiction is based.

22.    The Court has personal jurisdiction over the Defendants because MedQuist transacts business in this District and because the individual Defendants engaged in the torts complained of herein that were directed to members of the Class in this District.  Further, this Court has personal jurisdiction over the Defendants pursuant to 18 U.S.C. § 1965(b) and (d).

23.    Venue is proper in this District under 28 U.S.C. § 1391(a) and (c) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants transact business and/or purposefully availed themselves to the privilege of conducting activities giving rise to this action in this District, and are therefore, subject to jurisdiction in this District.  Venue is also proper in this District pursuant to 18 U.S.C. § 1965(b) and (d).

## CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23 (a), (b)(2) and (b)(3) on behalf of themselves and all other non-governmental hospitals and medical centers who were damaged by Defendants' Fraudulent Scheme to artificially inflate invoices for transcription services.

25.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of hospitals and medical centers is unknown to Plaintiffs at this time, the identity of the members can be ascertained through appropriate discovery.  Plaintiffs believe that the Class comprises in excess of 3000 hospitals and medical centers throughout the United States.  The identity of all members of the Class may be ascertained and identified through records maintained by MedQuist and the members may be notified of this pending action by mail or electronic means such as e-mail.  Because of the size of the Class and the geographic dispersion of the Class members, it would be impracticable to join all members in this action.

26.     The questions of fact and law raised in this Complaint are common to all members of the Class and the claims asserted by the named Plaintiffs are typical of the claims of the Class.  The named Plaintiffs will adequately and fairly represent the interests of all members of the Class. Common questions of law and fact predominate over any questions affecting only individual class members.

27.     Plaintiffs and all members of the Class have been similarly affected by the Defendants common course of conduct and have similar claims against the Defendants.   The claims of the named Class representatives and the Class have a common origin and common basis.  The

claims of all members originate from MedQuist's Fraudulent Scheme, and the individual Defendants' negligence as alleged herein.

28.     There is no conflict as between Plaintiffs and the other members of the Class with respect to this action or the claims for relief. Plaintiffs know and understand their asserted rights and their role as class representatives.

29.     The prosecution of separate actions by individual members of the Class against Defendants would create a risk of inconsistent or varying adjudications on the common issues of law or fact material to this action.

30.     The named Plaintiffs have engaged the services of counsel indicated below. This counsel represents to the Court that they are experienced in complex class litigation and will vigorously prosecute this action and will assert, protect and otherwise represent well the named and absent Class.

## FACTS COMMON TO ALL COUNTS

31.     MedQuist provides, among other services, medical transcription services to hospitals and other healthcare facilities in the United States and in other countries.  According to its own literature, MedQuist contends: "By adhering to the same standards of quality, service and value for over 30 years, MedQuist has established itself as the largest medical transcription company and pre-eminent provider of health information solutions in the United States, offering a level of talent, service and technological expertise unparalleled in the industry."

32.     MedQuist has provided transcription services to the Plaintiffs and the Class.    MedQuist still has members of the Class as clients.

33.     MedQuist's transcription process involves several steps. Medical professionals at MedQuist's customer hospitals dictate their reports

free form into a voice recorder that connects with MedQuist via telephone connections. That dictation is forwarded to a transcriptionist retained by MedQuist. The transcriptionist calls up a template for the particular type of report being prepared (*e.g.*, discharge summary) and types the formal report. The report is then "uploaded" directly into the MedQuist computer system (with regard to client billing and employee payroll) and onto its corporate computer server.

34. MedQuist has developed a number of different computer programs to be utilized to artificially inflate invoices for transcription services in furtherance of its Fraudulent Scheme.

35. The Fraudulent Scheme perpetrated by the Defendants upon Plaintiffs and the Class, as referenced in paragraph 4 above, is set forth more fully in the following paragraphs. Many of the contracts entered into between the members of the Class and MedQuist or a company acquired by MedQuist, contained specific terms addressing the manner in which clients were to be billed for transcription services rendered. In many instances, MedQuist's charges were represented as being calculated on a basis of cost per line, word or character within each transcript and certain other variables including turnaround time for the transcripts.

36. MedQuist's specific billing terms also varied depending upon the type of report produced. For example, the contractual cost per line, word or character of an operative report differed from the cost per line, word or character of a discharge summary. The definition of a "line" for purposes of determining cost was set forth in many of MedQuist's contracts as 65 characters, or sometimes specifically referred to as an "AAMT line." AAMT stands for the American Association of Medical Transcriptionists.

37. By way of example, according to an exemplary contract MedQuist entered into with several members of the Class,

> [a]n AAMT line is defined as any line having 65 'characters.' A character is defined as any letter, number, symbol or function key necessary for the final appearance and content of a document including, without limitation, the space bar, carriage return, underscore, bold and any characters contained within the macro, header, or footer. A defined line is calculated by counting all characters contained within a document and simply dividing the total number of characters by 65 to arrive at the number of defined lines. Client acknowledges that the charges set forth in this Agreement are based upon the fact that character counts shall be determined using Vendor's software system and shall not be derived from any third party software or interface system.

The computer program designed to accurately count the characters in a transcript were largely deactivated in approximately 1998, after which MedQuist began utilizing various methods to inflate its counting; one of which was to use a percentage or ratio multiplied by the payroll count as a surrogate for counting the relevant characters. This artificially inflated characters, which inflated the line counts, thereby inflating the invoices.

38. With respect to those contracts in which MedQuist agreed to bill per AAMT line, MedQuist has admitted that it did not consistently do so. Rather, MedQuist fraudulently used an alternate means of calculating "cost" to its customers. MedQuist's Fraudulent Scheme was not limited to those situations in which MedQuist had previously agreed to bill by AAMT line. Rather, the Fraudulent Scheme was employed irrespective of the particular billing terms to which MedQuist had previously agreed.

39. The specific internal corporate mechanisms and operations by which Defendants carried out the Fraudulent Scheme, and the specific activities engaged in by Defendants in furtherance of the Fraudulent Scheme, are within the exclusive knowledge and understanding of those within MedQuist, including Defendants Scarpone, Suender, Kearns, and

Clark. To date, given the far-reaching, complex, and clandestine nature of Defendants' Fraudulent Scheme, Plaintiffs have only been able to gather limited information regarding some aspects of the Fraudulent Scheme.

40. One of the methods by which MedQuist carried out its Fraudulent Scheme to artificially inflate invoices for transcription services, was to repeatedly and systematically count the same letter as multiple characters: once for the actual letter, then again if the letter was capitalized, then again if the letter was underlined, then again if the letter was bolded, then again for turning the capital letter designation on and then off, and again for a space before and after the word. The character count for each letter transcribed in no way corresponded with the actual keystrokes employed by the transcriptionist. Another method employed by MedQuist to artificially inflate invoices for transcription services in furtherance of its Fraudulent Scheme was to not count the characters, but instead use a percentage or a ratio to multiply by the payroll count of the transcriptionists to artificially inflate the invoice.

41. In furtherance of the Fraudulent Scheme, MedQuist utilized a method to artificially inflate its invoices by counting "invisible" characters known as "print strings" that are embedded within the body of each report. Print strings are software characters that instruct the computer where to send the report within the word processing system. Plaintiffs and the Class were unaware that they were being billed for this and MedQuist refused to release backup information to support its billing. All invoices were sent without any breakdown. MedQuist continued in its practices of justifying costs billed to clients by artificially inflating the number of lines transcribed each month.

42. In furtherance of the Fraudulent Scheme, MedQuist utilized another method to artificially inflate some of its invoices by adding between

seven percent (7%) to ten percent (10%) to each invoice as an allocated cost for company overhead. Again, pursuant to the Fraudulent Scheme, these charges were hidden through artificial inflation of line counts and, consequently, there was no way for the affected Plaintiffs or the Class to know that overhead was being added. Defendants were aware that the affected Plaintiffs and the Class had no knowledge that they were being charged for overhead.

43. In furtherance of the Fraudulent Scheme, MedQuist utilized another method to artificially inflate some of its invoices by charging for silent embedded characters within the transcribed reports not necessary for the appearance of the document, including the creation of headers, footers and additional "silent" characters within the text, to artificially inflate the invoices

44. In furtherance of the Fraudulent Scheme, MedQuist utilized another method to artificially inflate invoices for members of the Class that were billed on a per report basis. Defendants would calculate a per report rate for a member of the Class based upon a previously inflated line, word or character count, thereby increasing the average report basis, to artificially inflate the invoices.

45. A template is a special format within the MedQuist software program where each report was placed, depending on the specific discipline involved. For example, an orthopedic report template would differ from a surgical report template. MedQuist charged some Plaintiffs and Class members for each and every template by once again artificially increasing the line count charge on each invoice. For example, if a line count was ten (10) lines, MedQuist would apply a multiple of two in order to build in a markup for each template created. The affected Plaintiffs and Class

members were completely unaware of this charge and there was no way for them to audit the billing process.

46.     Defendants uniformly employed a system to prevent the Class from discovering the fraudulent billing practices utilized.   MedQuist invoiced Class members twice a month without any breakdown for the costs charged, despite requests to do so.   MedQuist refused to release truthful information about the manner in which its invoices were calculated, even upon requests to do so by some members of the Class.   Managers responding to Class members who demanded information on line counts were instructed by MedQuist management to respond that the information the clients were seeking was "proprietary" or to misrepresent the manner in which the invoice was actually created.   Accordingly, there was no way in which Plaintiffs or the Class could audit the MedQuist reports and no way to authenticate the validity of the amounts charged.

47.     MedQuist submitted its artificially inflated invoices to Plaintiffs and the Class on a biweekly basis by mailing and faxing said invoices once they were generated by the billing system.   These invoices were fraudulent in that they demanded the payment of more money than that to which MedQuist was entitled, or to which related to transcription services actually rendered.   These invoices were fraudulent in that they overstated line, word or character counts, charged for "silent" characters, and/or applied ratios and formulas in lieu of the actual line, word or character counts represented on the face of the invoices.   Plaintiffs and the Class unwittingly paid these fraudulent invoices.

48.     Defendants were aware that this Fraudulent Scheme artificially inflated MedQuist's invoices for transcription services to Plaintiffs and the Class, thereby increasing MedQuist's profits.   Defendants were aware that

Plaintiffs and the Class would be unable to discern the fraudulent nature of MedQuist's bills because the manner of invoicing did not delineate the specific work performed but contained only gross amounts. The individual Defendants Scarpone, Suender, Kearns and Clark were instrumental in the implementation and continuation of the Fraudulent Scheme to artificially inflate invoices for transcription services by virtue of their controlling positions within MedQuist, Inc. and MedQuist Transcriptions, Ltd.

## STATEMENT OF CLAIMS

### FIRST CLAIM
**AGAINST MEDQUIST FOR FRAUD IN THE INDUCEMENT OF THE ARBITRATION CLAUSE BY PLAINTIFFS CHILDRENS HOSPITAL, NORTHBAY, PARTNERS HCS, AND THOSE MEMBERS OF THE CLASS SIMILARLY SITUATED**

49.     Plaintiffs Childrens Hospital, Northbay, and Partners HCS  and those members of the Class similarly situated ("Arbitration Subclass"), reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

50.     In negotiating contracts with Plaintiffs Childrens Hospital, Northbay, Partners HCS, and the Arbitration Subclass, MedQuist insisted that a dispute resolution clause ("arbitration clause") be inserted into its contracts.  Medquist did not disclose in such negotiations that the primary purpose for requiring the arbitration clause was not to arbitrate disputes, but to restrict access to the counting and billing methodology, to minimize the likelihood of a public trial in any court, and to prevent Plaintiffs and members of the Arbitration Subclass from obtaining information which may otherwise be available to them through the adjudicative process concerning the Fraudulent Scheme and the procedures employed by MedQuist.

17

51.     Defendant John Suender, Esq., in cooperation with the other Defendants and in furtherance of the Fraudulent Scheme, insisted that an arbitration clause be included so that the Fraudulent Scheme would not be uncovered in the liberal discovery procedures of the Courts.  The primary purpose of the arbitration clause required by MedQuist was to conceal and perpetuate the Fraudulent Scheme.  Further, the arbitration clause drafted by MedQuist contained provisions with which MedQuist never complied, and with which Defendants, at the time of contracting, had no intention of complying.

52.     When contracting with prospective customers, those associated with MedQuist, in furtherance of the Fraudulent Scheme, misrepresented the material terms of the arbitration clause.  Specifically while negotiating with Plaintiffs Childrens Hospital, Northbay, Partners HCS, and those members of the Arbitration Subclass, MedQuist made misrepresentations nearly identical to the clause contained in Exhibit A which states:  (1) "Vendor shall promptly deliver to Client any backup or other information which supports the correctness of such disputed amount"; and (2) "Vendor and Client shall immediately enter into good faith negotiations to resolve any remaining dispute." MedQuist repeatedly refused to provide such backup information and, indeed, in furtherance of the Fraudulent Scheme, never intended to provide it.  Similarly, MedQuist never entered into any good faith negotiation to resolve disputes and never intended to do so.

53.     In furtherance of the Fraudulent Scheme, when contracting with prospective customers, representatives of MedQuist made material omissions concerning MedQuist's intention in the arbitration clause.  Had those associated with MedQuist been honest and forthright when entering into agreements to arbitrate with Plaintiffs Childrens Hospital, Northbay,

Partners HCS and members of the Arbitration Subclass, they would not have agreed to arbitrate.

54.     Within the arbitration clause prepared by MedQuist and utilized in the contracts with the Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass, MedQuist represented that backup documentation would be provided to substantiate any disputed amount of the invoice.

55.     With that statement, MedQuist represented to the Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass that: (1) MedQuist had the capability of generating backup documentation to substantiate the line, word, or character counts and costs charged; (2) true and accurate backup documentation existed to substantiate the line, word, or character counts and costs charged; and (3) the backup documentation would be provided upon request.

56.     At the time MedQuist made these representations of material fact, MedQuist knew them to be false. Back-up documentation to substantiate accurate line, word, or character counts and costs charged did not exist. MedQuist knowingly and intentionally made these representations for the purpose of inducing Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass to agree to the arbitration clause.

57.     Employees of MedQuist were instructed to fabricate documents and/or explanations of line, word, or character counts as contained on invoices for payment in the event Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass requested backup documentation.

58. MedQuist knew that arbitration permitted only limited discovery of documents in comparison with the extensive discovery permitted in federal and state courts and further, that arbitration proceedings would be confidential.

59. The arbitration clause thus furthered the Fraudulent Scheme of Defendants by preventing the true nature and extent of the Fraudulent Scheme from being discovered in litigation.

60. Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass reasonably relied on MedQuist's representations regarding the current availability and existence of backup documentation to substantiate line counts and costs charged.

61. Specifically, in reliance upon the material misrepresentation made by John Donahoe, President and Chief Operating Officer of MedQuist, regarding the current availability and existence of backup documentation to substantiate line, word or character counts and costs charged, Plaintiff Childrens Hospital executed an agreement with MedQuist which contained an arbitration clause on or before July 1, 2001.

62. Specifically, in reliance upon the material misrepresentation made by Brian Kearns, Senior Vice President and Chief Financial Officer of MedQuist, regarding the current availability and existence of backup documentation to substantiate line, word or character counts and costs charged, Plaintiff Northbay executed an agreement with MedQuist that contained an arbitration clause on September 17, 2002.

63. Specifically, in reliance upon the material misrepresentation made by Brian Kearns, Senior Vice President and Chief Financial Officer of MedQuist, regarding the current availability and existence of backup documentation to substantiate line, word or character counts and costs

charged, Partners HCS executed an agreement with MedQuist that contained an arbitration clause on or before November 1, 2002.

64.     Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass would not have agreed to arbitration but for the representations made by MedQuist regarding the current availability and existence of backup documentation to substantiate line, word or character counts and costs charged.  Had Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass known that MedQuist did not maintain backup documentation to substantiate line, word, or characters counts and costs charged, as represented in the arbitration clause, they would never have agreed to arbitration or the resolution of disputed charges without resort to litigation.

65.     Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass were fraudulently induced by MedQuist to enter into the arbitration clause.  The arbitration clause is therefore void and unenforceable against Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass.

66.     Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass have suffered substantial damages as a result of MedQuist's conduct in an amount to be determined at trial.

67.     MedQuist's conduct as alleged herein is fraudulent, outrageous, wanton, willful, and malicious warranting an award of punitive damages.

## SECOND CLAIM
## AGAINST MEDQUIST FOR FRAUD

68.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

69.     MedQuist carried out its Fraudulent Scheme against Plaintiffs and the Class to artificially inflate invoices for transcription services by, among other things: (1) upcharging invoices for individual characters within a transcript when no key stroke was engaged; (2) upcharging invoices for the "templates" used for different medical specialties; (3) charging Plaintiffs and members of the Class for its overhead costs; (4) embedding hidden costs within the invoices in such a fashion that Plaintiffs and the Class would not know of the fraud; (5) creating headers and additional "silent" characters within the text; (6) instructing officers, managers and directors to deceive customers when asked directly about the bills; (7) dealing aggressively with any client that challenged a bill; (8) using ratios and formulas rather than counting relevant lines, words, or characters to create invoices; (9) refusing to provide documentary backup for the invoices; and/or (10) constructing false explanations for the invoices presented.

70.     MedQuist knowingly and intentionally committed these fraudulent acts for the purpose of inducing Plaintiffs and the Class to pay more money than that to which MedQuist was entitled and to engorge itself with improper profits at the expense of the Plaintiffs and the Class.

71.     Plaintiffs and the Class were unaware of MedQuist's Fraudulent Scheme to artificially inflate invoices for transcription services. Indeed, the fraudulent nature of the artificially inflated invoices was not apparent on the face of the invoices themselves.

72.     Plaintiffs and the Class reasonably relied on the accuracy of MedQuist's representations on the face of the invoices for transcription services and had no way of detecting MedQuist's fraud.

73.     Plaintiffs and the Class unwittingly paid the artificially inflated invoices submitted by MedQuist to their detriment, thereby engorging

MedQuist with improper profits at the expense of the Plaintiffs and the Class.

74.     Plaintiffs and the Class were damaged by MedQuist's fraudulent billing practices in an amount to be proven at trial.

75.     The conduct of MedQuist was fraudulent, outrageous, willful, wanton, and malicious warranting an award of punitive damages.

## THIRD CLAIM
## AGAINST ALL DEFENDANTS FOR DEMAND FOR ACCOUNTING

76.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

77.     Defendants knew or should have known of the existence of corporate records that indicate the amounts unlawfully obtained, pursuant to the Fraudulent Scheme, for transcription services to Plaintiffs and the Class. Plaintiffs have demanded that MedQuist reveal its complete corporate records regarding same and that a just and fair accounting be made for profits derived from the upcharging.

78.     Defendants have failed to provide said records and have failed to comply with Plaintiffs' demand.

## FOURTH CLAIM
## AGAINST ALL DEFENDANTS FOR UNJUST ENRICHMENT

79.     Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

80.     Pursuant to the Fraudulent Scheme, Defendants were improperly and unjustly enriched by payments received from Plaintiffs and

the Class based on wrongful and fraudulent invoices for transcription services rendered as set forth herein.

81.    Defendants have failed to account for and return to Plaintiffs and the Class the value of the benefits the Defendants derived therefrom and Defendants have concealed the nature and scope of its participation in the upcharging.

82.    As a result of Defendants' wrongful acts and omissions as described above, Defendants have been unjustly enriched at the expense of Plaintiffs and the Class.

83.    Plaintiffs and the Class therefore demand restitution and judgment against Defendants jointly, severally, and/or in the alternative, in the amount in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, exemplary or punitive damages, attorneys' fees and the costs of this action.

## FIFTH CLAIM
## AGAINST DEFENDANTS MEDQUIST, INC., SCARPONE, SUENDER, KEARNS, AND CLARK FOR RICO VIOLATION, CONDUCTING OR PARTICIPATING IN AN ENTERPRISE (18 U.S.C. § 1962 (c))

84.    Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

85.    This claim, which alleges a violation of 18 U.S.C. § 1962(c), is asserted against Defendants MedQuist, Inc., Scarpone, Suender, Kearns, and Clark on behalf of the Class.

86.    Said Defendants are each RICO "persons," as that term is defined in 18 U.S.C. § 1961(3).

87.    For purposes of this Claim and the Sixth Claim, the RICO "enterprise" is an ongoing and continuing association-in-fact consisting of MedQuist, Inc. and MedQuist Transcriptions, Ltd., formed for the common or shared purpose of providing medical transcription services to members of the Class, and deriving profits from these activities (the "MedQuist enterprise").

88.    Upon information and belief, and at all relevant times, Defendants MedQuist, Inc., Scarpone, Suender, Kearns, and Clark violated RICO when they conducted or participated in the affairs of the MedQuist enterprise through a pattern of racketeering activity over an approximate five year period, which was intended to defraud Plaintiffs and the Class and further the Fraudulent Scheme as set forth herein.

89.    During this approximate five year period, Defendants MedQuist, Inc., Scarpone, Suender, Kearns, and Clark used the U.S. mails and interstate wire facilities to perpetrate their Fraudulent Scheme.

90.    During this approximate five year period, and in furtherance of their ongoing Fraudulent Scheme, Defendants MedQuist, Inc., Scarpone, Suender, Kearns, and Clark submitted or caused to be submitted, via facsimile over interstate telephone wires, artificially inflated invoices for transcription services to Plaintiffs and the Class.  These artificially inflated invoices were faxed to Plaintiffs and the Class routinely and systematically on a bimonthly basis.  Said Defendants knowingly and intentionally faxed or caused to be faxed these fraudulent invoices, twice a month, with the intent to induce Plaintiffs and the Class to make inflated payments to MedQuist for transcription services.  Plaintiffs and the Class reasonably relied on the fraudulent invoices to their detriment and paid the artificially inflated invoices faxed to them.

91.     Defendants MedQuist, Inc.'s, Scarpone's, Suender's, Kearns', and Clark's wrongful acts constituted wire fraud under 18 U.S.C. § 1343.

92.     Also during this approximate five year period, and in furtherance of their ongoing Fraudulent Scheme, Defendants MedQuist, Inc., Scarpone, Suender, Kearns, and Clark delivered or caused to be delivered, by United States Postal Service or other private or commercial interstate carrier, artificially inflated invoices for transcription services to Plaintiffs and the Class.  These artificially inflated invoices were mailed to Plaintiffs and the Class routinely and systematically on a bimonthly basis.  Said Defendants knowingly and intentionally mailed or caused to be mailed these fraudulent invoices, twice a month, with the intent to induce Plaintiffs and the Class to make inflated payments to MedQuist for transcription services.  Plaintiffs and the Class reasonably relied on the fraudulent invoices to their detriment and paid the artificially inflated invoices mailed to them.

93.     Defendants MedQuist, Inc.'s, Scarpone's, Suender's, Kearns', and Clark's wrongful acts constituted mail fraud under 18 U.S.C. § 1341.

94.     During this approximate five year period, Defendants MedQuist, Inc., Scarpone, Suender, Kearns, and Clark committed numerous acts of wire fraud, indictable under 18 U.S.C. § 1343, and mail fraud, indictable under 18 U.S.C. § 1341, each of which constitutes "racketeering activity" within the meaning of 18 U.S.C. § 1961(1), and all of which collectively constitute a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

95.     At all relevant times, Defendants MedQuist, Inc.'s, Scarpone's, Suender's, Kearns', and Clark's illegal conduct and wrongful practices were carried out by an array of employees, working across state boundaries and in regional offices, who necessarily relied upon the frequent transfer of

documents and information, invoices, and funds by the U.S. mails and interstate wire facilities.

96. The nature and pervasiveness of the MedQuist enterprise, which was orchestrated out of the corporate headquarters of MedQuist, Inc., necessarily required those headquarters to communicate directly and frequently by the U.S. mails and interstate wire facilities with the assistance of various regional district managers who, in turn, directly communicated with members of the Class.

97. At all relevant times, the use of the U.S. mails and interstate wire facilities to perpetrate the Fraudulent Scheme in furtherance of the MedQuist enterprise involved many thousands of communications, in interstate commerce.

98. Defendants' motive in creating and operating the MedQuist enterprise was to fraudulently obtain illegal profits for their medical transcription services, in furtherance of the Fraudulent Scheme.

99. Defendants' violations of federal law and their pattern of racketeering activity have directly and proximately caused Plaintiffs and Class to be injured in their business or property because Plaintiffs and the Class have paid many millions of dollars for fraudulently "upcharged" services.

100. This action is being brought under 18 U.S.C. § 1964(c). Under the provisions of Section 1964(c) of RICO, the Defendants are jointly and severally liable to Plaintiffs and the Class for three times the damages that Plaintiffs and the Class have sustained, plus the costs of bringing this suit, including reasonable attorneys' fees.

## SIXTH CLAIM
## AGAINST DEFENDANTS SCARPONE, SUENDER, KEARNS, AND CLARK FOR CONSPIRACY TO VIOLATE RICO (18 U.S.C. § 1962 (d))

101.   Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

102.   This Claim, which alleges a violation of 18 U.S.C. § 1962(d), is asserted against Defendants Scarpone, Suender, Kearns, and Clark on behalf of Plaintiffs and the Class.

103.   Said Defendants are each RICO "persons," as that term is defined in 18 U.S.C. § 1961 (3).

104.   At all relevant times, Defendants Scarpone, Suender, Kearns, and Clark violated RICO when they conspired and agreed to conduct the affairs of the MedQuist enterprise through a pattern of racketeering activity over an approximate five year period, which was intended to defraud Plaintiffs and the Class and further the Fraudulent Scheme as set forth herein.

105.   The pattern of racketeering activity involved the mailing and/or faxing of artificially inflated invoices for transcription services to Plaintiffs and the Class.  These artificially inflated invoices were mailed and/or faxed to Plaintiffs and the Class routinely and systematically on a bimonthly basis.

106.  Defendants' motive in conspiring to operate the MedQuist enterprise through a pattern of racketeering activity was to fraudulently obtain illegal profits for their medical transcription services, in furtherance of the Fraudulent Scheme.

107.  Defendants' violations of federal law and their pattern of racketeering activity have directly and proximately caused members of the

Class to be injured in their business or property because members of the Class have paid many millions of dollars for fraudulently "upcharged" services.

108.   This action is being brought under 18 U.S.C. § 1964(c).  Under the provisions of Section 1964(c) of RICO, the Defendants are jointly and severally liable to Plaintiffs and the Class for three times the damages that Plaintiffs and the Class have sustained, plus the costs of bringing this suit, including reasonable attorneys' fees.

## SEVENTH CLAIM
## AGAINST DEFENDANT MEDQUIST FOR NEGLIGENT MISREPRESENTATION

109.   Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

110.   MedQuist's invoices to Plaintiffs and the Class were in gross amounts such that MedQuist's billing practices underlying the generation of the invoices was not discernible, and such that any ability to verify the accuracy of the invoices was effectively taken away from Plaintiffs and the Class.

111.   MedQuist owed a duty of care to Plaintiffs and the Class to refrain from misrepresenting its billing practices.

112.   MedQuist breached by omission its duty by failing to inform Plaintiffs and the Class that it had unilaterally decided to not engage in the represented billing practices, and that it would be engaging in the billing practices complained of herein, which produced improper, artificially inflated invoices.

113.   MedQuist participated in the tortious conduct complained of herein, which proximately caused Plaintiffs and the Class to suffer monetary damages.

114.   Plaintiffs and the Class were unaware of MedQuist's billing practices complained of herein and reasonably relied on MedQuist's duty stated herein to their detriment.

115.   Plaintiffs and the Class unwittingly paid MedQuist's invoices to their detriment, thereby engorging MedQuist with improper profits at the expense of Plaintiffs and the Class.

116. Plaintiffs and the Class were damaged by Defendant MedQuist's conduct complained of herein.

### EIGHTH CLAIM
### AGAINST DEFENDANT SCARPONE FOR NEGLIGENT MISREPRESENTATION

117. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

118. MedQuist's invoices to Plaintiffs and the Class were in gross amounts such that MedQuist's billing practices underlying the generation of the invoices was not discernible, and such that any ability to verify the accuracy of the invoices was effectively taken away from plaintiffs and all others similarly situated.

119. MedQuist owed to Plaintiffs and the Class a duty of care to refrain from misrepresenting its billing practices.

120. This duty was delegated by Defendant MedQuist to Defendant Scarpone, as a senior officer of MedQuist.

121. Scarpone breached by omission his duty by failing to inform Plaintiffs and the Class that MedQuist had unilaterally decided to not engage in the represented billing practices, and that MedQuist would be engaging in the billing practices complained of herein, which produced improper, artificially inflated invoices.

122. Defendant Scarpone, as a senior officer of MedQuist, participated in the tortious conduct complained of herein, which proximately caused Plaintiffs and the Class to suffer monetary damages.

123.   Plaintiffs and the Class were unaware of MedQuist's billing practices complained of herein and reasonably relied on MedQuist's and Defendant Scarpone's duty stated herein to their detriment.

124.   Plaintiffs and the Class unwittingly paid MedQuist's invoices to their detriment, thereby engorging MedQuist with improper profits at the expense of Plaintiffs and the Class.

125.   Plaintiffs and the Class were damaged by Defendant Scarpone's conduct complained of herein.

**NINTH CLAIM**
**AGAINST DEFENDANT SUENDER FOR NEGLIGENT MISREPRESENTATION**

126.   Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

127.   MedQuist's invoices to Plaintiffs and the Class were in gross amounts such that MedQuist's billing practices underlying the generation of the invoices was not discernible, and such that any ability to verify the accuracy of the invoices was effectively taken away from Plaintiffs and the Class.

128.   MedQuist owed to Plaintiffs and the Class a duty to refrain from misrepresenting its billing practices.

129.   This duty was delegated to Defendant Suender.

130.   Suender breached by omission his duty by failing to inform Plaintiffs and members of the Class that MedQuist had unilaterally decided to not engage in the represented billing practices, and that MedQuist would be engaging in the billing practices complained of herein, which produced improper, artificially inflated invoices.

131. Defendant Suender, as the General Counsel of MedQuist, owed a duty of care to Plaintiffs and the Class to assure that the methods and procedures used for billing the clients were fair, reasonable and devoid of fraudulent overcharges.

132. Defendant Suender owed a duty of care to Plaintiffs and members of the Class, to act reasonably, within the standards of an attorney in his position in the community.

133. Defendant Suender breached his duties by failing to exercise reasonable care to ensure that the methods and procedures for billing the clients were fair, reasonable and devoid of fraudulent overcharges.

134. Defendant Suender further breached his duties by allowing individuals within MedQuist to misstate facts concerning trade secrets and the reasons why back up information concerning billing could not be rendered to Plaintiffs and the Class upon request.

135. Defendant Suender breached his duties of care in allowing the company, of which he was the General Counsel, to engage in practices resulting in inflated invoices over a significant period of time.

136. As a result of Defendant Suender's breaches of his duties, the invoices for Plaintiffs and the Class were inflated and as a result, proximately causing Plaintiffs and the Class damages.

137. Plaintiffs and the Class have been damaged by Defendant Suender's negligence in an amount to be proven at trial.

138. Defendant Suender, as a senior officer of MedQuist, participated in the tortious conduct complained of herein, which resulted in the monetary injury to the Plaintiffs and the Class.

139.   Plaintiffs and all others similarly situated were unaware of MedQuist's billing practices complained of herein and reasonably relied on Defendant Suender's duties stated herein to their detriment.

140.   Plaintiffs and all others similarly situated unwittingly paid MedQuist's invoices to their detriment, thereby engorging MedQuist with improper profits at the expense of Plaintiffs and all others similarly situated.

141.   Plaintiffs and all others similarly situated were damaged by Defendant Suender's conduct complained of herein.

### TENTH CLAIM
### AGAINST DEFENDANT KEARNS FOR NEGLIGENT MISREPRESENTATION

142.   Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

143.   MedQuist's invoices to Plaintiffs and the Class were in gross amounts such that MedQuist's billing practices underlying the generation of the invoices was not discernible, and such that any ability to verify the accuracy of the invoices was effectively taken away from plaintiffs and all others similarly situated.

144.   MedQuist owed to Plaintiffs and the Class a duty of care to refrain from misrepresenting its billing practices.

145.   This duty was delegated by Defendant MedQuist to Defendant Kearns, as former Chief Financial Officer of MedQuist Inc., and Senior Vice President and Chief Financial Officer of MedQuist Transcriptions, Ltd.

146.   Kearns breached by omission his duty by failing to inform Plaintiffs and the Class that MedQuist had unilaterally decided to not engage in the represented billing practices, and that MedQuist would be engaging in

the billing practices complained of herein, which produced improper, artificially inflated invoices.

147. Defendant Kearns, as former Chief Financial Officer of MedQuist Inc., and Senior Vice President and Chief Financial Officer of MedQuist Transcriptions, Ltd., participated in the tortious conduct complained of herein, which proximately caused Plaintiffs and the Class to suffer monetary damages.

148. Plaintiffs and the Class were unaware of MedQuist's billing practices complained of herein and reasonably relied on MedQuist's and Defendant Kearns' duty stated herein to their detriment.

149. Plaintiffs and the Class unwittingly paid MedQuist's invoices to their detriment, thereby engorging MedQuist with improper profits at the expense of Plaintiffs and the Class.

150. Plaintiffs and the Class were damaged by Defendant Kearns' conduct complained of herein.

**ELEVENTH CLAIM**
**AGAINST DEFENDANT CLARK FOR NEGLIGENT**
**MISREPRESENTATION**

151. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

152. MedQuist's invoices to Plaintiffs and the Class were in gross amounts such that MedQuist's billing practices underlying the generation of the invoices was not discernible, and such that any ability to verify the accuracy of the invoices was effectively taken away from plaintiffs and all others similarly situated.

153.   MedQuist owed to Plaintiffs and the Class a duty of care to refrain from misrepresenting its billing practices.

154.   This duty was delegated by Defendant MedQuist to Defendant Clark, as the Senior Vice President of Operations of MedQuist.

155.   Clark breached by omission his duty by failing to inform Plaintiffs and the Class that MedQuist had unilaterally decided to not engage in the represented billing practices, and that MedQuist would be engaging in the billing practices complained of herein, which produced improper, artificially inflated invoices.

156.   Defendant Clark, as a senior officer of MedQuist, participated in the tortious conduct complained of herein, which proximately caused Plaintiffs and the Class to suffer monetary damages.

157.   Plaintiffs and the Class were unaware of MedQuist's billing practices complained of herein and reasonably relied on MedQuist's and Defendant Clark's duty stated herein to their detriment.

158.   Plaintiffs and the Class unwittingly paid MedQuist's invoices to their detriment, thereby engorging MedQuist with improper profits at the expense of Plaintiffs and the Class.

159.   Plaintiffs and the Class were damaged by Defendant Clark's conduct complained of herein.

## TWELFTH CLAIM
## AGAINST DEFENDANT SCARPONE FOR NEGLIGENT SUPERVISION

160. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

161. Defendant Scarpone, as a senior officer of MedQuist, owed a duty of care to Plaintiffs and the Class to properly supervise individuals within the corporation who were responsible for making representations about the billing practices of MedQuist to Plaintiffs and the Class, and who were responsible for the methods and procedures used to determine the basis for the invoices sent to Plaintiffs and the Class.

162. Defendant Scarpone breached this duty of care by failing to properly supervise these individuals and as a direct and proximate result, MedQuist's customers, Plaintiffs and the Class, were mislead about the billing practices of MedQuist and were damaged as the invoices were improperly inflated.

163. Plaintiffs and the Class have been damaged by Defendant Scarpone's negligent supervision in an amount to be proven at trial.

## THIRTEENTH CLAIM
## AGAINST DEFENDANT SUENDER FOR NEGLIGENT SUPERVISION

164. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

165. Defendant Suender was general counsel for MedQuist during all relevant times. He provided to the employees of MedQuist legal imprimatur for the conduct complained of herein.

166. Defendant Suender, as a senior officer and general counsel of MedQuist, owed a duty of care to Plaintiffs and the Class to properly supervise individuals within the corporation who were responsible for making representations about the billing practices of MedQuist to Plaintiffs and the Class, and who were responsible for the methods and procedures used to determine the basis for the invoices sent to Plaintiffs and the Class.

167. Defendant Suender breached this duty of care by failing to properly supervise these individuals and as a direct and proximate result, MedQuist's customers, Plaintiffs and the Class, were mislead about the billing practices of MedQuist and damaged as the invoices were improperly inflated.

168. Plaintiffs and the Class have been damaged by Defendant Suender's negligent supervision in an amount to be proven at trial.

## FOURTEENTH CLAIM
## AGAINST DEFENDANT KEARNS
## FOR NEGLIGENT SUPERVISION

169. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

170. Defendant Kearns, as a senior officer of MedQuist, owed a duty of care to Plaintiffs and the Class to properly supervise individuals within the corporation who were responsible for making representations about the billing practices of MedQuist to Plaintiffs and the Class, and who were responsible for the methods and procedures used to determine the basis for the invoices sent to Plaintiffs and the Class.

171. Defendant Kearns breached this duty of care by failing to properly supervise these individuals and as a direct and proximate result, MedQuist's customers, Plaintiffs and the Class, were mislead about the billing practices of MedQuist and were damaged as the invoices were improperly inflated.

172. Plaintiffs and the Class have been damaged by Defendant Kearns' negligent supervision in an amount to be proven at trial.

**FIFTEENTH CLAIM**
**AGAINST DEFENDANT CLARK FOR NEGLIGENT SUPERVISION**

173. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

174. Defendant Clark, as a senior officer of MedQuist, owed a duty of care to Plaintiffs and the Class to properly supervise individuals within the corporation who were responsible for making representations about the billing practices of MedQuist to Plaintiffs and the Class, and who were responsible for the methods and procedures used to determine the basis for the invoices sent to Plaintiffs and the Class.

175. Defendant Clark breached this duty of care by failing to properly supervise these individuals and as a direct and proximate result, MedQuist's customers, Plaintiffs and the Class, were mislead about the billing practices of MedQuist and were damaged as the invoices were improperly inflated.

176. Plaintiffs and the Class have been damaged by Defendant Clark's negligent supervision in an amount to be proven at trial.

**SIXTEENTH CLAIM**

## AGAINST ALL DEFENDANTS FOR VIOLATION OF STATE UNFAIR, AND DECEPTIVE TRADE PRACTICES ACTS

177. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

178. The California Business & Professional Code, Section 17200, prohibits "any unlawful, unfair or fraudulent business act or practice."

179. Section 56:8-2, New Jersey Statutes, prohibits "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby."

180. Pursuant to the Fraudulent Scheme, the Defendants made misrepresentations and concealed material facts set forth above from Plaintiffs and the Class, which actions constitute unlawful, unfair and/or fraudulent business acts or practices and/or violations of Section 17200, California Business & Professional Code and Section 56:8-2, New Jersey Statutes, as applicable to Plaintiffs and the Class, such conduct deceiving Plaintiffs and the Class.

181. Because the Defendants have committed unlawful, unfair and/or fraudulent business acts or practices in violation of one or more of the aforementioned acts, Plaintiffs and the Class are entitled to relief including restitution and injunctive relief and orders of disgorgement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class pray that the Court grants the following relief:

(a)    The Court determines that this action may be maintained as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure with respect to Plaintiffs' claims for declaratory, equitable, and injunctive relief, and Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims for damages, and declaring Plaintiffs as representatives of the Class and their counsel as counsel for the Class;

(b)    Damages for Plaintiffs Childrens Hospital, Northbay, Partners HCS and members of the Arbitration Subclass on the First Claim for Fraud In the Inducement of the Arbitration Clause in an amount to be determined by the trier of fact, plus costs and interest thereon, as well as any other damages allowed by law, as against MedQuist;

(c)    Damages for the Plaintiff Class on the Second Claim for Fraud in an amount to be determined by the trier of fact, plus costs and interest thereon, as well as any other damages allowed by law, as against MedQuist;

(d)    Damages for the Plaintiff Class on the Third Claim for a Demand for Accounting, as against all named Defendants;

(e)    Damages for the Plaintiff Class on the Fourth Claim for Unjust Enrichment in an amount to be determined by the trier of fact, plus costs and interest thereon, as well as any other damages allowed by law, as against all named Defendants;

(f)    Damages for the Plaintiff Class on the Fifth and Sixth Claims for RICO violations in an amount to be determined by the trier of fact, plus costs, interest, attorneys' fees and punitive damages, all as allowed by law, as well as any other damages allowed by law against all Defendants;

41

(g) Damages for the Plaintiff Class on the Seventh, Eight, Ninth, Tenth and Eleventh Claims for Negligent Misrepresentation in an amount to be determined by the trier of fact, plus costs and interest thereon, as well as any other damages allowed by law, as against all Defendants, jointly and severally with all other named Defendants;

(h) Damages for the Plaintiff Class on the Twelfth, Thirteenth, Fourteenth and Fifteenth Claims for Negligent Supervision in an amount to be determined by the trier of fact, plus costs and interest thereon, as well as any other damages allowed by law, as against Defendants Scarpone, Suender, Kearns and Clark, jointly and severally with all other named Defendants;

(i) Restitution and injunctive relief for the Plaintiff Class on the Sixteenth Claim for Violation of State Unfair Trade Practices Acts, declaring all Defendants' conduct unlawful and enjoining Defendants from continuing the illegal activities alleged herein.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial.


DATED:  January 4, 2006        GREENBERG TRAURIG, LLP


By:_____*/s/ Roger B. Kaplan*_____
Roger B. Kaplan
200 Campus Drive, P.O. Box 677
Florham Park, New Jersey  07932
Phone: (973) 360-7900
Facsimile: (973) 301-8410

Attorneys for Plaintiffs

# EXHIBIT A

# TRANSCRIPTION SERVICES AGREEMENT

THIS AGREEMENT, entered into as of September 1, 2000, by and between _____ ("Client"), and _____ SYSTEMS, INC., a Delaware Corporation ("Vendor").

## BACKGROUND

Client desires to engage Vendor to perform medical transcription and related health information management services pursuant to the terms of this Agreement.

NOW, THEREFORE, in consideration of the premises and the mutual terms and conditions hereof, the parties hereby agree as follows:

## ARTICLE I

### SERVICE DESCRIPTION AND SPECIFICATIONS

Paragraph 1.1    Service Description: Vendor shall provide medical transcription and related health information management services to Client pursuant to the terms of this Agreement.

Paragraph 1.2    Dictation Equipment: For the purpose of providing the services

   A.____    Vendor shall maintain at Vendor's offices, at no cost to Client, a direct dial digital dictation system (the "Dictation System").

   B.____    Client shall maintain at Client's offices, at no cost to Vendor, a direct dial digital dictation system (the "Dictation System").

Paragraph 1.3    Transcription Equipment: Vendor shall maintain transcription processing equipment necessary in order to fulfill its obligations and duties under this Agreement (the "Transcription Equipment"). Client shall, at its own cost and expense, supply all paper products and printer supplies necessary for printing reports.

## [TO BE DETERMINED ON A CASE-BY-CASE BASIS]
## [DELETE INAPPLICABLE DEFINITIONS]

   A.____    Client shall, at its own cost and expense, supply a personal computer system, monitor, modem and laser printer configured to operate with the Vendor's System

   B.____    Vendor will provide to Client a personal computer system including a monitor and modem at a cost of $3,000 plus applicable taxes, delivery costs, and set-up charges, if any. The Client is responsible for associated maintenance fees.

   C.____    Vendor will provide to Client a laser printer at a cost of $1,300 plus applicable taxes, delivery costs, and set-up charges, if any. The Client is responsible for associated maintenance fees.

Paragraph 1.4    Delivery of Dictation to Vendor: Client physicians may dictate into the Dictation System at any time, twenty-four hours per day, seven days per week.

**Plaintiffs'
Exhibit A**

GT002138

**Paragraph 1.5**   <u>Delivery of Transcribed Documents to Client:</u> Vendor shall use commercially reasonable efforts to deliver to Client each report transcribed by Vendor before or within the time period applicable to such report as set forth on <u>Exhibit A</u>. The time period for delivery of such reports shall be measured from the time at which the dictation of the report is available to Vendor to the time at which the report is transcribed.

**Paragraph 1.6**   <u>Format:</u> All reports will be formatted and transcribed by Vendor using a ten pitch type (ten characters per inch) and a courier type style in accordance with format specifications and standards established by Client.

ARTICLE II

<u>TERM AND TERMINATION</u>

**Paragraph 2.1**   <u>Term:</u> The term of this Agreement shall be for three (3) years commencing on September 1, 2000, and ending on August 31, 2003. Client may terminate this Agreement after thirty (30) days' notice following the procedures outlined in Paragraph 2.3.

**Paragraph 2.2**   <u>Termination for Default of Vendor:</u> Either party may terminate this Agreement upon the happening of any of the following:

   2.2.1   <u>Insolvency:</u> If Vendor or Client is unable to pay its debts as they become due or becomes insolvent, files a petition in bankruptcy, or a receiver, whether permanent or temporary, of Vendor or Client's property or any part thereof, shall be appointed by a court of competent authority, or if Vendor or Client shall make a general assignment for the benefit of its creditors.

   2.2.2   <u>Default:</u> If Client fails to make payment when due or if Vendor or Client materially breaches or defaults in the performance of any other covenants, terms or conditions of this Agreement, which breach or default shall not have been cured as provided in Paragraph 2.3.

**Paragraph 2.3**   <u>Notice of Default:</u> If the Vendor defaults in the performance of any of the covenants, terms or conditions of this Agreement, the Client shall deliver to Vendor by registered mail, return receipt requested, ten (10) working days' notice of default, which notice shall enumerate those acts which constitute a breach or default hereunder. Vendor shall then have ninety (90) working days' from receipt of said notice in which to cure said default. If Vendor shall fail to cure such default within said ninety (90) working day period, Client shall have the absolute right to terminate this Agreement, as per Paragraph 2.1.

ARTICLE III

<u>PAYMENTS AND CHARGES</u>

**Paragraph 3.1**   <u>Payment to Vendor:</u> Client shall pay to Vendor a payment of $_____ for each unit (as set forth below) transcribed for Client for the first year of the contract and any other amounts set forth on Exhibit C attached hereto. This payment shall be increased five percent (5%) annually for each of the subsequent contract years on the anniversary date of this Agreement. Failure to implement a price increase shall

-2-

GT002139

not constitute a waiver of the right to such increase and Vendor may bill at any time for previously unbilled amounts.

The unit of pricing applicable to this Agreement is as designated below:

**[TO BE DETERMINED ON A CASE-BY-CASE BASIS]**
**[DELETE INAPPLICABLE DEFINITIONS]**

A. _____ <u>Gross Line</u>. A gross line is defined as any line with typing or data and includes, without limitation, all header and footer information necessary to derive the final appearance and content of the document and to format the electronic data process.

B. _____ <u>AAMT Line</u>. An AAMT line is defined as any line having 65 "characters". A character is defined as any letter, number, symbol or function key necessary for the final appearance and content of a document including, without limitation, the space bar, carriage return, underscore, bold, and any character contained within the macro, header, or footer. A defined line is calculated by counting all characters contained within a document and simply dividing the total number of characters by 65 to arrive at the number of defined lines. Client acknowledges that the charges set forth in this Agreement are based upon the fact that character counts shall be determined using Vendor's software system and shall not be derived from any third party software or interface systems.

C. _____ <u>Page</u>. A page is defined as <u>any page</u> with typing on it.

D. _____ <u>Other</u>. Any other method shall be set forth on an Exhibit attached to this Agreement and separately signed by an authorized representative of Vendor and Client.

3.1.2 <u>Additional Format Changes:</u> Upon execution of this agreement and before the commencement date, Vendor shall set up formats and macros for report types, physician listings, abbreviation lists and standard reports as required by Client at no charge to Client. After Client approves such formats and macros, any additional formatting or macros shall be charged at a rate of $200.00 per change.

3.1.3 <u>Interface Requirements:</u> The interface requirements of this Agreement are as designated below:

A.___ No interface requirements.

B.___ Interface requirements are set forth in <u>Exhibit B</u>.

3.1.4 <u>Other Unanticipated Changes or Additional Services:</u> In the event that Client materially changes the manner in which it conducts business, reduces the expected transcription volume by 10% or more or requests services above and beyond that anticipated at the time of execution of this Agreement, Vendor may charge a reasonable fee for such changes and for additional services.

<u>Paragraph 3.2</u>     <u>Billing:</u> Vendor will invoice the Client monthly for services rendered pursuant to the

-3-

GT002140

terms and conditions listed herewith.

**Paragraph 3.3**   Payment: Client shall pay Vendor the amount of each invoice within thirty (30) days after the date of the invoice. Any overdue amount shall be subject to a late fee of five (5%) percent and shall accrue interest at the rate of one-and-one half (1 1/2%) percent per month until paid. Client shall be responsible for all reasonable costs of collection, including, without limitation, reasonable attorney fees and costs, incurred by Vendor in its efforts to collect any overdue amount. In addition to any other remedies available to Vendor, if Client shall fail to make payment when due, Vendor may, from time to time, modify payment, billing and other terms of this Article III, including, without limitation, a requirement of pre-payment, cash-on-delivery or modifications to such other terms or conditions as Vendor, in its discretion, deems necessary in order to perform under this Agreement. Any such modifications shall not be deemed an election of remedies and Vendor may also terminate this Agreement immediately for failure to make payment when due.

**Paragraph 3.4**   Charges: The Client is responsible for all phone charges and supplies relating to the equipment located on the Client's premises.

**Paragraph 3.5**   Dispute Resolution: In the event that any invoiced amount is disputed by Client, Client shall deliver written notice of such disputed amount to Vendor within thirty (30) days of receipt by Client of the invoice. In the absence of Client timely giving said written notice, Client waives any right to dispute said invoice in the future. Vendor shall promptly deliver to Client any backup or other information which supports the correctness of such disputed amount. Upon receipt of such information, Client shall have fifteen (15) days in which to examine such information and shall pay to Vendor any portion of such disputed amount which has been substantiated.

Thereafter, if any dispute still remains with respect to any disputed amount, Vendor and Client shall immediately enter into good faith negotiations to resolve any remaining dispute. In the event the parties are unable to resolve such dispute within fifteen (15) days of entering into negotiations, the dispute shall be settled by arbitration in accordance with the commercial arbitration rules of the American Arbitration Association. Arbitration shall be conducted in the jurisdiction of the principal headquarters of the party not raising the dispute. The decision reached through arbitration shall be final and binding on both parties. This Paragraph 3.5 shall also apply to any other dispute between the parties.

## ARTICLE IV

### CONFIDENTIAL INFORMATION

**Paragraph 4.1**   Confidential Information: Vendor agrees and acknowledges that confidential patient information shall be disclosed to it in confidence. Vendor agrees to keep strictly confidential and hold in trust all confidential information in compliance with applicable laws.

**Paragraph 4.2**   Proprietary Information: Client agrees and acknowledges that the computer hardware, software and other information provided or utilized by Vendor in order to provide its services hereunder are confidential and proprietary information owned or licensed by Vendor ("Information"). Client agrees to keep strictly confidential and hold in trust the Information and not to disclose or reveal or discuss such Information to or with any third party without the express prior written consent of Vendor or to de-

-4-

GT002141

compile, reverse engineer or otherwise use such Information. Client acknowledges that all inventions, improvements, modifications, replacements or other changes to the Information ("Developments") shall be the exclusive property of Vendor free and clear of any claims by Client of any kind or character whatsoever. Client hereby assigns and transfers Client's right, title and interest in and to all such Developments.

Paragraph 4.3      <u>Remedies:</u> The parties acknowledge and agree that a remedy at law for any breach or attempted breach of the provisions of this Article IV shall be inadequate and that the non-breaching party shall be entitled to specific performance and injunctive or other equitable relief in case of such breach or attempted breach, in addition to whatever other remedies may exist at law.

Paragraph 4.4      <u>Certain Exceptions</u>: The foregoing undertakings of confidentiality shall not apply to information that, (i) has been received from a third party, (ii) is in such form so as not to permit patient identification and then only if used for patient care, clinical research or clinical analysis and in compliance with applicable laws or (iii) is disclosed pursuant to a subpoena, court order or as required or permitted by law.

Paragraph 4.5      <u>Non-Solicitation of Transcriptionists and Employees</u>: During the term of this Agreement and for a period of twelve (12) months after Vendor ceases to provide services to Client, Client shall not solicit, hire or engage any person who during the term is or has been an employee or transcriptionist of Vendor.

# ARTICLE V

## MAINTENANCE OF EQUIPMENT

Paragraph 5.1      <u>Maintenance of Equipment:</u> The party providing the Dictation System pursuant to Section 1.2 hereof shall be responsible for the repair and maintenance of the Dictation System. Vendor shall be responsible for the repair and maintenance of the Transcription Equipment. Client shall be responsible for the repair and maintenance of any other equipment located at Client's offices.

GT002142

## ARTICLE VI

### MISCELLANEOUS

Paragraph 6.1      <u>Indemnity - Vendor:</u> Vendor hereby indemnifies and holds Client harmless from and against any and all liability, loss, damage, claim or cause of action, and expenses connected therewith, including, without limitation, reasonable attorney's fees and expenses (collectively, "Damages") caused directly or indirectly as a result of services provided in the Agreement. Once a physician signs a report, Vendor is released from liabilities with respect to the content and accuracy of such report. Client hereby indemnifies and holds Vendor harmless from and against any and all Damages caused, directly or indirectly, by the action of Client or its agents.

Paragraph 6.2      <u>Counterparts:</u> This Agreement may be executed in any number of counterparts, each of which shall constitute one and the same Agreement.

Paragraph 6.3      <u>Entire Agreement:</u> This Agreement contains the entire Agreement of the parties hereto and supersedes all prior agreements, contracts and understandings whether written or oral between the parties and related to the subject matter hereof.

Paragraph 6.4      <u>Successors and Assigns:</u> This Agreement shall be binding upon and shall be for the benefit of the parties hereto and their respective successors and assigns.

Paragraph 6.5      <u>Severability:</u> If any part, term or provision of this Agreement is illegal, invalid or unenforceable the remaining portions or provisions of the Agreement, and any other application of such part, term, or provision shall not be affected.

Paragraph 6.6      <u>Liability:</u> Notwithstanding anything in this Agreement to the contrary, in no event shall Vendor be responsible for special, exemplary, punitive, consequential or incidental damages or for any damages other than, or in addition to, actual damages.

GT002143

Paragraph 6.7    Notice: Any notice required or permitted by this Agreement shall be in writing and shall be deemed given at the time it is deposited in the United States Mail, postage prepaid, certified or registered mail, return receipt requested, overnight courier or by facsimile transmission addressed to the party to whom it is to be given as follows:

If to Client:    _____

                 _____

                 _____

                 Fax #:
                 Attn.:

If to Vendor:    _____ Systems, Inc.

With a copy to:  _____ Systems, Inc.

Paragraph 6.8    Agency: Vendor is an independent contractor and this Agreement shall not be construed as constituting either party as an employee, agent, partner, or joint venture of the other.

Paragraph 6.9    Exclusive Agreement: During the term of this Agreement and any renewal thereof, Client agrees that it will not contract with any other transcription service to perform client's medical dictation/transcription work other than work that Vendor can not or will not perform.

Paragraph 6.10   Force Majeure: Each party to this Agreement shall not be liable to the others for failure to perform any of its obligations hereunder due to a cause or causes beyond its reasonable control, including, but not limited to, acts of God or public enemy, fires, floods, storms, tornadoes, earthquakes, riots, strikes, blackouts, telephone outage, war or war operations, restraints of government, or other causes which cannot with reasonable diligence be controlled or prevented by such party.

Paragraph 6.11   Medicare Clause: The Vendor agrees to allow the Secretary of the Department of Health and Human Services and the Comptroller General, or their duly authorized representatives, access upon request to this Agreement and to the books, documents and records of the Vendor that are necessary to verify the nature and extent of costs of services furnished under this Agreement. The Vendor also agrees that if the Vendor carries out any duties of the Agreement through a subcontract, with a value or cost of Ten Thousand Dollars ($10,000.00) or more over a twelve (12) month period with a related organization, the subcontract must contain a clause to the effect that the related organization must make available, upon written request, to the Secretary, or upon request to the Comptroller General, or their duly authorized representatives, the subcontract and the books, documents and records of the related organization that are necessary to verify the nature and extent of the costs. Such access shall be until the expiration of four (4) years after the services are furnished under this Agreement.

Paragraph 6.12   Effective Date: If Client does not execute this Agreement within thirty (30) days after Vendor sends it to Client, then this Agreement shall be null and void, absent Vendor's express written consent to the contrary.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written

-7-

GT002144

above.

FACILITY:                               _____ SYSTEMS, INC.

By:_____       By:
Name:                                   
Title:                                    Title:

GT002145

**EXHIBIT A: ADDENDUM TO TRANSCRIPTION SERVICE AGREEMENT**

Vendor and Client agree to the following terms and conditions of the Transcription Services Agreement and pertains to all facilities and departments of _____.

**PRICE AND TURN-AROUND TIMES**

|  |  | OPTION #1 | OPTION #2 |
|---|---|---|---|
| Description | Turnaround (Hours) | 65-character AAMT Line Total Outsourcing | 65-character AAMT Line Partial Outsourcing** |
| Stat (*) | 2 | $.17 | |
| Pre-Op H&Ps | 12 | $.15 | |
| History & Physical | 24 | $.14 | |
| Consultation | 24 | $.14 | $.145 |
| Operative Report | 24 | $.14 | $.145 |
| Discharge Summary | 48 | $.135 | $.14 |
| | | | |
| | | | |
| **ADT INTERFACE COSTS** | | **None** | **$5,000** |

*TAT is calculated from the time the Vendor office is verbally notified by a hospital staff member to the time of delivery on the hospital's Receive PC.

** Vendor will have responsibility for transcription of all Consultations, Operative Reports and Discharge Summaries.

All other terms and conditions of the Transcription Services Agreement remain the same.

Agreed to by:                                   Agreed to by:

_____ Systems, Inc.        _____

Name                                           Name

Title                                          Title

Date                                           Date

GT002146

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiffs' Third Amended Complaint was served via Electronic Case Filing (ECF) and electronic mail on this 4th day of January, 2006 upon the following individuals:

David M. Hickey, Esq.
DHickey@winston.com

Gail Standish, Esq.
GStandish@winston.com

Neal R. Marder, Esq.
NMarder@winston.com

Marc J. Gross, Esq.
mgross@greenbaumlaw.com

Oliver Salvagno, Esq.
osalvagno@greenbaumlaw.com

Edward J. Shapiro, Esq.
Ed.shapiro@lw.com

Christopher M. DiMuro, Esq.
Christopher.dimuro@lw.com

James A. Murphy, Esq.
jmurphy@leclairryan.com

Cameron Matheson, Esq.
cmatheson@leclairryan.com

Henry F. Reichner, Esq.
hreichner@reedsmith.com

Maraleen D. Shields, Esq.
mshields@reedsmith.com

Katie A. Jefcoat

# EXHIBIT M

 KAISER PERMANENTE.

■ Home kp.org    ■ Sign on    ■ Guía en español

Search our site 

☐ Change your region: California - Southern

**Structure
of Kaiser
Permanente**

▫ Who we are
▫ Fast facts





Organized to best
serve our members

## About us

Kaiser Permanente is the largest nonprofit health plan* in the United States, serving 8.6 million members in nine states and the District of Columbia. We are an integrated health delivery system, which means that we provide and coordinate the entire scope of care for our members, including:

- preventive care
- well-baby and prenatal care
- immunizations
- emergency care
- screening diagnostics
- hospital and medical services
- pharmacy services

As a nonprofit health plan, we are driven by the needs of our members rather than the needs of shareholders. We also believe that we have a responsibility to serve the communities in which we operate. Some of our community activities include:

- providing assistance to the uninsured and special populations

- training new health professionals
- introducing new delivery methods into the health care field
- developing and sharing better ways of caring for patients

## Our leadership

Learn more about our executives and board of directors.

Learn more about our organization's core values.

\* Kaiser Permanente is composed of Kaiser Foundation Health Plans (nonprofit, public-benefit corporations), Kaiser Foundation Hospitals (a nonprofit, public-benefit corporation), and the Permanente Medical Groups (for-profit professional organizations).

▲ Back to top

| Terms & conditions | Privacy practices | Site policies | About us |
| Contact Web manager | Web awards & accreditations | Careers |
| Technical information | Web site map | Home kp.org |

# EXHIBIT N

 **GreenbergTraurig**

**people**
# biography

Back to People Search

**Experience**

Litigation

Intellectual Property & Technology

**Education**

J.D., George Mason University
School of Law, 1984

MT(ASCP) (Medical Technologist-
American Society of Clinical
Pathologists), 1978

B.A., George Mason University,
1976

**Admitted to Practice**

District of Columbia

Virginia

U.S. Court of Appeals for the District
of Columbia Circuit

U.S. Court of Appeals, Eighth Circuit

U.S. Court of Appeals, Federal
Circuit

U.S. Court of Appeals, Fourth Circuit

U.S. Court of Appeals, Tenth Circuit

U.S. District Court for the District of
Columbia

U.S. District Court for the District of
Maryland

U.S. District Court for the Eastern
District of Virginia

U.S. District Court for the Western
District of Wisconsin

Supreme Court of the United States

U.S. Court of Federal Claims



**Mark L. Hogge**
Shareholder
hoggem@gtlaw.com
Direct: 202.530.8591
Washington, D.C.
2101 L Street, N.W.
Suite 1000
Washington, DC 20037
T 202.331.3100
F 202.331.3101

**View Quick Contact**

**Download vCard**

Mark Hogge has litigated over 100 patent cases in such areas as power electronics, software, electrical connectors, plastics, malt beverages, carbonless duplicating paper, genetics, uninterruptible power supplies, boiling water nuclear reactors, oil drilling equipment, lighting fixtures, automatic gain adjustment circuitry in liquid scintillation counters, textiles, medical and surgical equipment, irradiation systems, personal watercraft, and excavators. Mark has also extensively litigated copyright, dealership termination, trademark, trade name and trade secret infringement, breach of contract, fraud, false advertising, common law unfair competition, and Sherman Act §§ 1 and 2.

**Areas of Concentration**

- Intellectual property litigation

- Complex commercial litigation

- Class action litigation

**Significant Representations**

- South Broward Hospital District, et al., and individually and on behalf of all those similarly situated v. MedQuist, Inc. et al., (2008) Civil Action No. 05-CV-2206 - (JBS-JBR), District Court of New Jersey. Lead Counsel on behalf of over 150 hospitals in a putative class action alleging RICO and corporate fraud causes of action. Amicable and confidential settlement.

- Provide Commerce, Inc. v. Preferred Commerce, Inc. (2008) Southern District of Florida at West Palm Beach. Lead Counsel for defendant in Federal and State trademark infringement, cyber squatting, and dilution action. Summary Judgment for defendant on the Federal and State dilution action, directed verdict on cyber squatting, withdrawal of State Unfair Competition claim during trial, and jury verdict for defendant on Federal trademak infringement claim. Fee petition and bill of costs are pending. The plaintiff has taken an appeal.

- Kaiser Permanente et al. v. MedQuist, Inc et el. (2008) Superior Court of California, County of Alemeda. Lead Counsel in a fraud action against medical transcription vendor. The case is in the pending stage.

U.S. Patent and Trademark Office

- Authentec, Inc. v. Atrua Technologies, Inc. (2008) Northern District of California. Lead Counsel for defendant/counterclaimant in a patent action concerning the parties patents on finger print sensors. The case is in the discovery phase.

- Welding Services, Inc. v. Welding Technologies, Inc. (2008) Northern District of Georgia at Gainsville. Lead Counsel for plaintiff in a patent action concerning welding overlay method for 312 stainless steel. The case is in the discovery phase.

- Contacts Synchronization Corporation v. Alltel Corp. et al. (2007) Western District of Wisconsin. Lead Counsel for vendor FusionOne, and co-counsel for defense of Alltel and Verizon Wireless in a patent action brought by shell corporation formed by Acacia. The patent concerned synchronizing address books in cell phones with desk top computers. Settlement favorable to defendants.

- In the Matter of Certain Endodontic Instruments (2008) USITC Investigation No. 337-TA-610. Represent respondent Micro-Mega in a 337 action brought by Dentsply International, Inc. concerning two patents on root canal tools. The action was terminated by Dentsply upon having its corporate depositions taken.

- Hesco Bastion Limited v. ACS Holdings USA, LLC (2008) District of Delaware. Lead Counsel for defendant in a patent action concerning building and shoring blocke. The case is in the pleading stage.

- In the Matter of Certain Hair Irons and Packaging Thereof (2008) Investigation No. 337-TA-637. Represent complainant Farauk in a 337 action concerning infringement of the CHI® trademark. The case is in the discovery phase.

- In the Matter of Certain Laminated Floor Panels (2006) USITC Investigation No. 337-TA-545.  Represent 6 respondents amongst 32 respondents in a 337 action brought by Unilin Beheer B.V., Flooring Industries Ltd., and Unilin Flooring N.C. LLC concerning alleged infringement of 3 patents on laminated floor covering.  15 of the respondents went to trial.  Lead trial counsel at two week trial from which the key patent in the case was invalidated, another patent rendered wholly non-infringed, and on the remaining patent, mixed infringement and non-infringement. The case is on review by the full Commission.

- In The Matter Of Certain Personal Watercraft and Components Thereof (2002) USITC Investigation No. 337-TA- 452. Represent respondent Bombardier Inc. et al. in a 337 action brought by Yamaha Motor Company, Ltd. et al. concerning alleged infringement of 11 patents on personal watercraft. Settlement without exclusion.

- In The Matter of Certain Oscillating Sprinklers, Sprinkler Components, and Nozzle (2002) USITC Investigation No. 337-TA-448. Represent respondent Melnor, Inc. in a 337 action brought by L.R. Nelson Corporation concerning alleged infringement of a patent on water sprinklers.

- In The Matter Of Certain Garage Door Operators Including Components Thereof (2002) USITC Investigation No. 337-TA-459. Represent the respondent Wayne-Dalton Corp. in a 337 action concerning two reissue patents on the electrical components of garage door openers. Settlement without exclusion.

- South Broward Hospital District, et al., and individually and on behalf of all those similarly situated v. MedQuist, Inc. et al., (2006) Civil Action No. 05-CV-2206 - (JBS-JBR), District Court of New Jersey.  Lead counsel on behalf of hospitals in a class action alleging fraudulent billing and RICO violations against a medical

transcription vendor. The case is in the pleading stage.

- General Signal Power Systems, Inc. v. American Power Conversion Corp. (2000) Western District of Wisconsin. Represented plaintiff in this patent case concerning five patents covering uninterruptible power supplies. Lead counsel. The case went to trial on one patent. Defendant settled prior to closing arguments for $48 million dollars.

- Ion Beam Applications s.a. et al. v. The Titan Corporation et al. (2002) Southern District of California. Represent plaintiff in a declaratory judgment action for patent invalidity, unenforceability, noninfringement, false advertisement, Sherman §§ 1,2. Lead trial counsel in a case that concerned food radiation technology. Favorable settlement for plaintiff.

- Global Mail, Limited v. United States Postal Service (1998) Eastern District of Virginia. Represented plaintiff in trademark action. The case involved an appeal to the Fourth Circuit Court of Appeals regarding a claim of Sovereign Immunity, which was denied. Lead attorney against the Justice Department. Conducted discovery and directed the negotiations resulting in a $2 million dollar settlement for plaintiff.

- John Labatt Limited v. Miller and Molson (1997) Eastern District of Michigan. Lead patent counsel for patentee in action over ICE BEER. $20 million dollar settlement for Plaintiff.

- Arlington Industries, Inc. v. Bridgeport Fittings, Inc. (2002) Middle District of Pennsylvania. Co-lead counsel for patentee concerning electrical junction box extenders. Jury trial with verdict for patentee, permanent injunction, and damages in the form of a reasonable royalty at 37% of gross sales. The case was affirmed on appeal. Arlington Industries, Inc. v. Bridgeport Fittings, Inc., 345 F.3d 1318 (Fed. Cir. 2003).

- Arlington Industries, Inc. v. Bridgeport Fittings, Inc. (2002) Middle District of Pennsylvania. Represent plaintiff in a patent infringement action concerning electrical junction box connectors. Lead trial counsel. Eleven month markman proceedings involving two bench trials. Markman and willful infringement rulings in favor of plaintiff. Arlington Industries, Inc. v. Bridgeport Fittings, Inc., 290 F. Supp. 2d 508 (M.D.Pa 2003). Settlement on eve of trial favorable to plaintiff with removal of all 23 accused products from the market. A permanent injunction was entered against Bridgeport on the 23 products in 2006.

- Erico International Corp. v. Arlington Industries, Inc.(2002) Northern District of Ohio. Represent defendant in a patent infringement case concerning cable straps. Lead trial counsel. Summary judgment of non-infringement for the defendant.

- Ross Systems, Inc. v. Prime Software Consulting, Inc. (2002) District of New Jersey. Represent defendant in a copyright and unfair competition case concerning remote access to source code. Lead trial counsel. Nine month preliminary injunction proceeding including a bench trial. No injunction. Settlement favorable to defendant with a license to continue.

- Musculoskeletal Transplant Foundation and Synthes Spine Company, L.P., v. Osteotech, Inc. and Osteotech Investment Corporation (2001) District of New Jersey. Represent the defendant patentee in a declaratory judgment action that concerns demineralized bone powder products. Co-counsel. Settlement favorable to defendant.

- Trueform Manufacturing Company, Inc v. Schering-Plough Healthcare Products, Inc. (2001) Circuit Court Tennessee. Represent plaintiff in a trade secret misappropriation and breach of contract case concerning shoe insert products. Lead counsel. Settlement in favor of plaintiff.

- Strategic Diagnostics, Inc. et al. v. Beacon Analytical Systems, Inc. et al. (1999) District of Maine. Represented plaintiff in patent, trademark, trade secret, trade dress, breach of contract, and tortious interference case. Preliminary injunctive relief was sought: Co-lead counsel. The case was settled with an injunction and asset transfer to plaintiff.

- TANO Corp. v. IDAX, Inc. et al. (2000) Eastern District of Louisiana. Represent defendant in this patent case. Lead counsel. The case was transferred to Maryland's federal court. Settlement favorable to defendant.

- IDAX Inc. et al v. TANO Corp. (2000) District of Maryland. Represent plaintiff in this declaratory judgment action. Settlement favorable to plaintiff.

- DIA-COMPE, USA, Inc. d/b/a Cane Creek Cycling Components v. Team Vision International Corp. (2000) Western District of North Carolina. Represent plaintiff in this patent case. Lead counsel. This case settled after a favorable Markman determination to plaintiff. Dia -Compe, USA, Inc. v. Team Vision International Corp., 2000 WL 1409867 (W.D.N.C. 2000) Defendant ceased and desisted and transferred all assets to plaintiff.

- Spancrete Machinery Corporation v. RH&M Machine Co. (1992-1994) Eastern District of Virginia and U.S. Court of Appeals for the Federal Circuit. Lead trial counsel and co-appellate counsel in the jury trial and appeal. This case concerned a patent on backhoes and resulted in a permanent injunction.

- HCC, Inc. v. RH&M Machine Co. and Herbert David Edgell, Jr. (1996-1999) Southern District of New York. Lead counsel for patentee in litigation against infringing modifications of enjoined backhoes. This case settled with a second permanent injunction on the defendants.

- RH&M Machine Co. v. Spancrete Machinery Corporation and HCC, Inc. (1997) Eastern District of Virginia. Lead counsel for defendants in an attack by plaintiff on a permanent injunction preventing plaintiff from competing in the backhoe market. The case was dismissed with prejudice on summary judgment.

- MPR & Associates v. The General Electric Company (1995) Eastern District of Virginia. Local and co-counsel for defendant in this patent and trade secret case. Conducted discovery and motion practice including approximately 70 depositions and a motion for preliminary injunction. The case settled after Judge Bryan advised the patentee that the patent-in-suit was invalid.

- BASF v. DuPont (1994) Eastern District of Virginia. Local and co-counsel for defendant in this patent action concerning STAINMASTER® carpets. The work involved transferring the action to Delaware to obtain a slower docket.

- IKI, Ltd. v. Tommy Hilfiger (1993) Eastern District of Virginia. Co-counsel for defendant in patent action concerning Indigo dyed cotton yarn. The case settled for a nominal amount.

- Anheuser-Busch v. John Labatt Limited (1995) Eastern District of Missouri. Co-counsel for defendant in declaratory judgment trademark action concerning ICE BEER. There were approximately 50 depositions, jury trial and appeal to the 8th

Circuit.

- Wright Manufacturing, Inc. v. Great Dane Power Equipment, Inc. (1997-1999) District of Maryland. Co-counsel for defendant in this patent action concerning commercial lawnmowers. Developed the defense damage model. The case settled.

- James A. Bethel, Jr. v. Charcoal Companion, Inc. (1998-1999) District of Maryland. Lead and local counsel for defendants in this design patent infringement action. Conducted discovery and motion practice to dismiss corporate plaintiff.

- Joseph E. Berrios v. Wright Manufacturing, Inc. (1997-1999) District of Maryland. Co-counsel for plaintiff in this patent action that was transferred from the District of Wisconsin. The case involves commercial lawn mowers and is currently in discovery. Developed the plaintiff's damage model.

- Beckman Instruments, Inc. v. LKB Producter AB (1989) District of Maryland. Co-counsel for defendants in electrical patent action. Conducted discovery.

- Signet v. Signet (1987) Northern District of California. Co-counsel for plaintiff in trademark action. Responsible for preparing pleadings and preliminary injunction papers. A consent decree injunction was entered.

- Manildra Milling Corp. v. Ogilvie Mills, Inc. (1986-1996), District of Kansas. Lead patent counsel and co-trial counsel for defendant in declaratory judgment patent/antitrust action. Conducted discovery including approximately 70 depositions. There were two jury trials and three appeals to the Federal Circuit Court of Appeals.

- Hard Rock Café v. John Doe (1988) District of Columbia. Lead counsel for defendant store owner in a TRO and preliminary injunction case concerning counterfeit t-shirts. Case settled during defendant's motion for summary judgment.

- Green Point Marina v. Green Point Wharf Marina (1990) District Court of Maryland. Lead counsel for plaintiff in trademark action. Action included a bench trial for a preliminary injunction.

- Petro Tube v. Tube Alloy (1985) Eastern District Court of Louisiana. Co-counsel for defendant in a patent and trade secret action. The case resulted in a mixed settlement for both parties.

- Telechek v. Telechek (1986) Western District of New York. Co-counsel for plaintiff in a dealership termination action. Obtained a preliminary injunction that was affirmed by the 2d Circuit Court of Appeals.

- CBAY Systems, Ltd. and Arrendale Associates, Inc. v. G&G Technologies, Inc., (2003) AAA Arbitration in D.C. Represent complainants in an action against vendor programmers concerning ownership of source code and breach of contract concerning deliverables. Settlement on eve of trial in favor of the plaintiffs after full discovery.

- **Reported Cases**

  - Manildra Milling Corporation v. Ogilvie Mills, Inc., 783 F.Supp. 1288 (D. Kan. 1990)

  - Bruce v. U.S., 617 A.2d 986 (D.C. 1992)

  - Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F. 3d 1178 (Fed. Cir. 1996)

– Arlington Industries, Inc. v. Bridgeport Fittings, Inc. 290 F.Supp. 2d 508 (M.D. Pa. 2003)

– Arlington Industries, Inc. v. Bridgeport Fittings, Inc. 345 F.3d 1318 (Fed. Cir. 2003)

## Professional & Community Involvement

▪ Member, American Intellectual Property Law Association

▪ Member, Federal Circuit Bar Association

▪ Master of the Bench, Federal American Inn of Court

## Awards & Recognition

▪ Listed, *Legal 500 US*, 2008 edition

## Articles, Publications, & Lectures

### Lectures

▪ Lecturer for the Graduate School of the Department of Agriculture on Technology Transfer

### Speeches

▪ Speaker, "Damages and Remedies for Patent Infringement," National Forum on Preventing and Defending Pharmaceutical and Biotech Patent Litigation, 2005, Washington, DC.

▪ Speaker, Patent Claim Construction, Corporate Counsel Symposium of 2003, Minneapolis

## Associated News & Events

### Press Releases

07.07.08    Greenberg Traurig Attorneys Recognized in 2008 Edition of The Legal 500 US

12.08.04    MedQuist Hospital Suit Sparks Chain Reaction

10.04.04    MedQuist Hit with Class Action By Greenberg Traurig on Behalf of Hospitals, Defrauded by Nation's No. 1 Medical Transcription Service

04.19.04    Greenberg Traurig Successfully Negotiates Settlement for Arlington Industries, Inc

### Published Articles

05.29.07    Uncle Sam Wants You…To Examine Patent Claims

Home | About Us | Experience | People | Locations | News & Events | Recruiting | Site Map | Terms and Conditions | Contact Us
©2008 Greenberg Traurig, LLP. All rights reserved. Attorney Advertising. | GT Employees: GTwebmail GTeverywhere GT AccessGateway